## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEXT CALLER INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. _____

███████████████

**JURY TRIAL DEMANDED**

REDACTED - PUBLIC VERSION

## COMPLAINT

Plaintiff TRUSTID, Inc. ("TRUSTID" or "Plaintiff") files this Complaint against Next Caller Inc. ("Next Caller" or "Defendant") and alleges as follows:

## NATURE OF ACTION

1.      This is a civil action arising out of Next Callers' patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285, and Next Caller's misappropriation of TRUSTID's trade secrets in violation of the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*) and the Delaware Uniform Trade Secrets Act (6 Del. C. § 2001 *et seq.*).

## THE PARTIES

2.      TRUSTID is a corporation organized and existing under the laws of Delaware, having a principal place of business at 4500 Kruse Way, #350, Lake Oswego, OR 97035.

3.      Next Caller is a corporation organized and existing under the laws of Delaware, having a principal place of business at 46 Lispenard Street, New York, NY 10013.

4.      TRUSTID provides patented anti-spoofing and caller-authentication technologies. "Spoofing" occurs when a caller falsifies information transmitted with a telephone call to disguise the caller's true identity. Before TRUSTID, most anti-spoofing techniques relied on so-called knowledge-based authentication to confirm the caller's identity. In these conventional knowledge-based techniques, a caller's identity is verified based on certain personal information, such as, date of birth, last four digits of social security number, or mother's maiden name. Unfortunately, this type of personal information is rarely private nowadays. It can be purchased illegally online or obtained through other illegitimate means. Armed with this personal information, criminals can easily circumvent conventional knowledge-based techniques by impersonating a legitimate customer to commit various types of fraudulent activities.

5.      TRUSTID's patented anti-spoofing technology works differently. This technology performs a real-time telephone forensic analysis before a call is answered. In this way, TRUSTID's technology allows call centers to quickly identify callers that should enter trusted work flows for better, faster service. TRUSTID's approach is more robust and reliable than conventional knowledge-based techniques and helps save clients' time and money.

6.      TRUSTID began developing its patented call-trustworthiness solutions and anti-spoofing technology 10 years ago. It filed its first patent application in this space in May 2009, and has built a patent portfolio that protects various aspects of its technology. TRUSTID's patents cover a broad range of call-trustworthiness, caller-authentication, and anti-spoofing technologies, including methods of evaluating incoming telephone calls.

7.      In January 2014, TRUSTID representatives met Next Caller representatives at a tradeshow, where the two companies' booths were next to each another. At that tradeshow,

TRUSTID learned that Next Caller provided enhanced Caller ID telecommunication services, but did not provide caller-authentication solutions like those provided by TRUSTID.

8.      A few years after the tradeshow, in September 2016, TRUSTID and Next Caller met in Portland, Oregon to begin discussing the possibility of combining their respective services. During those discussions, Next Caller's CEO represented to TRUSTID's CEO that Next Caller did not have any authentication technologies and that it could not determine if a call was a valid call. Next Caller's CEO also indicated that Next Caller had limited ability to detect certain forms of spoofing. Based on those representations by Next Caller's CEO, TRUSTID believed that the companies' services did not compete and could potentially be complementary.

9.      The parties talked on several occasions and, in December 2016, ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

10.      In particular, Next Caller agreed that ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████  And Next Caller also agreed ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

11.     In reliance on that ████████████████, TRUSTID shared its confidential information with Next Caller, including customer lists, pricing information, technical information, and sales and marketing materials.

12.     After sharing this confidential information, TRUSTID learned that Next Caller began selling solutions that attempt to mirror TRUSTID's patented technology. In particular, after receiving TRUSTID's confidential information, Next Caller began advertising on its website certain caller-authentication services, including VeriCall$^{TM}$, that infringe one or more patents in TRUSTID's patent portfolio.

