

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

Pilar G. Kraman
P 302.576.3586
F 302.576.3742
pkraman@ycst.com

February 22, 2019

**VIA CM/ECF AND HAND DELIVERY**   REDACTED -- PUBLIC VERSION
The Honorable Chief Judge Leonard P. Stark
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:  *TRUSTID, Inc. v. Next Caller Inc.*, C.A. No. 18-172

Dear Chief Judge Stark:

Pursuant to Paragraph 9 of the Scheduling Order, Plaintiff TRUSTID, Inc. ("TRUSTID") respectfully requests leave to amend its complaint to clarify its direct- and indirect-infringement positions for the three asserted patents in this case. Although TRUSTID believes that the First Amended Complaint is not limited to direct infringement and includes well-pled facts that adequately encompass indirect infringement, Defendant Next Caller Inc. ("Next Caller") recently informed TRUSTID that it does not agree. In particular, after receiving TRUSTID's initial infringement contentions, Next Caller said it was "surprised that TRUSTID's Infringement Contentions contain contentions of infringement under 35 U.S.C. §§ 271(b) and (c) . . . ." Rather than engage in wasteful and dilatory motions practice on this dispute, the proposed amended complaint makes explicit TRUSTID's direct- and indirect-infringement theories. And insofar as indirect theories were not pled in TRUSTID's operative complaint, the proposed amendment would conform the pleadings to the evidence discovered in this case, as reflected in TRUSTID's infringement contentions that detail indirect-infringement theories. This amendment should be allowed because it is not futile, TRUSTID has not unduly delayed or acted in bad faith in bringing this motion, the deadline to amend or supplement the pleadings has not passed, and the amendment will not prejudice Next Caller. The parties have met and conferred pursuant to Local Rule 7.1.1, and Next Caller opposes the motion.

The proposed amended complaint is attached as Exhibit A. The redline comparison to the First Amended Complaint is attached as Exhibit B.

**Leave to Amend Should be Freely Given**

Rule 15(a) provides that leave to amend should be freely given whenever "justice so requires." Fed. R. Civ. P. 15(a). "The Third Circuit has adopted a liberal approach to the

Y<span>OUNG</span> C<span>ONAWAY</span> S<span>TARGATT</span> & T<span>AYLOR</span>, LLP
The Honorable Chief Judge Leonard P. Stark
February 22, 2019
Page 2

amendment of pleadings." *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14-JFB-SRF, 2019 WL 366223, at *2 (D. Del. Jan. 30, 2019). Unless the amended pleading would be futile, leave to amend should be granted absent any undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party. *Liqwd,* 2019 WL 366223 at *2; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

### **Amendment Would Not Be Futile**

"A proposed motion to amend the pleadings is futile if the complaint as amended is frivolous, advances a claim that is legally insufficient on its face, or fails to state a claim upon which relief can be granted." *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016). In its proposed amended complaint, TRUSTID adds language that explicitly identifies its induced- and contributory-infringement claims and cites to facts and evidence that allow a plausible inference that Next Caller indirectly infringes the asserted patents. Specifically, TRUSTID alleges and pleads facts supporting its induced-infringement claim, including that "at least one direct infringer exists, that [Next Caller] had knowledge of the patent(s), that [Next Caller] specifically intended that [its] customers would infringe, and that those acts constituted infringement." *AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN-SRF, 2018 WL 6974947, at *4 (D. Del. Dec. 27, 2018), *report and recommendation adopted*, No. 16-662 (MN), 2019 WL 350620 (D. Del. Jan. 29, 2019). TRUSTID also alleges, under 35 U.S.C. § 271 (c), that Next Caller contributorily infringes the asserted patents because it sells a product that practices the asserted patent, that Next Caller knew or should have known the product practices the patents, and that the product has no other non-infringing use. Thus, TRUSTID's claims in its amended complaint are not frivolous, legally insufficient, or deficient in stating a claim upon which relief can be granted.

