# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXT CALLER, INC., <br><br> Defendant. | C.A. No. 18-172-LPS-CJB |

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Burke issued a 9-page Report and Recommendation ("Report I" or "Rep.") (D.I. 51), dated November 26, 2018, recommending that the Court grant-in-part and deny-in-part Defendant Next Caller, Inc.'s ("Next Caller's") motion (D.I. 25) to dismiss Plaintiff TrustID, Inc.'s ("TrustID's") First Amended Complaint ("FAC") (D.I. 16);

WHEREAS, on December 10, 2018, TrustID objected ("Objections" or "Obj.") (D.I. 51) to Report I, specifically objecting to Report I's conclusion that TrustID's trade secret misappropriation and interference claims were not properly filed in this Court due to the forum selection clause of parties' Referral Agreement ("the Agreement") (D.I. 16-1 Ex. 1);

WHEREAS, on December 20, 2018, Next Caller responded ("Response" or "Resp.") (D.I. 55) to the Objections;

WHEREAS, on February 25, 2019, Judge Burke issued an 8-page Report and Recommendation ("Report II") (D.I. 68), recommending denial without prejudice of Next

1

Caller's motion to dismiss patent infringement claims based on lack of patentable subject matter;[1]

WHEREAS, objections to Report II were due by March 11, 2019, and none were filed;

WHEREAS, the Court has considered the parties' objections and responses *de novo*, as the Reports address a case-dispositive motion to dismiss, *see St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

**NOW THEREFORE, IT IS HEREBY ORDERED** that the Objections (D.I. 52) are **OVERRULED**, Judge Burke's Reports (D.I. 51, 68) are **ADOPTED**, and Next Caller's motion to dismiss (D.I. 25) is **GRANTED-IN-PART** and **DENIED-IN-PART**, and with respect to patentable subject matter is **DENIED WITHOUT PREJUDICE** to Next Caller having an opportunity to raise patentability issues at the summary judgment stage, for the following reasons:

1. The forum-selection clause in the Agreement provides that "[a]ny dispute that may arise in connection with the interpretation or implementation of this Agreement shall be submitted to a court of competent jurisdiction located in Colorado." (Agreement ¶ 9) Report I, construing the forum-selection clause, concluded that TrustID's trade secret misappropriation and interference claims should be dismissed from this case and must be pursued, if at all, in the courts of Colorado. (Rep. at 3-6)

---

[1] In combination, the Reports recommend that Next Caller's motion to dismiss be: (1) granted with respect to TrustID's trade secret misappropriation and interference claims (Counts II, III, IV, VII, and VIII); and (2) denied without prejudice respect to TrustID's patent infringement and false advertising claims (Counts I, V, VI, IX, and X). (Report I at 8; Report II at 8)

2

2. TrustID objects to this conclusion. TrustID argues that: (1) the Agreement's forum-selection clause is "narrow" and does not apply to TrustID's trade-secret and interference claims (Objs. at 5-9); and (2) even if the forum-selection clause did apply, this Court has the authority to disregard the provision as being contrary to the public policy of Delaware and the Third Circuit (*id.* at 3-5). The Court disagrees with TrustID.

3. As Judge Burke concluded, the Agreement's forum-selection clause applies to TrustID's trade secret misappropriation and interference claims. (*See* Rep. at 3-6) Report I correctly notes that the language of the clause – "[a]ny dispute that may arise in connection with the interpretation or implementation of this Agreement" (Agreement ¶ 9) – is "very broad." (Rep. at 5) (citing *Simula, Inc. v. Autoliv, Inc.* 175 F.3d 716, 720 (9th Cir. 1999)) The trade secret misappropriation claims "arise in connection with the interpretation" of the Agreement (Agreement ¶ 9) because "the Court must interpret the Agreement in order to understand how the trade secret misappropriation claims have arisen." (Rep. at 5) Similarly, the interference claims "arise in connection with the . . . implementation of" the Agreement (Agreement ¶ 9) because "the parties' contractual relationship (via the Agreement) was the mechanism by which Plaintiff provided Defendant with [the] 'pricing information and marketing plans' . . . [that] Defendant [allegedly] used . . . to interfere with Plaintiff's ability to obtain a contract with a third-party bank." (Rep. at 5) (internal citations omitted)

4. TrustID's analogies to *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983), and *Tracer Research Corp. v. National Environmental Services Co.*, 42 F.3d 1292 (9th Cir. 1994), are unpersuasive. (*See* Objs. at 6-9) Both of those cases involved narrower contractual language than that used in the Agreement here. For example, *Mediterranean Enterprises* construed a contractual clause requiring arbitration of disputes

"arising hereunder" as being "relatively narrow" and contrasted this language with the broader terminology of "arising out of *or relating to*." 708 F.2d at 1463 (emphasis added). *Tracer Research*, 42 F.3d at 1295, then construed a clause requiring arbitration of disputes "arising out of" a contract as being "of the same limited scope" as the "arising under" language in *Mediterranean Enterprises*, and found that, as in *Mediterranean Enterprises*, the omission of the phrase "relating to" was "significant." Here, by contrast, the Agreement more broadly covers "any dispute that may arise *in connection with* the interpretation or implementation of this Agreement." (Agreement ¶ 9) (emphasis added) The phrase "in connection with" is analogous to the "relating to" language that was notably absent in the provisions at issue in *Mediterranean Enterprises* and *Tracer Research*.

5. Also unavailing are TrustID's attempts to distinguish *TK Products, LLC v. Buckley*, 2016 WL 7013470 (D. Or. Nov. 29, 2016), and *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999). (*See* Objs. at 7-9) The forum-selection clause here is at least as broad as that involved in *TK Products*; and TrustID's distinction based on the timing of the alleged misappropriation is irrelevant because here, as in *TK Products*, adjudicating the claims "requires an interpretation of the Agreement." *Compare* 2016 WL 7013470, at *5 *with* Rep. at 4-5. Likewise, the forum-selection clause here is not materially narrower than that in *Simula* because, in both cases, "in connection with" is the key phrase establishing the scope of the clause. *See* 175 F.3d at 720-721 (citing approvingly *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1515 (10th Cir. 1995) (broadly construing arbitration clause covering "[a]ny dispute arising in connection with the implementation, interpretation or enforcement of this Agreement")).

6. Public policy does not compel a different conclusion. A valid forum-selection clause should be given "controlling weight" in "all but the most exceptional cases." *Atl. Marine*

*Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). A court may not consider private-interest arguments against enforcing a forum-selection clause, and even public-interest arguments "will rarely defeat" enforcement. *Id.* at 64. To prevail, the party acting in violation of the forum-selection clause must show that "public-interest factors ***overwhelmingly disfavor*** a transfer." *Id.* at 67 (emphasis added). TrustID has not made such a showing.

7. Here, the interests of judicial economy and comity do not warrant the Court retaining TrustID's trade secret and interference claims. (*See* Objs. at 3-5) Even assuming that separate lawsuits here and in Colorado will increase the judiciary's workload and could result in two jury trials, TrustID has not carried its heavy burden to show that public-interest factors overwhelmingly disfavor a transfer. *See Atl. Marine Const.*, 571 U.S. at 67.

March 25, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT