IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 18-172-LPS |
| NEXT CALLER INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### DEFENDANT NEXT CALLER INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

On March 25, 2019, the Court granted Defendant Next Caller, Inc.'s ("Next Caller") motion to dismiss Counts II, III, IV, VII, and VIII of Plaintiff TRUSTID, Inc.'s ("TRUSTID") First Amended Complaint ("FAC"). Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Next Caller submits its answer to the remaining counts.

Except as otherwise expressly set forth below, Next Caller denies each and every allegation contained in the FAC. The headings below track those used in the FAC and are for convenience only. They do not constitute any part of Next Caller's Answer and Counterclaims or any admission by Next Caller as to the truth of the matters asserted. In connection with the foregoing, Next Caller responds to the FAC as follows:

### NATURE OF ACTION

1.    Next Caller admits that this is a civil action brought under 35 U.S.C. §§ 271 and 281-285; Delaware's Uniform Deceptive Trade Practices Act; and the Lanham Act (15 U.S.C.

§ 1125(a)).   Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 1.

## THE PARTIES

2.      Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore deny these allegations.

3.      Next Caller admits that it is a corporation organized and existing under the laws of Delaware.   Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Next Caller does not dispute that this Court has jurisdiction over TRUSTID's patent-infringement claims.

5.      No response is required to this allegation because the Court dismissed TRUSTID's trade secret counts on March 25, 2019.

6.      Next Caller does not dispute that this Court has jurisdiction over TRUSTID's Lanham Act claims.

7.      Next Caller does not dispute that this Court has jurisdiction over TRUSTID's claims under Delaware's Uniform Deceptive Trade Practices Act.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 7.

8.      Next Caller does not contest that this Court has personal jurisdiction over it.

9.      Next Caller does not contest venue in this District with respect to TRUSTID's patent infringement, Lanham Act, and Delaware's Uniform Deceptive Trade Practices Act claims.

## BACKGROUND

**A.     TRUSTID developed innovative, proven anti-spoofing and caller authentication technologies.**

10.     Next Caller admits that "Spoofing" occurs when a caller falsifies information transmitted with a telephone call to disguise the caller's true identity. Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 10.

11.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny these allegations.

12.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny these allegations.

13.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny these allegations.

14.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny these allegations.

15.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny these allegations.

16.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny these allegations.

17.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny these allegations.

18.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny these allegations.

19.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny these allegations.

20.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny these allegations.

**B.     Next Caller steals TRUSTID's trade secrets, infringes TRUSTID's patents, and misstates the capabilities of Next Caller's infringing system.**

21.     Next Caller admits that in or around January 2014, TRUSTID representatives met Next Caller representatives at a trade show where both companies had booths.   Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 21.

22.     Next Caller admits that in or around September 2016, TRUSTID and Next Caller met in Portland, Oregon to discuss the possibility of combining their respective services.   Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 22.

23.     Next Caller admits that in or around December 2016, the parties entered into a referral agreement, a copy of which is attached as Exhibit 1 to the FAC.   Next Caller admits that the agreement contains certain restrictions on the use of each party's confidential information. Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 23.

24.     Next Caller admits that TRUSTID appears to have accurately quoted, except for the bracketed text, § 8 ¶¶ 1, 4 of Exhibit 1 to the FAC.   Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 24.

25.     Next Caller denies each and every allegation contained in Paragraph 25.

26.     Next Caller denies each and every allegation contained in Paragraph 26.

27.     Next Caller denies each and every allegation contained in Paragraph 27.

28.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny these allegations.

29.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore deny these allegations.

30.     Next Caller denies each and every allegation contained in Paragraph 30.

31.     Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny these allegations.

32.     Next Caller denies each and every allegation contained in Paragraph 32.

**THE PATENTS-IN-SUIT**

33.     Next Caller admits that the '985 Patent issued April 7, 2015, and is entitled "Method of and System for Discovering and Reporting Trustworthiness and Credibility of Calling Party Number Information." Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 33.

