IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXT CALLER, INC., <br><br> Defendant. | Civil Action No. 18-172-LPS-CJB <br><br> REDACTED -- PUBLIC VERSION |

# PLAINTIFF'S NOTICE OF DEPOSITION

## OF NEXT CALLER INC. PURSUANT TO FED.R.CIV.P. 30(B)(6)

Dated: June 24, 2019

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pilar G. Kraman*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiff TRUSTID, Inc.*

24204003.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXT CALLER INC., <br><br> Defendant. | C.A. No. 18-172-LPS-CJB <br><br> REDACTED -- PUBLIC VERSION |

**PLAINTIFF'S NOTICE OF DEPOSITION OF NEXT CALLER INC.
PURSUANT TO FED.R.CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff TRUSTID, Inc. will take the testimony by deposition upon oral examination of Defendant Next Caller Inc., regarding the topics of examination set forth in the attached Schedule A in accordance with the definitions set forth therein. The deposition will proceed at the time, place, and date agreed upon in writing by counsel for the parties. The deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day until completed. The testimony will be recorded by videotape, stenographic means, or both. Live Note may be used.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Next Caller shall designate one or more officers, directors, managing agents, or other persons who consent to testify on Next Caller's behalf as to each of the topics of examination set forth in the attached Schedule A. Next Caller is requested to advise counsel for Plaintiff of the identity of the individual(s) who will testify regarding each topic of examination at least one week in advance of the deposition. You are invited to attend and cross-examine the witness(es).

<div style="display: flex;">

<div>

Date: June 24, 2019

OF COUNSEL:

Jonathan Tuminaro
Michael D. Specht
Byron L. Pickard
Dan Block
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
jtuminar@sternekessler.com
mspecht@sternekessler.com
bpickard@sternekessler.com
dblock@sternekessler.com

*Attorneys for Plaintiff TRUSTID, Inc.*

</div>

<div>

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

/s/ *Pilar G. Kraman*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

</div>

</div>

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to all topics for examination:

1. The term "TRUSTID" shall refer to (i) the named plaintiff TRUSTID, Inc. (ii) any predecessors in interest; (iii) any and all of its present and former divisions, subsidiaries, parents and other business entities directly or indirectly controlled by, or affiliated with TRUSTID, and including any and all predecessors thereof; (iv) as well as all present and former directors, officers, partners, owners, employees, staff members, sales representatives, consultants, contractors, attorneys, counsel, agents, representatives and all other persons acting or purporting to act on behalf of TRUSTID.

2. The term "Next Caller" shall refer to (i) the named defendant Next Caller Inc.; (ii) any predecessors in interest; (iii) any and all of its present and former divisions, subsidiaries, parents and other business entities directly or indirectly controlled by, or affiliated with Next Caller, and including any and all predecessors thereof; (iv) as well as all present and former directors, officers, partners, owners, employees, staff members, sales representatives, consultants, contractors, attorneys, counsel, agents, representatives and all other persons acting or purporting to act on behalf of Next Caller.

3. The phrase "the '985 patent" means and refers to U.S. Patent No. 9,001,985.

4. The phrase "the '532 patent" means and refers to U.S. Patent No. 8,238,532.

5. The phrase "the '913 patent" means and refers to U.S. Patent No. 9,871,913.

6. The phrases "Patents-in-Suit" or "Asserted Patents" mean and refer to the '985 patent, the '532 patent, and/or the '913 patent and any other patent Plaintiffs accuse Defendant of infringing in this action.

7. "Next Caller Products" means any caller-authentication product or service developed, in the process of being developed, considered, sold, or offered for sale by Next Caller, including but not limited to VeriCall™.

8. "Referral Agreement" refers to the agreement entitled "TRUSTID REFERRAL AGREEMENT" between TRUSTID and Next Caller, dated December 20, 2016.

9. "TRUSTID Information" means any information TRUSTID shared with Next Caller after entering into the Referral Agreement.

## TOPICS FOR EXAMINATION

1. The operation and functionality of the Next Caller Products, including how customers or potential customers use, would use, or have used the Next Caller Products.

2. The integration of the Next Caller Products into a customer's or potential customer's telephone system, including how customers or potential customers integrate, would integrate, or have integrated the Next Caller Products into their telephone systems.

3. The support for the Next Caller Products provided by or on behalf of Next Caller to customers and potential customers, including (i) any pre-integration support or training provided by or on behalf of Next Caller for the Next Caller Products, (ii) any integration support or training provided by or on behalf of Next Caller for the Next Caller Products, and (iii) any support, training, or warranty and repair services provided by or on behalf of Next Caller after integration of the Next Caller Products.

