# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

TRUSTID, INC.,

            Plaintiff,

            v.

NEXT CALLER INC.,

            Defendant.

Civil Action No: 18-172-MN

## PLAINTIFF TRUSTID, INC.'S OPENING BRIEF
## IN SUPPORT OF IT'S MOTION FOR ESTOPPEL

STERNE, KESSLER, GOLDSTEIN & FOX, PLLC

Jonathan Tuminaro
Michael D. Specht
Byron L. Pickard
Daniel S. Block
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
jtuminar@sternekessler.com
mspecht@sternekessler.com
bpickard@sternekessler.com
dblock@sternekessler.com

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiff TRUSTID, Inc.*

Dated: April 27, 2020

# TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ............................................................................... 1

II.    NATURE AND STAGE OF THE PROCEEDINGS ......................................... 3

III.   STATEMENT OF FACTS ................................................................................. 3

     A.    The '985 patent describes and claims novel techniques for determining the credibility of a calling party number before a caller is connected to an agent. ...... 3

     B.    Next Caller petitioned for IPR of the '985 patent, and the PTAB issued its final written decision on February 24, 2020. ......................................................... 4

IV.   ARGUMENT ........................................................................................................ 6

     A.    Section 315(e)(2) broadly prohibits IPR petitioners from raising a validity challenge in a district-court case based any art that reasonably could have been raised in the IPR—not just the art that actually was raised. ......................... 6

     B.    Section 315(e)(2) estops Next Caller from raising any art-based validity challenge to the '985 patent in this case. ........................................................... 10

          1.    Next Caller actually raised Martin, Kealy, and Abramson as grounds for unpatentability in the IPR. ................................................................... 10

          2.    Next Caller reasonably could have raised Schwartz, Mollett, and Goldman as a grounds of unpatentability during the IPR. ...................... 11

          3.    Next Caller's apparent position that the statutory estoppel is limited in application to the precise ground presented to the PTAB—not just references presented—has no legal support. ............................................ 12

V.    CONCLUSION .................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am Tech. Ceramics Corp. v. Presidio Components, Inc.*,
2019 WL 365709 (E.D.N.Y. Jan. 30, 2019) ...................................................................8

*Bio-Rad Labs., Inc. v. I0XGenomics, Inc.*,
No. 15-152, D.I. 228 (D. Del. Sept. 26, 2017)................................................................8

*Duncan v. Walker*,
533 U.S. 167 (2001) .......................................................................................................7

*F'real Foods, LLC v. Hamilton Beach Brands, Inc.*,
No. 16-0041-CFC, 2019 WL 1558486 (D. Del. Apr. 10, 2019)............................................10

*Intellectual Ventures I LLC v. Toshiba Corp.*,
221 F. Supp. 3d 534 (D. Del. 2016)..............................................................................2, 9

*Milwaukee Electric Tool Corp. v. Snap-On Inc.*,
271 F. Supp. 3d 990 (E.D. Wis. 2017)..............................................................................9

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
2017 WL 4478236 (E.D. Tex. Sept. 26, 2017) .................................................................9

*Novartis et al. v. Par Pharm. Inc.*,
No. 14-1289, D.I. 198 (D. Del. Apr. 11, 2019)................................................................8

*Palomar Techs., Inc. v. MRSI Sys., LLC*,
373 F. Supp. 3d 322 (D. Mass. 2019) ..............................................................................9

*Parallel Networks Licensing, LLC v. IBM Corp.*,
No. 13-2072, 2017 WL 1045912 (D. Del. Feb. 22, 2017)...................................7, 10, 11, 12

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
No. 12-1461-LPS-CJB, 2017 WL 239326 (D. Del. Jan. 19, 2017).....................................2, 9

*SAS Inst., Inc. v. Iancu*,
138 S. Ct. 1348 (2018).................................................................................................2, 9

*Sharp v. United States*,
580 F.3d 1234 (Fed. Cir. 2009)......................................................................................7

*Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*,
817 F.3d 1293 (Fed. Cir. 2016)...............................................................................2, 9, 10

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
    330 F. Supp. 3d 574 (D. Mass. 2018) .......................................................................8

*Wasica Finance GmbH et al v. Schrader Int'l Inc.*,
    No. 13-1353-LPS, 2020 WL 1150135 (D. Del. Jan. 14, 2020) ...................................8, 11, 12

*Wi-Lan Inc. v. LG Elecs., Inc.*,
    421 F. Supp. 3d 911 (S.D. Cal. 2019) .....................................................................9, 10, 13

**Statutes**

35 U.S.C. § 315(e)(2) ...................................................................................... *passim*

35 U.S.C. § 316(a)(11) ...........................................................................................6

**Other Authorities**

157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Grassley) ........................8, 10

## I.      SUMMARY OF ARGUMENT

Next Caller is precluded from raising any of its art-based invalidity challenges to U.S.

