IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-172 (MN) |
| | ) |
| NEXT CALLER INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

At Wilmington this 30th day of April 2020:

Presently before the Court is the motion (D.I. 159) of Defendant Next Caller, Inc. ("Next Caller" or "Defendant") for summary judgment on Plaintiff's false advertising claims (Counts X and XI of the Second Amended Complaint (D.I. 104)). Defendant's motion has been fully briefed (*see* D.I. 160, 164-65, 179-81, 186-87, 189, 205, 209, 214) and, on April 7, 2020, the Court heard oral argument on the motion (*see* D.I. 228). For the reasons set forth below, Defendant's motion is GRANTED-IN-PART and DENIED-IN-PART.

1. Plaintiff asserts false advertising claims regarding four of Defendant's marketing statements: that Defendant's caller-authentication system has the capabilities to (i) "Save $0.50 per call," (ii) "Save 30 secs handle time," and (iii) "INCREASE 10% IVR Containment Rate," and that it (iv) "performs its analysis 'pre-Answer' to include 'pre-IVR.'"[1] (D.I. 179 at 7).

---

[1] Plaintiff clarified at the hearing that it is challenging Defendant's advertising of "pre-answer" analysis only to the extent "pre-answer" in this context includes "pre-IVR."

2.     Plaintiff conceded at the hearing that it is not arguing that the buying public has been deceived by Defendant's advertising.[2,3]  Plaintiff argues only that the contested statements are either literally false or "completely unsubstantiated" and thus "per se false."

3.     Defendant presents evidence tending to substantiate the first three contested statements – the "Save $0.50 per call," "Save 30 secs handle time," and "INCREASE 10% IVR Containment Rate" claims.  (D.I. 186 at 2-3; D.I. 205 ¶¶ 4-8).  The parties dispute, however, whether the evidence cited actually substantiates the "INCREASE 10% IVR Containment Rate" statement.  (*E.g.*, D.I. 209 ¶ 8; D.I. 214 ¶ 8).  And other evidence suggests that Defendant fabricated that statement.  (*See* D.I. 214 ¶ 6).  No evidence, however, indicates that the other two of these statements were fabricated or otherwise undercuts Defendant's substantiation evidence for those two statements.[4]  (*Cf.* D.I. 179 at 9 ("Given . . . clear admissions that at least one of the claims is

---

[2]     "There are two different theories of recovery for false advertising under section 43(a) of the Lanham Act: (1) an advertisement may be false on its face[, *i.e.*, literally false]; or (2) the advertisement may be literally true, but given the merchandising context, it nevertheless is likely to mislead and confuse consumers." *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993).  Under the first theory, the Court need not consider the advertisement's impact on the buying public.  *Id.*  Under the second, however, the challenged statement's "tendency to violate the Lanham Act by misleading, confusing or deceiving should be tested by public reaction." *Id.*  Additionally, "although the plaintiff normally has the burden to demonstrate that the defendant's advertising claim is false, a court may find that a completely unsubstantiated advertising claim by the defendant is *per se* false without additional evidence from the plaintiff to that effect." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 591 (3d Cir. 2002).

[3]     Moreover, there is no evidence in the record indicating the public was deceived.

[4]     Plaintiff objected to the admissibility of some of the evidence cited by Defendant in support of the "Save $0.50 per call" and "Save 30 secs handle time" claims, (*see* D.I. 209 at 1-3); however, other un-objected-to evidence in the record also tends to substantiate those claims, (*see* D.I. 209 at 2 ¶ 5 (Plaintiff challenging "documents" but not deposition testimony cited in support of statement "From 2014-2017, the average length of agent-handled security and identification checks in a contact center was approximately 32 seconds."); D.I. 165 at 99-100 (Ex. 19 at 62:10 – 63:22) (transcript from deposition of

not true . . . .")).  Thus, a genuine issue of material fact remains regarding whether the "INCREASE 10% IVR Containment Rate" claim is "completely unsubstantiated," but no such issue remains for the "Save $0.50 per call" or "Save 30 secs handle time" advertisements.[5]

4. A genuine issue of material fact also remains regarding the falsity of the fourth statement at issue – that Defendant's caller-authentication system "performs its analysis 'pre-Answer' to include 'pre-IVR.'"  Defendant did not dispute the statement in Plaintiff's Response and Counterstatement of Undisputed Material Facts (D.I. 209) that "Next Caller stated that VeriCall performs a 'Pre-Answer Analysis,' meaning that 'calls are flagged pre-answer to enable strategic routing,' . . . and that the 'earliest analysis point' occurs 'Pre-IVR.'" (*See* D.I. 214 at 4 & ¶ 13 (modifications and internal citations omitted)).  Yet Defendant has also taken the position in response to Plaintiff's patent infringement claims that its customer-authentication service analyzes customer information post-IVR.  (*See, e.g.*, D.I. 108 at 18-19, ¶¶ 13-14, 20).  Thus, a genuine issue of material fact remains as to the falsity of the fourth challenged statement.

---

Defendant's Vice President of Marketing, Samuel Espinosa, pursuant to Rule 30(b)(6)) ("30 seconds as a means to identify a person on the phone is generally accepted as the amount of time it takes, and 50 cents equates roughly to that because it is, again, also very common in industry understanding that the cost of a phone call is around a dollar a minute"); D.I. 187 ¶ 2-9 (declaration of Samuel Espinosa) (averring that Defendant's product "analyzes and scores a call within 200 milliseconds," that Defendant's "marketing statements are based on market research, client conversations, industry knowledge, and math," and that Espinosa "reviewed the documents Plaintiff challenged as inadmissible "when determining the content of Next Caller's marketing materials")).

[5] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court must "draw all reasonable inferences in favor of the nonmoving party," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000), and ask "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5. As such, Defendant is entitled to summary judgment of no false advertising as to the statements that its caller-authentication system has the capability to "Save $0.50 per call" and "Save 30 secs handle time,"[6] but is not entitled to such summary judgment for the other two contested marketing statements.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for summary judgment of Plaintiff's false advertising claims in Counts X and XI (D.I. 159) is DENIED-IN-PART and GRANTED-IN-PART.

                                                      */s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[6] The movant is "entitled to judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *accord Conoshenti v. Public Serv. Elec. & Gas. Co.*, 364 F.3d 135, 140 (3d Cir. 2004).