IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 18-172 (MN) |
| NEXT CALLER INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 8th day of May 2020:

Presently before the Court is the motion (D.I. 161) of Defendant Next Caller, Inc. ("Next Caller" or "Defendant") for summary judgment of Plaintiff's patent infringement claims (Counts I through IX of the Second Amended Complaint (D.I. 104)). Defendant's motion has been fully briefed, (*see* D.I. 162-65, 182-83, 188-89, 206, 210, 215), and, on April 7, 2020, the Court heard oral argument, (*see* D.I. 228). For the reasons set forth below, Defendant's motion is DENIED.

1. Defendant asserts three arguments in support of its motion for summary judgment of Plaintiff's patent infringement claims[1]: (1) "the asserted claims of the Patents-in-Suit require performing an analysis of calling party number information before the call is answered, *i.e.*, before the line goes off the hook," "[b]ut in every implementation of the sole accused product, Next Caller's VeriCall service, the analysis is performed and a score returned only after the incoming call has been answered"; (2) "the asserted claims [of the '913 Patent] require that a 'discrepancy detector is . . . ancillary to an originating service provider network element that provides a

---

[1] The claims at issue stem from United States Patent Nos. 9,001,985 ("the '985 Patent"), 8,238,532 ("the '532 Patent"), and 9,871,913 ("the '913 Patent") (collectively, "the Patents-In-Suit").

1

telephone line for the calling party placing the call request'" and VeriCall is not "ancillary to" an originating service provider network in any implementation; and (3) Plaintiff "lacks evidence demonstrating direct infringement of" the asserted claims of the '985 Patent.[2,3] (D.I. 162 at 1-4).

2. Defendant's first argument – that the asserted claims all require pre-answer analysis and VeriCall is invoked post-answer – is insufficient at least because a genuine dispute of material fact persists regarding whether VeriCall is invoked pre- or post-answer.[4] As Plaintiff points out, Defendant has repeatedly characterized VeriCall "as performing analysis 'pre-answer.'" (D.I. 210 at 7-8 ¶ 6 (citing examples)). Defendant disputes the import of these characterizations, arguing they are marketing statements and "that 'answer' as used in the technical context of the asserted

---

[2] Defendant seeks summary judgment on all infringement claims in the Second Amended Complaint. Plaintiff, however, stated in its Answer that it "has dropped its allegations of infringement for claims 13, 18, and 19 of the '985 [P]atent," (D.I. 182 at 11 n.6), and "does not intend to pursue a claim of direct infringement of the '913 [P]atent (Count VII)," (*id.* at 27 n.15). Those claims are therefore dismissed and Defendant's motion as to them is moot.

[3] Defendant initially argued that several of the parties' disagreements relevant to this motion amounted to claim construction disputes that required the Court's intervention. (*See, e.g.*, D.I. 188 at 4-7, 9 (discussing "before the incoming call is answered," "answer," and Defendant's first summary judgment argument); *id.* at 9-11 (discussing "ancillary to" and Defendant's second summary judgment argument); *id.* at 12-13 (discussing "associated with" and Defendant's third summary judgment argument)). The parties have since, however, informed the Court that no further claim construction is required. (*See* D.I. 221, 222). As such, these arguments are moot.

[4] Although the parties stipulated that "answer," as used in the asserted claims, means "actually or virtually [goes/going] off hook," (*see* D.I. 75, Ex. A at 3-4; D.I. 138 at 1), they now dispute which "answer" counts for determining infringement – the answer by an agent or the first answer. (*See, e.g.*, D.I. 182 at 12-14, 21-24; D.I. 188 at 4-9). Although, as noted, the parties have agreed that no further claim construction is necessary, Defendant still argues that Plaintiff should be prohibited from presenting its so-called "agent answer," "IVR answer," and "second call" theories to the jury for risk of jury confusion, and requests that the Court address those concerns in this order. (D.I. 222). Because those issues are irrelevant to resolution of Defendant's summary judgment arguments, however, the Court will not consider them here. Should Defendant's concerns persist, Defendant may raise them if appropriate via a motion in limine.