13.     Based on information and belief, Next Caller's efforts to sell its infringing services improperly rely on TRUSTID's confidential trade-secret information, such as TRUSTID's customer lists, value and return-on-investment analysis, and pricing information. In particular, based on information and belief, Next Caller has represented to current TRUSTID customers, partners, and prospects that "Next Caller does exactly what TRUSTID does and more." Moreover, Next Caller's website references certain technical and business information, which originated from TRUSTID—such as, Next Caller's claim of a "10% higher IVR Containment" or "50 cents per call savings" or "75% Calls Verified." *See* Exhibit 2. This is based on confidential and proprietary trade-secret information that Next Caller misappropriated from TRUSTID.

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over TRUSTID's patent-infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     This Court has subject-matter jurisdiction to claims arising under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, pursuant to 28 U.S.C. § 1331.

16.     This Court has supplemental jurisdiction over TRUSTID's claims arising under the laws of Delaware, pursuant to 28 U.S.C. § 1367(a), because these state law claims are so related to TRUSTID's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

17.     This Court has personal jurisdiction over Next Caller at least because Next Caller is incorporated in this District.

18.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Next Caller resides in this District because it was formed as a Delaware corporation.

## THE PATENT-IN-SUIT

19.     On April 7, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,001,985 ("the '985 patent"), entitled "Method Of and System for Discovering and Reporting Trustworthiness and Credibility of Calling Party Number Identification."

20.     The '985 patent was duly assigned to TRUSTID, which is the assignee of all right, title, and interest in and to the '985 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '985 patent is valid and enforceable. A true and correct copy of the '985 patent is attached hereto as Exhibit 3.

21.     On January 5, 2018, TRUSTID sent, via FedEx, a letter to Next Caller and to Next Caller's registered agent ("notice letter") identifying the '985 patent, as well as other patents in TRUSTID's patent portfolio. A true and correct copy of the January 5, 2018 notice letter is attached hereto as Exhibit 4.

22.     On information and belief, Next Caller and Next Caller's registered agent received the notice letter on January 8, 2018. On January 19, 2018 counsel for Next Caller confirmed receipt of the notice letter.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 9,001,985

23.     TRUSTID re-alleges and incorporates by reference Paragraphs 1-22 above, as if fully set forth herein.

24.     The '985 patent covers methods for determining a source origin confidence metric of a calling party number or billing number associated with an incoming call and for authenticating a calling party.

25.     For example, claim 1 of the patent recites:

A method of determining a source origin confidence metric of a calling

party number or billing number associated with an incoming call to

a called party telephonic device from a calling party telephonic

device, comprising:

receiving by an electronic system associated with the called party telephonic

device the calling party number or billing number, wherein the electronic

system receives the calling party number or billing number from the called

party telephonic device;

after receiving the calling party number or billing number and before the

incoming call is answered, gathering by the electronic system associated

with the called party telephonic device operational status information

associated with the calling party number or billing number, and

6

> determining by the electronic system associated with the called party telephonic
>
> device the source origin confidence metric for the calling party number or
>
> billing number.

26.     Next Caller infringes at least one claim of the '985 patent.

27.     For example, Next Caller describes its services as "[i]dentify inbound phone numbers and increase sales conversion with accurate real-time caller data. Accurately detect phone spoofing fraud before you pickup [sic] the phone and route your inbound calls intelligently." Exhibit 5. Furthermore, as seen in the following screenshot captured on December 8, 2017, from Next Caller's public website, Next Caller's VeriCall service (i) uses an API to collect "call data" associated with incoming phone calls "pre-answer"; (ii) uses an algorithm to analyze the collected call data associated with the incoming call; and (iii) generates and transmits a "fraud threat level" to the user, who then may take action based on the information:



28.     Next Caller's VeriCall service provides a method that determines a "fraud threat level" of a calling party number associated with an incoming call and therefore provides "[a] method of determining a source origin confidence metric of a calling party number or billing number associated with an incoming call to a called party telephonic device from a calling party telephonic device" as stated in the preamble of claim 1 of the '985 patent.