Moreover, TRUSTID's amendment merely clarifies claims and evidence that were already present in the original and first amended complaint. TRUSTID's original complaint, filed on January 30, 2018, alleged infringement of the '985 patent and brought trade-secret misappropriation claims against Next Caller. On April 13, 2018, TRUSTID amended the complaint to add infringement claims regarding the '532 and '913 patents as well as claims for trade-secret misappropriation, tortious interference, intentional interference, and false advertising. In both complaints, TRUSTID alleged infringement under 35 U.S.C. § 271.

TRUSTID's original and First Amended Complaints did not limit the infringement claims to direct infringement. Rather, TRUSTID broadly alleged infringement and pled facts that plausibly implied that Next Caller both directly and indirectly infringed the patents through its development, use, marketing, and sale of VeriCall. For example, the First Amended Complaint plausibly showed that Next Caller "specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement," satisfying the pleading requirements for an induced-infringement claim. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original). The First Amended Complaint also alleged facts sufficient to support a contributory-infringement claim and plausibly implied that Next Caller sells VeriCall, an "apparatus for use in practicing a patented process," that VeriCall

Young Conaway Stargatt & Taylor, LLP
The Honorable Chief Judge Leonard P. Stark
February 22, 2019
Page 3

practices the patents, that Next Caller knows or should know that VeriCall infringes the patents, and that VeriCall has no non-infringing use. 35 U.S.C. § 271 (c).

TRUSTID served its initial infringement contentions on January 4, 2019. Consistent with the First Amended Complaint, those contentions detailed direct- and indirect-infringement theories. Since then, in letters and in a meet-and-confer, Next Caller has taken the position that there are no indirect-infringement theories properly at issue in this case and has stated that it intends to move to strike TRUSTID's contentions for indirect infringement. TRUSTID disagrees with Next Caller on this point. Rather than engage in wasteful and dilatory motions practice on this dispute, however, the proposed amended complaint makes explicit TRUSTID's direct- and indirect-infringement theories. Thus, by amending its complaint, TRUSTID avoids further confusion and disagreements regarding the claims in the case and enables the parties to efficiently litigate the contested issues.

### There Is No Undue Delay, Bad Faith, Dilatory Motive, or Undue Prejudice

TRUSTID has not acted with undue delay, bad faith, or dilatory motive in bringing this motion. This requested amendment is timely under the scheduling order in this case as the deadline for amending the pleadings has not yet passed. *See* D.I. 57 and Jan. 14, 2019 Order. By Next Caller's request, the parties stipulated to a revised scheduling order that preserved their rights to amend the pleadings until sixty days after the Defendant files its first answer to Plaintiff's First Amended Complaint. D.I. 57. Further, because TRUSTID has already served infringement contentions as to both direct and indirect infringement, the schedule in this case will not be affected by this amendment.

Amending the complaint would also not cause any undue prejudice to Next Caller. Allowing the amendment to the complaint would not require Next Caller to (1) "expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent [Next Caller] from bringing a timely action in another jurisdiction." *Cavi v. Evolving Sys. NC, Inc.*, No. CV 15-1211-RGA, 2018 WL 2372673, at *2 (D. Del. May 24, 2018). To show undue prejudice, Next Caller would need to demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Id*. Fact discovery does not end until August 20, 2019 and trial does not commence until July 13, 2020, giving Next Caller sufficient opportunity to seek any additional discovery it may require. And, as already stated, the amendment will not delay the schedule in this case.

### Conclusion

For these reasons, TRUSTID respectfully requests leave to file its proposed Second Amended Complaint.

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Honorable Chief Judge Leonard P. Stark
February 22, 2019
Page 4

                                            Respectfully submitted,

                                            Pilar G. Kraman (No. 5199)

cc:    All counsel of record (by CM/ECF and email)
       Clerk of the Court (by hand delivery)