34.     Next Caller denies that the '985 Patent is valid and enforceable.  Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore deny these allegations.

35.     Next Caller admits that TRUSTID sent a letter, dated January 5, 2018, which identified U.S. Patent Nos. 8,239,532; 9,001,985; 9,264,536; and 9,762,728.  Next Caller further admits that attached to the FAC as Exhibit 4 is what appears to be a copy of the letter TRUSTID sent to Next Caller.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 35.

36.     Next Caller admits that its counsel confirmed receipt of the letter.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 36.

37.     Next Caller admits that the '532 Patent issued August 7, 2012, and is entitled "Method of and System for Discovering and Reporting Trustworthiness and Credibility of

Calling Party Number Information." Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 37.

38.     Next Caller denies that the '532 Patent is valid and enforceable.  Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore deny these allegations.

39.     Next Caller admits that the '913 Patent issued January 16, 2018, and is entitled "Systems and Methods to Identify ANI and Caller ID Manipulation for Determining Trustworthiness of Incoming Calling Party and Billing Number Information." Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 39.

40.     Next Caller denies that the '913 Patent is valid and enforceable.  Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and therefore deny these allegations.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 9,001,985

41.     No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  To the extent a response is deemed required, Next Caller incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

42.     Next Caller denies each and every allegation contained in Paragraph 42.

43.     Next Caller admits that TRUSTID appears to have accurately quoted claim 1 of the '985 Patent.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 43.

44.     Next Caller denies each and every allegation contained in Paragraph 44.

45.     Next Caller denies each and every allegation contained in Paragraph 45.

46.     Next Caller admits that TRUSTID appears to have accurately quoted, except for the bracketed text, Exhibits 9, 10, 11, and 12 to the FAC.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 46.

47.     Next Caller denies each and every allegation contained in Paragraph 47.

48.     Next Caller denies each and every allegation contained in Paragraph 48.

49.     Next Caller admits that TRUSTID appears to have accurately quoted Exhibit 6 to the FAC.  Next Caller admits that it is well known in the industry that "ANI" includes information digits that identify the class of service and the call party billing telephone number. Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 49.

50.     Next Caller denies each and every allegation contained in Paragraph 50.

51.     Next Caller denies each and every allegation contained in Paragraph 51.

52.     Next Caller denies each and every allegation contained in Paragraph 52.

53.     Next Caller denies each and every allegation contained in Paragraph 53.

54.     Next Caller denies each and every allegation contained in Paragraph 54.

**COUNT II:**
**TRADE SECRETS MISAPPROPRIATION**
**UNDER FEDERAL DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *et seq.*)**

55.     No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  Further, no response is required because the Court dismissed this Count on March 25, 2019.

56.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

57.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

58.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

59.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

60.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

61.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

62.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

63.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

64.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

65.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

66.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

67.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

68.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

69.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

70.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

## COUNT III:
## TRADE SECRETS MISAPPROPRIATION
## UNDER DELAWARE UNIFORM TRADE SECRETS ACT (6 DEL. C. § 2001, *et seq.*)

71.     No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  Further, no response is required because the Court dismissed this Count on March 25, 2019.

72.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

73.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

74.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

75.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

76.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

77.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

78.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

79.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

80.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

81.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

82.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

83.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

84.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

**COUNT IV:**
**ALTERNATIVE CLAIM FOR TRADE SECRETS MISAPPROPRIATION**
**UNDER OREGON UNIFORM TRADE SECRETS ACT (OR. REV. STAT. ANN.**
**§ 646.461, *et seq.*)**

85.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

86.     No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  Further, no response is required because the Court dismissed this Count on March 25, 2019.

87.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

88.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

89.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

90.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

91.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

92.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

93.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

94.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

95.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

96.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

97.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

98.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

99.     No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

**COUNT V:**
**INFRINGEMENT OF U.S. PATENT NO. 8,238,532**

100.    No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  To the extent a response is deemed required, Next Caller incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

101.    Next Caller denies each and every allegation contained in Paragraph 101.

102.    Next Caller admits that TRUSTID appears to have accurately quoted claim 32 of the '532 Patent.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 102.