4. ████████████████████████████████████████████████████████████████

5. Next Caller's understanding of how call signaling data, such as SIP INVITE messages are processed or used by its customers.

6. Next Caller's understanding of the network interface that captures or otherwise gathers call signaling data from a carrier network.

7. Next Caller's understanding of how session border controllers and other network equipment are used or have been used to collect information about incoming calls.

8. Next Caller's understanding of how session border controllers are used or have been used to forward or otherwise send information to Next Caller Products, including the VeriCall platform.

9. Any Next Caller appliances sold or otherwise provided to third parties to capture and/or route information to Next Caller Products, including the VeriCall platform.

10. ███████████████████████████████████████████████████████████████████
████████████████████████████████

11. The contents and timing of signal traffic between the VeriCall platform and hardware at customers or call centers.

12. How Next Caller Products, including the VeriCall platform, processes, uses or has used information in SIP INVITE messages to generate a metric for authentication.

13. How Next Caller Products, including the VeriCall platform, uses or has used switch and/or trunk identifiers to generate a metric for authentication.

14. How Next Caller Products, including the VeriCall platform, uses or has used call velocity to generate a metric for authentication.

15. How Next Caller Products, including the VeriCall platform, uses or has used third-party information to generate a metric for authentication, including proprietary information such as X-Headers and Diversion headers.

16. How Next Caller Products, including the VeriCall platform, is used with Verizon IPTF, Verizon IPIVR, and HostConnect.

17. How Next Caller Products, including the VeriCall platform, uses or has used publicly available data to generate a metric for authentication.

18. The data inputs to VeriCall's machine learning algorithms used for authentication of incoming calls and/or the calling party.

19. Next Caller's understanding of how SageMaker or other machine learning platforms/algorithm is used or has been used with Next Caller Products.

20. Recommendations Next Caller gives or has given to customers or potential customers on how authentication scores can or should be used within IVR processes.

21. Next Caller's understanding of the testing that has been or being performed to demonstrate proof of concept for Next Caller Products.

22. The ability of Next Caller Products to perform an analysis or gather information pre-answer, including any marketing materials or other documentation that describe the Next Caller Products as being capable of performing an analysis or gathering information pre-answer.

23. Next Caller's knowledge concerning the network infrastructure or telephony infrastructure of its customers or potential customers, including any communications and documents regarding such infrastructure.

24. How Next Caller Products determine and calculate a risk score.

25. Next Caller's knowledge regarding how its customers or potential customers use the risk score, including how it is used in IVR systems.

26. How Next Caller Products determine whether a call is fraudulent or authentic.

27. The proprietary algorithm used by Next Caller Products.

28. The functionality and development of each version of the source code for the Next Caller Products.

29. Any database systems used with the Next Caller Products, and the information stored thereon, including knowledge of the organization of such databases, such as schema.

30. The process by which Next Caller Products receive data from customer IVR systems.

31. The differences between each version of Next Caller Products, including changes made to Next Caller Products as a result of customer requests, and the time periods and customers to which each model was marketed.

32. The similarities and differences between Next Caller Products and TRUSTID's caller authentication products.

33. The research, development, and testing of Next Caller Products.

34. The decisions and reasons to develop the Next Caller Products.

35. ███████████████████████████████████████████████████████████

36. The promotion and marketing strategy, materials, and procedures of Next Caller Products, including how Next Caller identifies potential customers and the documents and materials sent to potential customers.

37. Communications with customers and potential customers regarding Next Caller Products, including set-up and configuration of Next Caller Products.

38. Projected sales, market share, sales volumes, revenue, market projections or analyses, or consumer profiles relating to Next Caller Products.

39. Pricing models relating to Next Caller Products.

40. The number of calls processed through the API of the Next Caller Products.

41. Next Caller's relationship and interactions with Capital One.

42. Next Caller's claims that Next Caller Products can provide "10% higher IVR containment," "50 cents per call savings," and "save 30 seconds handle time."

43. Next Caller's knowledge of the Asserted Patents.

44. Next Caller's document collection and production in this litigation.

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, Esquire, hereby certify that on July 1, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on July 1, 2019, I caused the foregoing document to be served by e-mail upon the following counsel:

Kristen Healey Cramer
Dana K. Severance
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street
Suite 1200
Wilmington, DE 19801
 (302) 252-4348
kristen.cramer@wbd-us.com
dana.severance@wbd-us.com

Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
MCDERMOTT WILL& EMERY LLP
500 North Capitol Streeet NW
Washington DC 20001
(202) 756-8000
pschoenhard@mwe.com
njantzi@mwe.com
ibrooks@mwe.com

*Attorneys for Next Caller Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
pkraman@ycst.com

Dated: July 1, 2019

*Attorneys for TRUSTID, Inc.*

23028924.1