Patent No. 9,001,985 ("'985 patent") in this case. The Patent Trial and Appeal Board recently

issued a final written decision in an *inter partes* review of the '985 patent brought by Next

Caller. As a result, Next Caller is statutorily barred from raising any invalidity ground against the

'985 patent here that Next Caller "raised or reasonably could have raised during that inter partes

review." 35 U.S.C. § 315(e)(2). Here, Next Caller's art-based grounds of invalidity to the '985

patent consist of six items of patent literature—two primary references (Martin and Schwartz)

and four secondary references (Kealy, Mollett, Abramson, Goldman). But Martin, Kealy, and

Abramson were actually raised in the IPR and therefore without question cannot be raised here to

invalidate the '985 patent. And no credible case can be made that Next Caller could not have

reasonably raised its grounds based on Schwartz, Mollett, and Goldman in the IPR. Schwartz and

Mollett were applied during prosecution and appear on the face of the '985 patent. And the PTO

lists Goldman (itself a patent) in the same technology subclass as the '985 patent. So Schwartz,

Mollet, and Goldman would have been easily identified by a skilled searcher conducting a

diligent search. Therefore, Next Caller should not be allowed to present any of its art-based

invalidity grounds here as to the '985 patent.

Shortly after the FWD issued, TRUSTID wrote to Next Caller, outlining the same

reasoning from the preceding paragraph. Next Caller disagreed, taking the position that Section

315(e)(2) applies only to the art that it *actually* raised in the IPR and applies only to the

particular way that art was presented in the IPR:

> Next Caller's invalidity contentions, however, present additional prior art
> references and grounds not presented in the petition or addressed in the PTAB's
> Final Written Decision, including Schwartz, Goldman, Mollett, Martin, and
> Abramson, and various combinations thereof. Accordingly, Next Caller is not

estopped from presenting at trial prior art references in such non-petitioned grounds.

Ex. 3, 2020.03.03 I. Brooks Letter, at 1. To support this proposition, Next Caller cited the

Federal Circuit's decision in *Shaw* and two decisions of this Court that are easily distinguished.

*Id.* (citing *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir.

2016); *Intellectual Ventures I LLC v. Toshiba Corp.*, 221 F. Supp. 3d 534, 554 (D. Del. 2016);

*Princeton Digital Image Corp. v. Konami Digital Entm't. Inc.*, No. 12-1461-LPS-CJB, 2017 WL

239326, at *4 n.10 (D. Del. Jan. 19, 2017)).

For example, *Shaw* reasoned that the petitioner could not have reasonably raised a ground

of unpatentability *during* the IPR because it had tried to do so in its petition but the PTAB had

denied that effort in a partial institution decision—the notion being that the partial denial on that

particular ground conclusively demonstrated that the petitioner could not have raised the ground

*during* the IPR. But those facts are not represented here; Next Caller never petitioned for any

ground based on Schwartz, Mollet, or Goldman. And the two cases Next Caller cites from this

Court are outliers that are of dubious value following the Supreme Court's decision in *SAS*. *SAS*

*Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018) (holding that the Director is not authorized to issue

partial institution decisions). Indeed, since the Supreme Court's *SAS* decision, this Court and

other district courts have consistently held that IPR estoppel applies to any prior art or prior-art

combination that reasonably could have been raised, even if not actually raised in the IPR.

Strikingly absent from any of Next Caller's communications on this issue is any claim

that Schwartz, Mollett, or Goldman could not have been discovered by a diligent search in time

to be included in its IPR petition. Indeed, all three references are U.S. patent literature, meaning

each can be found with keyword searches using the USPTO's own online database (never mind

that two of the references are listed on the face of the '985 patent).