2

patents" has a different meaning than "answer" as "used in the marketing context." (D.I. 215 at 1 ¶ 6). Defendant, however, has provided no basis (and the Court sees none) to ignore Defendant's marketing statements simply because they are non-technical. Thus, a genuine dispute of material fact persists regarding whether VeriCall is invoked post-answer.[5] As such, Defendant's argument fails.

3. Similarly, Defendant's second purported basis for summary judgment – that VeriCall does not meet the "ancillary to" limitation of the '913 Patent – is also impeded by a material factual dispute. "Expert testimony regarding whether an accused device falls within the scope of a court's claim construction is appropriate and raises a factual issue for the jury to resolve." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. Feb. 11, 2016). The parties stipulated that "ancillary to" in this context means "coupled as an adjunct to." (D.I. 79, Ex. A at 7-10). The parties' experts have subsequently offered conflicting opinions on whether VeriCall, as implemented, meets that definition. (*Compare* D.I. 183, Ex. 1 (Plaintiff's Expert's Opening Report) ¶¶ 419-21, *and id.*, Ex. 2 (Plaintiff's Expert's Reply Report) ¶¶ 65-67, *with* D.I. 164, Ex. 2 (Defendant's Expert's Rebuttal Report) ¶¶ 182-94). Nevertheless, Defendant argues Plaintiff has not presented any evidence that the customer implementation Plaintiff's expert analyzed in his opinion is representative of how VeriCall is implemented for the rest of Defendant's customers. (*See* D.I. 188 at 11-12). Plaintiff's expert, however, noted that he

---

[5] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000), and ask "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented," *Anderson*, 477 U.S. at 248.

discussed one VeriCall customer implementation "by way of example," but his analysis applied to all VeriCall customer implementations. (*See* D.I. 183, Ex. 2 ¶ 67). Thus, his opinion, in conjunction with Defendant's expert's opinion, creates a genuine dispute of material fact regarding whether VeriCall meets the "ancillary to" limitation of the '913 Patent in all of its implementations. *See EMC Corp.*, 154 F. Supp. 3d at 109. Resolving that dispute is a task for the jury. *See id.*

    4.    Finally, a genuine dispute of material fact also exists regarding whether Defendant directly infringes the asserted claims of the '985 Patent.[6] Defendant asserts that "VeriCall does not directly infringe claim 1 of the '985 Patent because it is undisputed that VeriCall, as an independent service, is not an 'electronic system associated with the called party telephonic device' as required by claim 1."[7] (D.I. 162 at 33). Yet that is not undisputed. (*See* D.I. 210 at 6 ¶ 39). Plaintiff's expert has opined that VeriCall meets all the limitations of claim 1 of the '985 Patent. (*See* D.I. 183, Ex. 1 ¶¶ 225-83). Most relevant here, he stated that VeriCall "provides an 'electronic system'" and "is 'associated with the called party telephonic device.'" (*Id.* ¶ 247). Defendant's expert disagrees. (D.I. 164, Ex. 2 ¶¶ 104-06). This conflicting testimony creates a material factual dispute regarding whether VeriCall falls within the ambit of the asserted claims of the '985 Patent, precluding summary judgment.[8]

THEREFORE, IT IS HEREBY ORDERED that: (1) Defendant's motion for summary judgment of Plaintiff's infringement claims (D.I. 161) is DENIED; (2) Plaintiff's infringement

---

[6] It was unclear from Defendant's presentation at the hearing whether it still asserts this argument. (*See, e.g.*, D.I. 228 at 34:25 – 35:5). Nevertheless, the discussed factual dispute precludes summary judgment.

[7] The other asserted claims of the '985 Patent depend from claim 1. *See* '985 Patent, cl. 3, 4, 10; (*see also* D.I. 182 at 28 (asserting VeriCall directly infringes claims 1, 3, 4, and 10)).

[8] *See* Fed. R. Civ. P. 56(a); *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 248.

allegations for claims 13, 18, and 19 of the '985 Patent are DISMISSED; and (3) Plaintiff's claim of direct infringement of the '913 Patent (Count VII) is DISMISSED.

_____
The Honorable Maryellen Noreika
United States District Judge