29.     Next Caller's VeriCall service includes an API that collects incoming call data and telephone network data to identify inbound phone numbers presented either as a calling party number or a billing number as recited in the receiving step of claim 1: "receiving by an electronic system associated with the called party telephonic device the calling party number or billing number, wherein the electronic system receives the calling party number or billing number from the called party telephonic device."

30.     Next Caller's VeriCall service gathers and analyzes information associated with the inbound phone number presented as either a billing number or a calling party number. In particular, Next Caller's VeriCall claims to provide "ANI spoof detection." *See* Exhibit 6 at p. 7. It is well known in the industry that "ANI" includes: (i) information digits that identify the class of service; and (ii) the call party billing telephone number or billing number. It is also expected that discovery will likely reveal additional evidentiary support that this information includes further operational status information as recited in the gathering step of claim 1: "after receiving the calling party number or billing number and before the incoming call is answered, gathering by the electronic system associated with the called party telephonic device operational status information associated with the calling party number or billing number."

31.     Next Caller's VeriCall service "analyzes the call data in less than 1 second" and "transmit[s] our Fraud threat level back to your business" as recited in claim 1's determining

step: "determining by the electronic system associated with the called party telephonic device the source origin confidence metric for the calling party number or billing number."

32.     On information and belief, Next Caller has known or should have known—no later than January 8, 2018, the date which Next Caller and Next Caller's registered agent received TRUSTID's January 5, 2018 notice letter—(i) about the '985 patent, (ii) that Next Caller's actions constituted and continue to constitute infringement of the '985 patent, and (iii) that the '985 patent is valid.

33.     Next Caller could not have reasonably or subjectively believed that its actions do not constitute infringement of the '985 patent. Nor could Next Caller reasonably or subjectively believe that the '985 patent is invalid. Despite that knowledge and subjective belief, Next Caller's actions are egregious and beyond typical infringement. Indeed, Next Caller not only infringes TRUSTID's patent, but also promotes these infringing activities by using confidential information misappropriated from TRUSTID, as outlined above. Next Caller thus willfully infringes the '985 patent.

34.     By its actions, Next Caller's infringement of the '985 patent has irreparably harmed TRUSTID. Unless Next Caller's infringing acts are enjoined by this Court, TRUSTID will continue to suffer additional irreparable injury. TRUSTID has no adequate remedy at law.

35.     By its actions, Next Caller's infringement of the '985 patent has damaged, and continues to damage, TRUSTID in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that TRUSTID would have made but for Next Caller's infringing acts.

## COUNT II:
## TRADE SECRETS MISAPPROPRIATION
## UNDER FEDERAL DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *et seq.*)

36.     TRUSTID re-alleges and incorporates by reference Paragraphs 1-35 above, as if fully set forth herein.

37.     Next Caller's actions, as set forth herein, constitute misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1839.

38.     TRUSTID possessed confidential information—including customer lists, pricing information, technical information, value analyses, and sales and marketing materials—which constitute trade secrets.

39.     This confidential information is used in connection with TRUSTID's products and services, which are offered across the country and throughout the world.

40.     TRUSTID took reasonable measures to maintain the secrecy and confidentiality of such information, including by requiring contracts that prohibited, among other things, unauthorized access, use, or disclosure of TRUSTID's confidential information. This information cannot be properly acquired or duplicated because of the limited number of individuals who can access the information and the contractual limitations imposed on such individuals.

41.     Next Caller was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and had a duty to maintain confidentiality and not to use for its own purposes the materials that it had access to ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮.

42.     TRUSTID's confidential information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, others because such information is extremely valuable to TRUSTID, crucial to the operation of

TRUSTID's business, and, if available to others, would enable them to compete with TRUSTID to TRUSTID's detriment.