103.    Next Caller denies each and every allegation contained in Paragraph 103.

104.    Next Caller denies each and every allegation contained in Paragraph 104.

105.    Next Caller denies each and every allegation contained in Paragraph 105.

106.    Next Caller admits that VeriCall uses a proprietary algorithm that analyzes call data in less than 1 second.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 106.

107.    Next Caller admits that TRUSTID appears to have accurately quoted Exhibit 6 to the FAC.  Next Caller admits that it is well known in the industry that "ANI" includes information digits that identify the class of service and the calling party billing telephone number.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 107.

108.    Next Caller admits that VeriCall uses analyzes call data in less than 1 second. Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 108.

109.    Next Caller denies each and every allegation contained in Paragraph 109.

110.    Next Caller denies each and every allegation contained in Paragraph 110.

111.    Next Caller denies each and every allegation contained in Paragraph 111.

**COUNT VI:**
**INFRINGEMENT OF U.S. PATENT NO. 9,871,913**

112.    No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  To the extent a response is deemed required, Next Caller incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

113.    Next Caller denies each and every allegation contained in Paragraph 113.

114.    Next Caller admits that TRUSTID appears to have accurately quoted claim 15 of the '913 Patent.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 114.

115.    Next Caller denies each and every allegation contained in Paragraph 115.

116.    Next Caller admits that VeriCall uses a proprietary algorithm.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 116.

117.    Next Caller denies each and every allegation contained in Paragraph 117.

118.    Next Caller admits that TRUSTID appears to have accurately quoted Exhibit 9 to the FAC.  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 118.

119.    Next Caller admits that VeriCall uses analyzes call data in less than 1 second. Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 119.

120.    Next Caller denies each and every allegation contained in Paragraph 120.

121.    Next Caller denies each and every allegation contained in Paragraph 121.

122.    Next Caller denies each and every allegation contained in Paragraph 122.

**COUNT VII:**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**UNDER DELAWARE LAW**

123.    No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  Further, no response is required because the Court dismissed this Count on March 25, 2019.

124.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

125.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

126.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

127.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

128.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

129.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

130.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

131.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

132.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

**COUNT VIII:**
**INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS UNDER OREGON LAW**

133.    No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  Further, no response is required because the Court dismissed this Count on March 25, 2019.

134.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

135.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

136.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

137.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

138.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

139.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

140.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

141.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

142.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

143.    No response is required to this allegation because the Court dismissed this Count on March 25, 2019.

**COUNT IX:**
**FALSE ADVERTISING**
**IN VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1125)**

144.    No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  To the extent a response is deemed required, Next Caller incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

145.    Next Caller admits that it has made the statements "increase 10% IVR Containment Rate," "Save $0.50 per call," and "save 30 secs handle time."  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 145.

146.    Next Caller denies each and every allegation contained in Paragraph 146.

147.    Next Caller denies each and every allegation contained in Paragraph 147.

148.    Next Caller denies each and every allegation contained in Paragraph 148.

149.    Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore deny these allegations.

150.    Next Caller denies each and every allegation contained in Paragraph 150.

151.    Next Caller denies each and every allegation contained in Paragraph 151.

## COUNT IX:
## FALSE ADVERTISING AND DISPARAGING STATEMENTS
## IN VIOLATION OF DELAWARE'S DECEPTIVE TRADE PRACTICES ACT

152.    No response is required to TRUSTID's incorporation by reference of the foregoing paragraphs of its FAC.  To the extent a response is deemed required, Next Caller incorporates and re-alleges the foregoing responses and averments as if fully set forth therein.

153.    Next Caller admits that it has made the statements "increase 10% IVR Containment Rate," "Save $0.50 per call," and "save 30 secs handle time."  Except as expressly admitted, Next Caller denies the remaining allegations contained in Paragraph 153.