2

## II.      NATURE AND STAGE OF THE PROCEEDINGS

TRUSTID filed this action against Next Caller on January 30, 2018, accusing Next Caller of infringing the '985 patent. D.I. 2. On April 13, 2018, TRUSTID filed its first amended complaint, adding U.S. Patent Nos. 8,238,532 ("'532 patent) and 9,871,913 ("'913 patent"). D.I. 16. TRUSTID filed its second amended complaint on June 5, 2019. D.I. 104. The Court issued a claim-construction ruling on August 2, 2019. D.I. 138. Fact discovery closed August 20, 2019, and expert discovery closed December 13, 2019. On January 15, 2020, Next Caller filed a motion for summary judgment of non-infringement (D.I. 161), a motion for summary judgment of no false advertising (D.I. 159), and a *Daubert* motion to exclude the testimony of TRUSTID's damages expert, Stephen A. Holzen (D.I.166). Oral argument on Next Caller's dispositive motions was held on April 7, 2020. The Court denied the *Daubert* motion on April 21, 2020. D.I. 223. The other two dispositive motions are still pending. A five-day jury trial is scheduled to begin July 13, 2020.

## III.      STATEMENT OF FACTS

### A.      The '985 patent describes and claims novel techniques for determining the credibility of a calling party number before a caller is connected to an agent.

The '985 patent is directed to authentication technology that "discover[s] and report[s] the trustworthiness and credibility of calling party number information." '985 patent, D.I. 164 at Ex. 3, 3:64–4:3. For example, the disclosed techniques gather information about the incoming call. *Id.* at 4:18–23. The system then determines a confidence metric based on the gathered information. *Id.* at 4:35–65. These techniques can be employed before the caller speaks to an agent ("pre-answer"). *Id.* at 4:8–11.

The '985 patent was allowed over both Schwartz and Mollett. In particular, the Examiner rejected various claims based on prior-art combinations that included Schwartz and Mollett. Ex.

5, '985 Pros. Hist., 2014.04.16 Office Action at 5-12. After an Examiner interview and an Amendment and Reply (Ex.6, '985 Pros. Hist., 2014.07.10 Interview Summary, 2014.10.15 Amendment and Reply), the Examiner allowed the then-pending application claims (Ex. 7, '985 Pros. Hist., 2015.01.06 Notice of Allowability). Because Schwartz and Mollett had been applied and overcome during prosecution, these references now appear on the face of the '985 patent. '985 patent at (56) ("References Cited").

Although Goldman was not applied during prosecution, it is indexed in the same International Classification subclass as the '985 patent. *Compare* '985 patent at (51) (identifying the '985 patent as being in subclass H04M) *with* Goldman at (51) (identifying Goldman as being in subclass H04M). U.S. patents are also indexed according to the United States Patent Classification System (USPC). Under the USPC, Goldman is indexed in Class 379 ("Telephonic Communications") and Subclass 127.01 ("Having line identification associated with call billing (e.g., automatic number identification (ANI)"). *See* Goldman at (52); *see also* Ex. 1, Class Schedule for Class 379 TELEPHONIC COMMUNICATIONS.pdf. The Class 379 and Subclass 127.01 is listed in the Field of Classification Search for the '985 patent. *See* '985 patent at (58). If one enters a search string that is limited to Class 379 and Subclass 127.01 along with the key words "ANI" and "caller ID" (two phrases that are used repeatedly throughout the '985 patent), the USPTO database returns results of only 17 patents—with Goldman being the fifth result. *See* Ex. 2, Patent Database Search Results_ccl_379_127.01 and ANI and _caller ID_ in US Patent Collection.pdf.

### B. Next Caller petitioned for IPR of the '985 patent, and the PTAB issued its final written decision on February 24, 2020.

On October 5, 2018, Next Caller petitioned for IPR of the '985, presenting obviousness grounds based on three references, Martin, Abramson, and Kealy. As an exhibit to the petition,

Next Caller submitted the file history for the '985 patent, which shows that both Schwartz and Mollett were applied during prosecution. But Next Caller's IPR Petition made no mention of the Schwartz or Mollett references. The PTAB instituted IPR against the '985 patent on February 25, 2019.