43.     Next Caller knowingly and improperly obtained, used, and disclosed such trade secrets and confidential information in violation of its own duties, including but not limited to those provided in ███████████████. Next Caller continues to do so by using TRUSTID's confidential information to promote the sales of Next Caller's products.

44.     As such, Next Caller used improper means to acquire knowledge of TRUSTID's confidential information, and, at the time of its disclosure and use knew or had reason to know that the trade secret was acquired subject to a duty to maintain secrecy or limit use, or derived from a person who owed such a duty.

45.     Next Caller's conduct constitutes knowing, willful, and malicious misappropriation.

46.     As a direct and proximate result of Next Caller's wrongful conduct, TRUSTID has already suffered, and will continue to suffer, extensive, irreparable injury, loss of goodwill, harm to reputation, irreparable loss of the confidentiality of its confidential, proprietary, and trade-secret information, and other injury and harm in an amount not readily capable of determination. In fact, ███████████████████████, Next Caller acknowledged that ████████████████████████████████████████████████ ████████████████████████████████ ████████████████ TRUSTID will continue to suffer such injury until the misappropriations are preliminarily and permanently enjoined.

47.     TRUSTID is entitled to injunctive relief enjoining Next Caller, its agents and employees, and all persons acting in concert or participation with it, from engaging in any further use of TRUSTID's confidential information.

48.     As a result of Next Caller's actions, TRUSTID has suffered direct and consequential damages, and is entitled to recover compensatory damages, including opportunity costs and enhanced damages in an amount to be proven at trial.

49.     Pursuant to 18 U.S.C. § 1836(B), TRUSTID is entitled to damages for actual loss and unjust enrichment caused by the misappropriation of its trade secrets.

50.     Pursuant to 18 U.S.C. § 1836(D), TRUSTID is entitled to recovery of its attorneys' fees.

51.     Because Next Caller's misappropriation of TRUSTID's trade secrets was willful and malicious, TRUSTID is entitled to twice the amount of damages awarded for Next Caller's misappropriation.

**COUNT III:**
**TRADE SECRETS MISAPPROPRIATION**
**UNDER DELAWARE UNIFORM TRADE SECRETS ACT (6 DEL. C. § 2001, *et seq.*)**

52.     TRUSTID re-alleges and incorporates by reference Paragraphs 1-51 above, as if fully set forth herein.

53.     Next Caller's actions, as set forth herein, constitute misappropriation under the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001, *et seq.*

54.     TRUSTID possessed confidential information—including customer lists, pricing information, technical information, value analyses, and sales and marketing materials—which constitute trade secrets.

55.     This confidential information is and has been continuously used in connection with TRUSTID's products and services, which are offered across the country and throughout the world.

56.     TRUSTID took reasonable measures to maintain the secrecy and confidentiality of such information, including by requiring contracts that prohibited, among other things, unauthorized access, use, or disclosure of TRUSTID's confidential information. This information cannot be properly acquired or duplicated because of the limited number of individuals who can access the information and the contractual limitations imposed on such individuals.

57.     Next Caller was ███████████████ and had a duty to maintain confidentiality and not to use for its own purposes the materials that it had access to ███████ ███████████████ .

58.     TRUSTID's confidential information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, others because such information is extremely valuable to TRUSTID, crucial to the operation of TRUSTID's business, and, if available to others, would enable them to compete with TRUSTID to TRUSTID's detriment.

59.     Next Caller knowingly and improperly obtained, used, and disclosed such trade secrets and confidential information in violation of its own duties, including but not limited to those provided in ███████████ . Next Caller continues to do so by using TRUSTID's confidential information to promote the sales of Next Caller's products.

60.     As such, Next Caller used improper means to acquire knowledge of TRUSTID's confidential information, and, at the time of its disclosure and use knew or had reason to know

that the trade secret was acquired subject to a duty to maintain secrecy or limit use, or derived from a person who owed such a duty.