154.    Next Caller denies each and every allegation contained in Paragraph 154.

155.    Next Caller denies each and every allegation contained in Paragraph 155.

156.    Next Caller denies each and every allegation contained in Paragraph 156.

157.    Next Caller denies each and every allegation contained in Paragraph 157.

158.    Next Caller denies each and every allegation contained in Paragraph 158.

159.    Next Caller lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and therefore deny these allegations.

160.    Next Caller denies each and every allegation contained in Paragraph 160.

161.    Next Caller denies each and every allegation contained in Paragraph 161.

### DEMAND FOR JURY TRIAL

162.    TRUSTID's demand for a jury trial does not require a response from Next Caller.

### PRAYER FOR RELIEF

163.    Next Caller denies that TRUSTID is entitled to any relief from Next Caller and denies all allegations contained in Paragraphs A-W of Paragraph 163.

17

## NEXT CALLER'S AFFIRMATIVE DEFENSES

Next Caller asserts the following affirmative defenses in response to the allegations of the FAC, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below.  Next Caller reserves the right to amend this Answer with additional defenses as further information is obtained in discovery.  Next Caller asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the FAC not otherwise admitted.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity or Unenforceability)

The '985 patent, '532 patent, and '913 patent and each of the claims thereof are invalid or unenforceable for failure to comply with one or more requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Next Caller has not directly infringed and does not directly infringe any valid, enforceable claim of the '985 patent, '532 patent, or '913 patent.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

TRUSTID's FAC fails to state a claim upon which relief can be granted because the '985 patent, '532 patent, and '913 patent do not claim patentable subject matter under at least 35 U.S.C. § 101.  Moreover, TRUSTID FAC fails to present a plausible claim that Next Caller

made any false or misleading statement(s) in its advertising or engaged in deceptive trade practices.

## FOURTH AFFIRMATIVE DEFENSE

### (No violation of the Lanham Act)

Next Caller has not engaged in false advertising.  The alleged statements that TRUSTID contends supports a claim of false advertising are not false or misleading and/or have not deceived and do not have the capacity to deceive potential customers.

## FIFTH AFFIRMATIVE DEFENSE

### (No violation of the Delaware's Deceptive Trade Practices Act)

Next Caller has not engaged in deceptive trade practices.

## SIXTH AFFIRMATIVE DEFENSE

### (No damage)

Without admitting that the FAC states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Next Caller in the FAC, and the relief prayed for in the FAC therefore cannot be granted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of irreparable harm)

TRUSTID's claims for injunctive relief are barred because TRUSTID cannot show that it will suffer any irreparable harm from Next Caller's actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Adequacy of remedy at law)

The alleged injury or damage suffered by TRUSTID, if any, would be adequately compensated by damages.  Accordingly, TRUSTID has a complete and adequate remedy at law and is not entitled to seek equitable relief.


WHEREFORE, Next Caller respectfully submits that this Court deny the relief sought by TRUSTID, find that TRUSTID's claims are barred by one or more defenses and affirmative defenses, dismiss with prejudice the Complaint, and grant Next Caller costs of this action, attorney's fees, and such other relief as may be just and proper.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Next Caller Inc. ("Next Caller"), by and through its undersigned attorneys, hereby states its counterclaims against TRUSTID, Inc. ("TRUSTID" or "Counterclaim Defendant") as follows:

1.      This is an action for declaratory judgment of non-infringement of one or more claims of U.S. Patent Nos. 9,001,985 ("the '985 Patent"), 8,238,532 ("the '532 Patent"), and 9,871,913 ("the '913 Patent") (collectively, "the Asserted Patents").  Upon information and belief, true and correct copies of the Asserted Patents were attached to the First Amended Complaint as Exhibits 3, 7, and 13, respectively.

## THE PARTIES

2.      Next Caller is a Delaware corporation having a place of business at 123 William Street, Floor 19, New York, NY 10038.