During the IPR, Next Caller introduced Schwartz and Goldman with their Petitioner Reply. Next Caller's IPR expert testified that he believes he was aware of Schwartz at the time that Next Caller filed its IPR petition:

Q. Were you aware of Schwartz at the time you wrote your initial declaration?

A. *I believe I was.* I, I'm going on memory here, but I, I believe I was.

Ex. 4, Geier Tr. 62:7-10 (emphasis added). And Next Caller's IPR expert also testified that he probably found Goldman in one of his searches:

Q. Do you remember how you became aware of the Goldman reference?

A. I may have been given that document to review, or it could have, *probably could have been in a batch that I had done some searches on.* I don't, really don't remember.

*Id.*, 63:13-18 (emphasis added).

Roughly four-and-a-half months after filing its IPR petition, Next Caller served its Initial Invalidity Contentions in this case, contending that Schwartz, Mollett, and Goldman (and other references) were invalidating art as to all claims of the '985 patent. Next Caller later finalized these contentions, narrowing them to just six references:

| Reference | Identifier | Reliance |
|---|---|---|
| U.S. Publication No. 2007/0201625 | ("Martin") | primary reference |
| U.S. Publication No. 2008/0084975 | ("Schwartz") | primary reference |
| U.S. Patent No. 7,912,192 | ("Kealy") | secondary reference |
| U.S. Publication No. 2003/0225686 | ("Mollett") | secondary reference |
| U.S. Publication No. 2007/0081648 | ("Abramson") | secondary reference |
| U.S. Patent No. 6,996,217 | ("Goldman") | secondary reference |

Next Caller has not included in its invalidity contentions any prior-art *product* or other art that is not eligible to form a ground of unpatentability in an IPR.

On February 24, 2020, the PTAB issued the FWD in the IPR, concluding that:

- Next Caller had demonstrated by a preponderance of evidence that claims 1-7, 12-14, 16-18, and 22 are unpatentable (claims 1, 3, and 4 are asserted here)[1]; and

- Next Caller had not demonstrated unpatentability with respect to claims 8-11, 15, and 19-21, (claim 10 is asserted here).

Next Caller and TRUSTID have both requested rehearing of the PTAB's decision. While the PTAB is obligated by statute to issue a final written decision within one year of instituting an IPR, 35 U.S.C. § 316(a)(11), the PTAB is not bound by statute or regulation to issue a decision on a rehearing request within a specified period of time.

## IV. ARGUMENT

### A. Section 315(e)(2) broadly prohibits IPR petitioners from raising a validity challenge in a district-court case based any art that reasonably could have been raised in the IPR—not just the art that actually was raised.

"A broad estoppel provision prevents *inter partes* review petitioners from raising

---

[1] Next Caller has stated that TRUSTID is collaterally estopped from asserting the claims found unpatentable in the IPR. TRUSTID disagrees, at least because it has sought rehearing of these findings before the PTAB and these findings are reviewable on appeal.

arguments in federal court that could have been raised during their IPRs." *Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-2072, 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017) (Jordan, J.), aff'd, 721 F. App'x 994 (Fed. Cir. 2018). This conclusion is required by the plain language of Section 315(e)(2) and is well supported by the legislative history of the statute and by the persuasive reasoning of this Court's decisions on the issue.

Beginning, as one must, with the statutory language, Section 315(e)(2) plainly applies to art that was actually raised in an IPR and to any art that *could have been raised*—limiting the latter category only on the basis of reasonableness:

> The petitioner in an *inter partes* review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised **or reasonably could have raised** during that *inter partes* review.

35 U.S.C. § 315(e)(2) (emphases added). Construing 315(e)(2) to apply only to the art and grounds that were actually raised—as Next Caller would have it—cannot be correct because it would violate the statutory-construction cannon against surplusage. The reading that TRUSTID urges here—estoppel applies both to the art and grounds that were, in fact, raised in the IPR and to art and grounds that were not raised, but reasonably could have been—gives effect to the entire statutory language. In contrast, Next Caller's apparent reading does not, and should therefore be rejected. *See Sharp v. United States*, 580 F.3d 1234, 1238 (Fed. Cir. 2009) (rejecting a statutory interpretation that "would violate the canon that we must 'give effect, if possible, to every clause and word of a statute' and should avoid rendering any of the statutory text meaningless or as mere surplusage") (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