61.     Next Caller's conduct constitutes knowing, willful, and malicious misappropriation.

62.     As a direct and proximate result of Next Caller's wrongful conduct, TRUSTID has already suffered, and will continue to suffer, extensive, irreparable injury, loss of goodwill, harm to reputation, irreparable loss of the confidentiality of its confidential, proprietary, and trade-secret information, and other injury and harm in an amount not readily capable of determination. In fact, ███████████████████, Next Caller acknowledged that ███████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████ TRUSTID will continue to suffer such injury until the misappropriations are preliminarily and permanently enjoined.

63.     TRUSTID is entitled to injunctive relief enjoining Next Caller, its agents and employees, and all persons acting in concert or participation with it, from engaging in any further use of TRUSTID's confidential information.

64.     As a result of Next Caller's actions, TRUSTID has suffered direct and consequential damages, and is entitled to recover compensatory damages, including opportunity costs and enhanced damages in an amount to be proven at trial.

65.     Because Next Caller's misappropriation of TRUSTID's trade secrets was willful and malicious, TRUSTID is entitled to twice the amount of damages awarded for Next Caller's misappropriation, in accordance with 6 Del. C. § 2003(b).

14

## DEMAND FOR JURY TRIAL

66.    TRUSTID hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

67.    Wherefore, TRUSTID respectfully requests that this Court enter judgment against

Next Caller as follows:

    A.   That one or more claims of the '985 patent have been infringed by

       Next Caller;

    B.   That Next Caller's infringement of the '985 patent has been willful;

    C.   An award of damages adequate to compensate TRUSTID for the patent

       infringement that has occurred, together with pre-judgment interest and costs;

    D.   An accounting for acts of infringement not presented at trial and/or up to the

       judgment and an award by the Court of additional damage for any such acts of

       infringement;

    E.   A preliminary and permanent injunction against Next Caller from further

       infringement, or alternatively, award an ongoing royalty for Next Caller's

       post-verdict infringement, payable on each product or service offered by

       Next Caller that is found to infringe one or more of the patents asserted

       herein, and on all future products and services that are not colorably different

       from those found to infringe;

F.  An award of all other damages permitted by 35 U.S.C. § 284, including
    increased damages up to three times the amount of compensatory damages
    found;

G.  A finding that this is an exceptional case and an award to TRUSTID of its
    costs and reasonable attorneys' fees incurred in this action as provided by 35
    U.S.C. § 285;

H.  That Next Caller has violated 18 U.S.C. § 1836, *et seq.*, by misappropriating
    TRUSTID's trade secrets;

I.  That Next Caller has violated 6 Del. C. § 2001, *et seq.*, by misappropriating
    TRUSTID's trade secrets;

J.  An award of damages against Next Caller as a result of its wrongful acts
    against TRUSTID in an amount to be proved at trial;

K.  A finding that TRUSTID is entitled to attorneys' fees, its costs, and pre-
    judgment and post-judgment interest;

L.  A finding that TRUSTID is entitled to punitive and enhanced damages;

M.  A finding that TRUSTID is entitled to injunctive relief; and

N.  Such other relief, including other monetary and equitable relief, as this Court
    deems just and proper.

Respectfully submitted,

Young Conaway Stargatt & Taylor, LLP

*Of Counsel*:

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Michael D. Specht                    Pilar G. Kraman (No. 5199)
Byron Pickard                        1000 North King Street
Jonathan Tuminaro                    Wilmington, DE 19801
Richard Bemben                       (302) 571-6642
Sterne, Kessler, Goldstein & Fox P.L.L.C.   apoff@ycst.com
1100 New York Avenue, N.W.
Washington, D.C. 20005               *Counsel for Plaintiff TRUSTID, Inc.*
(202) 371-2600
mspecht@skgf.com
bpickard@skgf.com
jtuminar@skgf.com
rbemben@skgf.com


Dated: January 30, 2018