3.      On information and belief, Counterclaim Defendant TRUSTID, Inc. is a Delaware corporation having a principal place of business at 4500 Kruse Way, #350, Lake Oswego, OR 97035.  On information and belief, TRUSTID is a wholly owned subsidiary of Neustar, Inc.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, based on an actual and justiciable controversy between Next Caller and TRUSTID.

5.      This Court has personal jurisdiction over Counterclaim Defendant based on, *inter alia*, the filing by Counterclaim Defendant of this lawsuit in this jurisdiction and because Counterclaim Defendant is organized under the laws of Delaware.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## NEXT CALLER AND ITS VERICALL™ SERVICE

7.      Next Caller is a provider of real-time call verification technology.

8.      The average length of agent-handled security and identification check is approximately 30 seconds.

9.      Next Caller's VeriCall™ service provides a threat-level analysis of incoming calls using caller data and telecom network data.

10.     Next Caller's VeriCall™ service uses a proprietary algorithm.

11.     Next Caller's customers operate interactive voice response ("IVR") systems.

12.     The VeriCall™ service receives data from customer IVR systems.

13.     The VeriCall™ service receives data from customer IVR systems after the IVR systems answer the incoming call.

14.     With the data from customer IVR systems, the VeriCall™ service performs a threat-level analysis and returns the result to Next Caller's customer.

15.     The VeriCall™ service is capable of providing a threat-level analysis of every phone call received by a Next Caller customer within 200 milliseconds after the call is answered.



16.     By reducing the length of an agent-assisted call, Next Caller's VeriCall™ service saves Next Caller's customers money.

17.     Next Caller does not receive incoming calls as part of the VeriCall™ service's threat-level analysis.

18.     Next Caller does not operate a call center as part of the VeriCall™ service.

19.     Next Caller's VeriCall™ service threat-level analysis does not include receiving a call request.

20.     Next Caller's VeriCall™ service threat-level analysis is not performed pre-answer.

21.     Next Caller does not answer the calls received by its customers as part of the VeriCall™ service's threat-level analysis.

22.      Next Caller's VeriCall™ service threat-level analysis does not include Next Caller placing a call.

23.      Next Caller's VeriCall™ service does not provide a monitored database of called telephone numbers.

24.      Next Caller's VeriCall™ service does not determine whether a call request is to be verified.

25.      Next Caller's VeriCall™ service does not cause a call to be terminated.

## FIRST COUNTERCLAIM

### (Declaration of No Direct Infringement of the '985 Patent)

26.      Next Caller incorporates the foregoing allegations as if fully realleged and restated herein.

27.      To the extent that the '985 Patent was ever, or is, valid and enforceable, any manufacture, use, sale, offer for sale, or import into the United States of the VeriCall™ service by Next Caller was not, and is not, an infringement of the '985 Patent.

28.      For example, Next Caller's VeriCall™ service does not perform the step of "after receiving the calling party number or billing number and before the incoming call is answered, gathering by the electronic system associated with the called party telephonic device operational status information associated with the calling party number or billing number," as required by claim 1 of the '985 Patent.

29.      Similarly, Next Caller's VeriCall™ service does not perform the step of "prior to answering the incoming call, requesting by the call center telephonic device a source origin confidence metric for the calling party number or billing number from an electronic system associated with the call center telephonic device, wherein the confidence metric is determined

based on operational status information of the calling party number or billing number," as required by claim 13 of the '985 Patent.

30.     There is a real, substantial, immediate, and justiciable controversy between Next Caller and TRUSTID concerning whether Next Caller has infringed, or is infringing, any claim of the '985 Patent.

31.     The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

32.     Next Caller is entitled to judicial declaration that Next Caller has not and will not directly infringe any valid and enforceable claim of the '985 Patent.

## SECOND COUNTERCLAIM

### (Declaration of No Direct Infringement of the '532 Patent)

33.     Next Caller incorporates the foregoing allegations as if fully realleged and restated herein.

34.     To the extent that the '532 Patent was ever, or is, valid and enforceable, any manufacture, use, sale, offer for sale, or import into the United States of the VeriCall™ service by Next Caller was not, and is not, an infringement of the '532 Patent.