This reading also squares with the legislative history of the statute. In particular, Senator Grassley explained how adding "reasonably" to the statute was intended to soften the estoppel effect, but he did so in a way that only makes sense if the estoppel could apply beyond the art

and grounds that were actually raised in an IPR:

> The present bill also softens the could-have-raised estoppel that is applied by inter
> partes review against subsequent civil litigation by adding the modifier
> ''reasonably.'' It is possible that courts would have read this limitation into current
> law's estoppel. Current law, however, is also amenable to the interpretation that
> litigants are estopped from raising any issue that it would have been physically
> possible to raise in the inter partes reexamination, even if only a scorched-earth
> search around the world would have uncovered the prior art in question. Adding
> the modifier ''reasonably'' ensures that could-have-raised estoppel extends only to
> that prior art which a skilled searcher conducting a diligent search reasonably could
> have been expected to discover.

Leahy-Smith America Invents Act, 157 CONG. REC. S1375 (daily ed. Mar. 8, 2011) (statement of

Sen. Grassley).

Underscoring the soundness of this reading, this Court has repeatedly concluded that IPR

estoppel applies to any prior art or prior-art combination that reasonably could have been raised,

even if not actually raised in the IPR. *Novartis et al. v. Par Pharm. Inc.*, No. 14-1289, D.I. 198

(D. Del. Apr. 11, 2019) (Andrews, J.) (Ex. 9)  (noting that "the majority of District Courts have

determined that IPR estoppel applies to any prior art that reasonably could have been raised,

even if not actually raised in the IPR proceeding"); *Bio-Rad Labs., Inc. v. I0XGenomics, Inc.*,

No. 15-152, D.I. 228 at 28:17-29:14 (D. Del. Sept. 26, 2017) (Andrews, J.) (Ex. 10). In fact,

Chief Judge Stark concluded that the estoppel under § 315(e)(2) applies to a prior-art reference

that "was previously raised in [an] IPR" and to "14 other patents or prior art publications [that]

reasonably could have been raised in the IPR." *Wasica Finance GmbH et al v. Schrader Int'l*

*Inc.*, No. 13-1353-LPS, 2020 WL 1150135 at *4 (D. Del. Jan. 14, 2020).

Other district courts have similarly applied IPR estoppel broadly to preclude all grounds

that reasonably could have been raised in an IPR. *See, e.g.*, *Am Tech. Ceramics Corp. v. Presidio*

*Components, Inc.*, No. 14-6544-KAM-GRB, 2019 WL 365709, at *2, 4-5 (E.D.N.Y. Jan. 30,

2019); *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 602 (D. Mass. 2018);

*Milwaukee Electric Tool Corp. v. Snap-On Inc.*, 271 F. Supp. 3d 990, 1029-30 (E.D. Wis. 2017); *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 11-492-RWS-KNM, 2017 WL 4478236, at *5 (E.D. Tex. Sept. 26, 2017).

Although *Shaw* limited the impact of Section 315(e)(2), this result was premised on the fact that the IPR in question involved a partial institution decision. *Shaw*, 817 F.3d at 1300. Judges in this District have noted that *Shaw*'s rationale substantially narrows Section 315(e)(2) estoppels. *See Intellectual Ventures*, 221 F. Supp. 3d at 553-54 ("Although extending the above logic to prior art references that were never presented to the PTAB at all (despite their public nature) confounds the very purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*."); *Princeton Digital*, 2017 WL 239326, at *4 n.10 ("The language used in *Shaw Indus.* seems to suggest an even more petitioner-friendly view of the scope of estoppel under Section 315(e)(2)—i.e., that even had the PTAB instituted review of claims 14, 19, or 20 in a proceeding in which Harmonix was the petitioner, and even if it had issued a Final Written Decision as to those claims, if the PTAB had not instituted review of the claims in view of the grounds for invalidity at issue here, then Harmonix and EA would not be estopped from raising those grounds in the First Counterclaim.").