35.     For example, Next Caller's VeriCall™ service does not perform the step of "after receiving the calling party number or billing number and before the incoming call is answered, gathering operational status information associated with the calling party number or billing number, wherein gathering operational status information includes placing an outgoing call to the calling party number or billing number and receiving call progress messages associated with the outgoing call," as required by claim 1 of the '532 Patent.

24

36.     Similarly, Next Caller's VeriCall™ service does not satisfy the limitation "[a] system for performing forensic analysis on calling party number information associated with an incoming call from a telephonic device, before the incoming call is answered," as required by claim 32 of the '532 Patent.

37.     There is a real, substantial, immediate, and justiciable controversy between Next Caller and TRUSTID concerning whether Next Caller has infringed, or is infringing, any claim of the '532 Patent.

38.     The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

39.     Next Caller is entitled to judicial declaration that Next Caller has not and will not directly infringe any valid and enforceable claim of the '532 Patent.

## THIRD COUNTERCLAIM

### (Declaration of No Direct Infringement of the '913 Patent)

40.     Next Caller incorporates the foregoing allegations as if fully realleged and restated herein.

41.     To the extent that the '913 Patent was ever, or is, valid and enforceable, any manufacture, use, sale, offer for sale, or import into the United States of the VeriCall™ service by Next Caller was not, and is not, an infringement of the '913 Patent.

42.     For example, Next Caller's VeriCall™ service does not perform the step of "receiving from a calling party by a discrepancy detector a call request having a called telephone number, wherein the call request includes calling party information, wherein the discrepancy detector determines discrepancies in calling party information and is ancillary to an originating

service provider network element that provides a telephone line for the calling party placing the call request," as required by claim 1 of the '913 Patent.

43.     Similarly, Next Caller's VeriCall™ service does not perform the step of "receiving from a calling party by a discrepancy detector a call request having a called telephone number, wherein the call request includes calling party information, wherein the discrepancy detector determines discrepancies in calling party information and is ancillary to an originating service provider network element that provides a telephone line for the calling party placing the call request," as required by claim 15 of the '913 Patent.

44.     There is a real, substantial, immediate, and justiciable controversy between Next Caller and TRUSTID concerning whether Next Caller has infringed, or is infringing, any claim of the '913 Patent.

45.     The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

46.     Next Caller is entitled to judicial declaration that Next Caller has not and will not directly infringe any valid and enforceable claim of the '913 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Next Caller respectfully requests the following relief:

a)     That this Court declare that Next Caller's VeriCall™ service has not, does not, and will not directly infringe any claim of the Asserted Patent;

b)     That this Court declare this an exception case within the meaning of 35 U.S.C. § 285 and award Next Caller its attorneys' fees and costs of suit; and

c)      That this Court grant Next Caller such other and further relief as the Court may deem just, proper, and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Next Caller demands a jury trial as to all matters so triable.

Dated: April 8, 2019                                    Respectfully submitted,

*/s/ Kristen Healey Cramer*
Kristen Healey Cramer (#4512)
Dana Kathryn Severance (#4869)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE  19801
(302) 252-4320
kristen.cramer@wbd-us.com
dana.severance@wbd-us.com

Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 758-8000

*Attorneys for Defendant Next Caller Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2019, the foregoing was sent via email to all counsel of record, including as follows:

Adam Wyatt Poff
Pilar Gabrielle Kraman
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
pkraman@ycst.com

Byron L. Pickard
Charles Wysocki
Jonathan Tuminaro
Michael D. Specht
Richard Bemben
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, NW Suite 600
Washington, DC  20005
bpickard@sternekessler.com
cwysocki@sternekessler.com
jtuminar@sternekessler.com
mspecht@sternekessler.com
rbemben@sternekessler.com

*/s/ Kristen Healey Cramer*
Kristen Healey Cramer (#4512)