But *Shaw*'s rationale is specific to partial-institution scenarios that did not happen here and that can never happen again post-*SAS*. *See Wi-Lan Inc. v. LG Elecs., Inc.*, 421 F. Supp. 3d 911, 923 (S.D. Cal. 2019) ("*SAS* rendered the circumstances addressed by the Federal Circuit in *Shaw* a nullity."); *Palomar Techs., Inc. v. MRSI Sys., LLC*, 373 F. Supp. 3d 322, 331 (D. Mass. 2019) (noting that, after *SAS*, "there will be no such thing as a ground raised in the petition as to which review was not instituted"). The *Wi-Lan* court further explained:

> There can no longer be such a thing as a non-instituted ground, *i.e.*, a ground raised
> in an IPR petition that the PTAB declines to review when granting institution of the
> IPR. As such, for the phrase "reasonably could have been raised during that inter
> partes review" in 35 U.S.C. § 315(e)(2) to have any meaning, it must refer to
> grounds that were not actually in the IPR petition, *i.e.*, non-petitioned grounds, but
> "reasonably could have been" included in the petition.

421 F. Supp. 3d at 923. Thus, *Shaw*'s rationale for narrow estoppels under Section 315(e)(2) no

longer applies post-*SAS*.

Finally, in applying the "reasonably could have raised" standard, the judges in this

District have at least twice adopted Senator Grassley's language and held that the "reasonably

could have raised" prong includes "any references that were known to the petitioner or that could

reasonably have been discovered by 'a skilled searcher conducting a diligent search.'" *Parallel*

*Networks*, 2017 WL 1045912, at *11 (relying on 157 CONG. REC. S1375 (daily ed. Mar. 8, 2011)

(statement of Sen. Grassley)); *see also F'real Foods, LLC v. Hamilton Beach Brands, Inc.*, No.

16-0041-CFC, 2019 WL 1558486, at *2 (D. Del. Apr. 10, 2019) (Connolly, J.) (same). In

assessing whether Next Caller could have "reasonably" raised any of its current invalidity

grounds in the IPR, the Court should also apply this diligent-search standard as doing so would

comport with the statutory language and its legislative history.

**B.     Section 315(e)(2) estops Next Caller from raising any art-based validity
         challenge to the '985 patent in this case.**

Next Caller is precluded from raising any of its art-based challenges to the validity of the

'985 patent because all of the invalidity grounds in its Final Infringement Contentions were

either actually raised in the IPR or reasonably could have been raised in the IPR.

**1.      Next Caller actually raised Martin, Kealy, and Abramson as grounds
          for unpatentability in the IPR.**

The Court should preclude Next Caller from advancing any invalidity theory in this case

based on Martin, Kealy, or Abramson because Next Caller actually "raised" these references as a

ground of unpatentability during the *inter partes* review. As such, there can be no dispute that these references "were known to the petitioner." *Parallel Networks*, 2017 WL 1045912, at *11. Next Caller is therefore precluded from relying on any of these references at trial. *Wasica*, 2020 WL 1150135, at *4 (finding that the defendant was estopped from raising any obviousness grounds based on Oselin—a reference that was actually raised during an IPR).

**2.      Next Caller reasonably could have raised Schwartz, Mollett, and Goldman as a grounds of unpatentability during the IPR.**

Next Caller is also precluded under 35 U.S.C. § 315(e)(2) from advancing any invalidity theory in this case based on Schwartz, Mollett, and Goldman because Next Caller could have reasonably raised unpatentability grounds based on these references in the IPR.

Both Schwartz and Mollett were applied during prosecution and appear on the face of the '985 patent. *See supra* Section III.A. Next Caller submitted the file history of the '985 patent as an exhibit to its petition for IPR and is therefore charged with knowledge of Schwartz and Mollett. *Id.* Naturally, Next Caller has not articulated to TRUSTID why it could not have reasonably identified these references and included them in its IPR petition. To be sure, any argument that it was unreasonable for Next Caller to "discover" prior art listed on the face of the '985 patent would be incredible, in the extreme. *See supra* Section III.B.

And even though Goldman is not listed on the face of the '985 patent, it too could have been easily uncovered with a diligent search of the art. Goldman is not a foreign-language reference, a little known poster shown at a conference, or an obscure dissertation housed in the dusty stacks of a little-known college. Rather it is a U.S. Patent, easily found with keyword searching on the USPTO's freely available databases. To be sure, an actual search of the USPTO website confirms the ease with which Goldman could have been located. *See supra* Section III.A. Not only that, Goldman is indexed in the same International Classification subclass as the

'985 patent. *See id.* As such, Goldman would have been easily identified by a skilled searcher conducting a diligent search. In fact, Next Caller's IPR expert testified that he "probably" found Goldman in one of his searches, while not recalling whether the search was difficult or extraordinary in any way. *See supra* Section III.B. And, confirming the relative ease in finding Goldman, Next Caller identified Goldman in its initial invalidity contentions just four-and-half months after it filed its IPR petition.

Because Schwartz and Mollett were included in the '985 prosecution history and Schwartz, Mollet, and Goldman could have all been identified by a skilled searcher conducting a diligent search, Next Caller "reasonably could have raised" each of these prior-art references during the IPR. *See Parallel Networks*, 2017 WL 1045912, at *11. Next Caller is therefore precluded from raising any grounds of invalidity based on Schwartz, Mollett, and Goldman. *Wasica*, 2020 WL 1150135, at *4 (finding that the defendant was estopped from raising any obviousness grounds based on "14 other patents or prior art publications [that] reasonably could have been raised in the IPR").

> ### 3. Next Caller's apparent position that the statutory estoppel is limited in application to the precise ground presented to the PTAB—not just references presented—has no legal support.

Next Caller's letter disputing the consequence of the FWD makes a striking (but slightly obtuse) claim that it is not estopped from raising prior-art challenges based on "non-petitioned grounds:"

> Next Caller's invalidity contentions, however, present additional prior art *references and grounds not presented in the petition* or addressed in the PTAB's Final Written Decision, including Schwartz, Goldman, Mollett, Martin, and Abramson, and various combinations thereof. Accordingly, Next Caller is not estopped from presenting at trial prior art references in such non-petitioned grounds.

Ex. 3, 2020.03.03 I. Brooks Letter, at 1. As confirmed in the parties' meet-and-confer calls on this issue, Next Caller contends that it is free to raise Martin and Abramson as invalidating art in

this case, notwithstanding that these references were actually raised in the IPR, because Next Caller is presenting Martin and Abramson in a different way in this case than it presented them in the IPR. There is no legal support for Next Caller's reading of the statute.

The language of Section 315(e)(2) is not limited to the specific evidence or combinations of prior-art references from the IPR, but instead broadly applies to "any ground that the petitioner raised or *reasonably could have raised*." 35 U.S.C. § 315(e)(2) (emphasis added). And at least case from this District has squarely rejected Next Caller's wooden reading of Section 315(e)(2). *Wasica*, 2020 WL 1150135, at *3-*4. The Court here should do the same.

Lastly, even if Next Caller is correct that it is somehow presenting different grounds here than in the IPR (despite using the same art), it is still estopped because there can be no plausible reason to conclude that Next Caller could not have reasonably raised the very same prior-art combination in the IPR as it did here—just a few months later.

## V.    CONCLUSION

For the foregoing reasons, the Court should enter an order precluding Next Caller under 35 U.S.C. § 315(e)(2) from raising any prior-art invalidity challenges of the '985 patent at trial.

Dated: April 27, 2020

OF COUNSEL:

Jonathan Tuminaro
Michael D. Specht
Byron L. Pickard
Daniel S. Block
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
jtuminar@sternekessler.com
mspecht@sternekessler.com
bpickard@sternekessler.com
dblock@sternekessler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiff TRUSTID, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam W. Poff, Esquire, hereby certify that on April 27, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on April 27, 2020, I caused the foregoing document to be served by e-mail upon the following counsel:

Kristen Healey Cramer
Dana K. Severance
Nicholas T. Verna
Womble Bond Dickinson (US) LLP
1313 North Market Street
Suite 1200
Wilmington, DE 19801
(302) 252-4348
kristen.cramer@wbd-us.com
dana.severance@wbd-us.com
Nicholas.verna@wbd-us.com

Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
MCDERMOTT WILL& EMERY LLP
500 North Capitol Streeet NW
Washington DC 20001
(202) 756-8000
pschoenhard@mwe.com
njantzi@mwe.com
ibrooks@mwe.com

*Attorneys for Next Caller Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

Dated: April 27, 2020

*Attorneys for TRUSTID, Inc.*

23028924.1