## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TRUSTID, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 18-172-MN |
| NEXT CALLER INC., | REDACTED -- <br> PUBLIC VERSION |
| Defendant. | |

## **[PROPOSED] FINAL PRETRIAL ORDER**

**Plaintiff's Counsel:**

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

Michael D. Specht
Byron L. Pickard
Jonathan Tuminaro
Daniel S. Block
Lauren A. Watt
Matthew M. Zuziak
Steven Pappas
STERNE, KESSLER, GOLDSTEIN, & FOX, P.L.L.C.
1100 New York Avenue, N.W. Suite 600
Washington, D.C. 20005
(202) 371-2600
mspecht@sternekessler.com
bpickard@sternekessler.com
jtuminar@sternekessler.com
dblock@sternekessler.com
lwatt@sternekessler.com
mzuziak@sternekessler.com
spappas@sternekessler.com

**Defendant's Counsel**:

Kristen Healey Cramer (No. 4512)
Dana Kathryn Severance (No. 4869)
Nicholas Verna (No. 6082)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
(302) 252-4320
kristen.cramer@wbd-us.com
dana.severance@wbd-us.com
nick.verna@wbd-us.com

Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 758-8000
pschoenhard@mwe.com
njantzi@mwe.com
ibrooks@mwe.com

# TABLE OF CONTENTS

I.     NATURE OF THE CASE ........................................................................................... 1

II.    FEDERAL JURISDICTION ..................................................................................... 3

III.   FACTS ....................................................................................................................... 4

    A.   Uncontested Facts ........................................................................................... 4

    B.   Contested Facts ............................................................................................... 4

IV.    ISSUES OF LAW ..................................................................................................... 5

V.     WITNESSES ............................................................................................................. 5

    A.   List of Witnesses that TRUSTID Expects to Call ................................................ 6

    B.   List of Witnesses that Next Caller Expects to Call............................................. 6

    C.   Testimony by Deposition..................................................................................... 7

    D.   Impeachment with Prior Inconsistent Testimony ................................................. 9

    E.   Objections to Expert Testimony .......................................................................... 9

VI.    EXHIBITS ................................................................................................................. 9

    A.   Exhibits and Demonstratives for Opening Statements ........................................ 12

    B.   Exhibits for Direct Examination ......................................................................... 12

    C.   Demonstratives for Direct Examination .............................................................. 13

VII.   TRUSTID'S STATEMENT OF INTENDED PROOF .......................................... 14

VIII.  NEXT CALLER'S STATEMENT OF INTENDED PROOF................................. 16

IX.    AMENDMENTS OF THE PLEADINGS ............................................................... 23

X.     CERTIFICATION OF GOOD-FAITH SETTLEMENT EFFORTS............................ 23

XI.    MOTIONS IN LIMINE ........................................................................................... 23

XII.   OTHER MATTERS ................................................................................................. 23

    A.   Length of trial ...................................................................................................... 23

    B.   Motions for Judgment as a Matter of Law........................................................... 24

    C.   Jurors and Jury Procedures ................................................................................. 24

    D.   Set-up of Electronic Equipment.......................................................................... 25

    E.   Other Stipulations ............................................................................................... 25

## I.     NATURE OF THE CASE

1.     This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3(c). The parties are Plaintiff TRUSTID, Inc. ("TRUSTID") and Defendant Next Caller Inc. ("Next Caller").

2.     TRUSTID filed suit against Next Caller on January 30, 2018, alleging Next Caller misappropriated TRUSTID's trade secrets and infringed U.S. Patent No. 9,001,985 ("the '985 patent"). (D.I. 2). On April 13, 2018, TRUSTID filed its First Amended Complaint (D.I. 16), which added an alternative claim for trade-secret misappropriation under Oregon law, patent-infringement claims for two additional TRUSTID patents, U.S. Patent Nos. 8,238,532 ("the '532 patent") and 9,871,913 ("the '913 patent") (with the '985 patent, "the Patents-in-Suit"), a tortious interference with prospective economic advantage claim under Delaware law, an intentional interference with economic relations claim under Oregon law, and false-advertising claims under federal and Delaware law. (D.I. 16). On March 25, 2019, the Court dismissed TRUSTID's trade-secret and tortious-interference claims, finding that these claims should be filed in Colorado per a forum-selection clause in the parties' agreement. (D.I. 76).

3.     On February 22, 2019, TRUSTID filed a motion for leave to file a Second Amended Complaint "to clarify its direct and indirect infringement positions for the three asserted patents in this case" (D.I. 66), which the Court granted on June 6, 2019. (D.I. 105). On June 19, 2019, Next Caller filed its Answer and Counterclaims to TRUSTID's Second Amended Complaint (D.I. 108), and TRUSTID filed an Answer to Next Caller's Counterclaims on July 3, 2019. (D.I. 121). Next Caller denies that it infringes any asserted claim of the Patents-in-Suit.  Next Caller further contends that the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102,

1

103, and/or 112.[1]  Next Caller also contends that its advertising claims did not and do not violate the Lanham Act or the DTPA.

4.       The Court held a *Markman* hearing on June 3, 2019 and issued its claim construction opinion and order on August 2, 2019. (D.I. 137, D.I. 138). The parties completed fact discovery on September 17, 2019, and completed expert-witness discovery on December 13, 2019.

5.       On October 5, 2018 and April 11, 2019, Next Caller challenged the validity of certain claims of the Patents-In-Suit by filing petitions for *inter partes* review with the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"). On October 16, 2019, the PTAB exercised its discretion under 35 U.S.C. § 314(a) to deny Next Caller's petitions challenging the validity of all claims of the '532 patent. IPR2019-00961 (Paper 10) and IPR2019-00962 (Paper 10) because this Court would conduct a trial on similar grounds before the PTAB would issue a final written decision. On October 28, 2019, the PTAB denied institution of Next Caller's petition challenging the validity of all claims of the '913 patent. IPR2019-00963 (Paper 8).

6.       On February 24, 2020, the PTAB issued a Final Written Decision determining some challenged claims of the '985 patent as unpatentable, finding claims 1-7, 12-14, 16-18, and 22 as unpatentable, and finding claims 8-11, 15, and 19-21 as not unpatentable. IPR2019-00039 (Paper 67 – Confidential). On March 25, 2020, TRUSTID filed a request for rehearing of the Final Written Decision as to those claims found unpatentable. IPR2019-00039 (Paper 71 – Confidential).  The PTAB denied TRUSTID's request for rehearing on April 27, 2020.  IPR2019-00039 (Paper 72).

---

[1] In TRUSTID's view, Next Caller's expert, Arthur Brody, has not provided any opinions on invalidity under 35 U.S.C. §§ 101 or 112. Accordingly, TRUSTID objects to any attempt by Next Caller to adduce testimony from Dr. Brody on these issues as beyond the scope of his expert report.

7.      On April 21, 2020, the Court denied Next Caller's motion to preclude trial testimony of Stephen A. Holzen, a damages expert retained by TRUSTID. (D.I. 223).

8.      On April 30, 2020, the Court issued an order granting-in-part and denying-in-part Next Caller's motion for summary judgment of no false advertising. (D.I. 229).

9.      On May 8, 2020, the Court denied Next Caller's motion for summary judgment of no infringement. (D.I. 231).

10.     A pretrial conference is scheduled on July 6, 2020 at 4:30 p.m. A five-day jury trial in this matter is scheduled to start on July 13, 2020.

## II.    FEDERAL JURISDICTION

11.     This Court has federal-question jurisdiction over this action because it arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125 *et seq.*

12.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338; the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*; and the Lanham Act, 15 U.S.C. § 1125 *et seq.*

13.     This Court has supplemental jurisdiction over TRUSTID's claim arising under the laws of Delaware, pursuant to 28 U.S.C. § 1367(a), because the state law claim of False Advertising is so related to TRUSTID's federal law claims that it forms part of the same case or controversy and derives from a common nucleus of operative facts.

14.     This Court has personal jurisdiction over Next Caller at least because Next Caller is incorporated in this District. Next Caller has not raised any challenge to the Court's exercise of personal jurisdiction over it in this case.

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least

because Next Caller is a resident and corporate citizen of this District, and is incorporated in this District.

16.     The parties do not dispute personal jurisdiction or venue for the purpose of this action.

17.     The parties do not dispute that TRUSTID is the owner of the Patents-in-Suit and has standing to bring suit.

18.     Facts supporting jurisdiction are set forth in the joint statement of facts that are admitted and require no proof attached as **Exhibit 1**.

III.    **FACTS**

        A.    **Uncontested Facts**

19.     The parties' joint statement of facts that are admitted and require no proof is attached as **Exhibit 1**. TRUSTID proposes that the statement of undisputed facts should include basic facts that are not the subject of any reasonable dispute (such as ownership of the patents) as well as facts that Next Caller admitted in its pleadings and during discovery in response to interrogatories and requests for admission. Next Caller proposes that the statement of undisputed facts should include basic facts that are not the subject of any reasonable dispute (such as the public availability of patents and patent publications) as well as facts that TRUSTID admitted in its pleadings and during discovery in response to interrogatories and requests for admission.  The parties have identified in **Exhibit 1** the additional undisputed facts that they contend should be admitted at trial without further proof.

        B.    **Contested Facts**

20.     TRUSTID's Statement of Issues of Fact that Remain to be Litigated is attached as **Exhibit 2P**.

21.     Next Caller's Statement of Issues of Fact that Remain to be Litigated is attached as **Exhibit 2D**.

## IV.     ISSUES OF LAW

22.     TRUSTID's Statement of the Issues of Law that Remain to be Litigated is set forth in **Exhibit 3P**.

23.     Next Caller's Statement of the Issues of Law that Remain to be Litigated is set forth in **Exhibit 3D**.

## V.     WITNESSES

24.     The presentation of evidence will follow the burden of proof.  TRUSTID will go first, presenting its case-in-chief on infringement, false advertising, and damages.  Next Caller will then present its response to TRUSTID's case-in-chief and its case-in-chief on invalidity.[2] TRUSTID will then present its response to Next Caller's case-in-chief and any rebuttal on infringement, false advertising, and damages. Next Caller will present any rebuttal evidence on invalidity.

25.     The parties have prepared good-faith lists of witnesses expected to be called at trial, either live or by deposition, including a "will call" list and a "may call" list.

26.     Any witness not listed will be precluded from testifying, absent good cause shown.

27.     The parties agree that fact witnesses will be sequestered.  The parties agree that expert witnesses need not be sequestered.

28.     The listing of a witness on a party's witness list does not require that party to call

---

[2] To the extent Next Caller calls its expert, Arthur Brody, to testify on both non-infringement and invalidity, the parties agree that Dr. Brody's cross-examination on non-infringement can be conducted by one attorney and then Dr. Brody's cross-examination on invalidity can be conducted by a different attorney.

that witness to testify, either live or by deposition.

29.     The parties agree that they shall provide the other side with final notice of each witness they will call live, in the order the witnesses are expected to testify, by 7:00 p.m. two days before the witness is to be called. The other party shall identify any objections to such witnesses by 9:00 p.m. the following day. The parties shall then meet and confer regarding all objections by 10:00 p.m. the day objections are provided, and, to the extent the objections are not resolved by the meet and confer, they will inform the Court the next morning of said objections for resolution as the Court sees fit.

30.     The parties will endeavor to give each other 24 hours' notice before concluding with its evidence and turning the case over to the other party.

**A.      List of Witnesses that TRUSTID Expects to Call**

31.     TRUSTID's witness list, attached as **Exhibit 4P**, identifies the names of the witnesses TRUSTID will or may call to testify at trial and also identifies whether the witness will testify in person or by deposition. For expert witnesses, the subject matter on which TRUSTID will ask the Court to recognize the witness's expertise is indicated. The parties agree that experts will be called live.

**B.      List of Witnesses that Next Caller Expects to Call**

32.     Next Caller's witness list, attached as **Exhibit 4D,** identifies the names of the witnesses Next Caller will or may call to testify at trial and also identifies whether the witness will testify in person or by deposition. For expert witnesses, the subject matter on which Next Caller will ask the Court to recognize the witness's expertise is indicated. The parties agree that experts will be called live.  TRUSTID objects to Next Caller's to call Tanner Ezell for the reasons set forth in TRUSTID's Motion *in Limine* No. 2. TRUSTID also objects to Next Caller's stated intent to

call witnesses it controls by deposition designation.

### C.    Testimony by Deposition

33.    Use of deposition testimony shall be governed by Rule 32 of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

34.    The deposition testimony that TRUSTID may offer into evidence is identified in **Exhibit 5P**.

35.    The deposition testimony that Next Caller may offer into evidence is identified in **Exhibit 5D**. TRUSTID objects to Next Caller's stated intent to call Jeffrey Kirchick and Samuel Espinosa by deposition designation when Next Caller indicated that these individuals will be called to testify live at trial.

36.    The parties agree that objections and statements by counsel will not be introduced except where necessary to understand the answer to the question. The parties agree that exhibit(s) referenced in a designated deposition excerpt may be presented and shown to the jury at the same time that the excerpt is played or read.

37.    The pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none of the foregoing may be supplemented without approval of all parties or leave of the Court, on good cause shown. Any party may use testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all objections.

38.    For any witness whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played or read to the jury and the proposed exhibits used in the designations by 7:00 p.m. four (4) days before the designations are to be played or read to the jury.  Any objections to the testimony and/or exhibits and any counter-

designations with proposed exhibits shall be provided by 9:00 p.m. the following day.  The parties

shall meet-and-confer by 10:00 p.m. the day the objections are provided.  If there are objections

that remain to be resolved, the party calling the witness by deposition shall, no later than two

calendar days before the witness is to be called at trial, submit, on behalf of all parties: (i) A copy

of the entire deposition testimony of the witness at issue, clearly highlighting the designations,

counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending

objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis

for the objection and the offering party's response to it. Failure to comply with these procedures,

absent an agreement by the parties and approval by the Court, will result in waiver of the use of

the deposition testimony or waiver of objection to the use of the deposition testimony.

39.     All irrelevant and redundant material, including colloquy between counsel and

objections, will be eliminated when the deposition is read or viewed at trial.

40.     When the witness is called to testify by deposition at trial, the party calling the

witness shall provide the Court with two copies of the transcript of the designations and counter-

designations that will be read or played. An additional copy shall be provided to the court reporter.

41.     A designation and any corresponding counter-designations will be read or played

by video in chronological order at the same time.  However, a party is permitted to read or play by

video designations (along with corresponding counter-designations) in any order desired so as, for

example, to minimize jury confusion that may result from disorganized presentation.  The parties

will be charged for all time that elapses from the time the witness is called until the next witness

is called, according to the proportions to be provided by the parties.

42.     The party offering the testimony is responsible for preparing video deposition clips

of all designated testimony to be presented by video for that witness.  A copy of the video

deposition clips shall be provided to the opposing party no later than 9:00 p.m. the day before the deposition testimony is expected to be played, or inform the opposing party that the deposition will be read into the record.

43.     For those witnesses whose depositions or prior trial testimony will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the company to which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties.  However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

44.     If a party intends to use deposition testimony during its opening statement, the party shall disclose the testimony by 7:00 p.m. on the day before opening statements. The other party shall identify any objections by 9:00 p.m. that evening. The parties shall then meet and confer by 10:00 p.m. that evening.

### D.     Impeachment with Prior Inconsistent Testimony

45.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose. The parties agree that they may object to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

### E.     Objections to Expert Testimony

46.     The parties agree that the Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures, and that a failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony.

The time taken to argue and decide such objections will be charged to the losing party.

## VI.   EXHIBITS

47.    This pretrial order contains the maximum universe of exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted unless good cause is shown.

48.    The parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

49.    TRUSTID's list of trial exhibits that it intends to offer at trial, including Next Caller's objections, is attached as **Exhibit 6P**. TRUSTID reserves the right to use any exhibit identified by Next Caller, and use exhibits not listed for rebuttal or impeachment.

50.    Next Caller's list of trial exhibits that it intends to offer at trial, including TRUSTID's objections, is attached as **Exhibit 6D**. Next Caller reserves the right to use any exhibit identified by TRUSTID, and use exhibits not listed for cross-examination, rebuttal or impeachment.

51.    The parties joint list of trial exhibits they intend to offer at trial, including objections, is attached as **Exhibit 6**.

52.    Each party reserves the right to add any exhibits used in any deposition yet to occur in this case or any additional documents subsequently produced.

53.    Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party. If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it

10

is being offered.

54.     The parties agree that exhibits to be used or offered into evidence solely for cross-examination impeachment need not be included on the lists of trial exhibits. The parties agree that exhibits to be used or offered into evidence solely for cross-examination or impeachment need not be disclosed in advance of being offered at trial.

55.     The parties agree that written answers to interrogatories or requests for admission served or stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them.

56.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wished to admit the documents. Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

57.     No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.  The parties agree to provide witness binders for each fact and expert witness.  At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.  Except with respect to exhibits used during opening statements, for which a party has a good-faith belief will be admitted into evidence, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without

requesting to do so.

58.     Any trial exhibit that was produced in discovery by a party and that on its face appears to have been authored by an employee, officer, or agent of the party producing such document, shall be deemed a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901.

59.     The parties will exchange final digital copies of their exhibits, with exhibit numbers, 7 days before the first day of trial.  The parties shall make available for inspection, at a mutually convenient time, physical exhibits to be used at trial, labeled with an exhibit number.

60.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

### A.     Exhibits and Demonstratives for Opening Statements

61.     The parties agree that they shall provide the other side with notice of specific identification of exhibits expected to be used during that party's opening statement and all demonstrative exhibits expected to be used during that side's opening statement by 7:00 p.m. on the day before the first day of trial. The other party shall identify any objections to demonstrative exhibits and any objections to the admissibility of the exhibits sought to be used during opening statements by 9:00 p.m. that evening. The parties shall then meet and confer by 10:00 p.m. that evening regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before opening statements of said objections for resolution as the Court sees fit. The notice provision of this paragraph does not apply to enlargement, highlighting, ballooning, or other annotations of trial exhibits or designated deposition testimony.

### B.     Exhibits for Direct Examination

62.     A party will identify exhibits to be used in connection with each direct examination

(either live or by deposition) by 7:00 p.m. the night before their intended use on a witness-by-witness basis (e.g., the exhibits for a direct examination on Wednesday must be disclosed by 7:00 p.m. on Tuesday). The other party will provide its objections by 9:00 p.m. the same night. To the extent necessary, the parties shall meet and confer by 10:00 p.m. the night before the use of any exhibits in order to resolve any objections. If good-faith efforts to resolve the objections fail, the party objecting to the exhibits shall raise its objections with the Court no later than the morning on the day of the exhibits' anticipated use.

### C.     Demonstratives for Direct Examination

63.     A party will provide demonstratives to be used in connection with each direct examination by 7:00 p.m. the night before their intended use (e.g., the demonstratives for a direct examination on Wednesday must be disclosed by 7:00 p.m. ET on Tuesday) on a witness-by-witness basis. The other party will provide its objections by 9:00 p.m. the same night. To the extent necessary, the parties shall meet and confer by 10:00 p.m. the night before the use of any demonstratives in order to resolve any objections. If good-faith efforts to resolve the objections fail, the party objecting to the demonstratives shall raise its objections with the Court no later than the morning of the demonstratives' anticipated use.

64.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side electronically via a video or similar file, or on a DVD or CD.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

65.     These provisions do not apply to demonstrative exhibits created in the courtroom during trial testimony or the enlargement, highlighting, ballooning, or other annotations of trial

exhibits, testimony or designated deposition testimony.

66.     A party may publish demonstrative exhibits to the jury immediately upon introduction of such demonstrative exhibits with a witness. The parties agree that demonstrative exhibits should not be admitted.

## VII.     TRUSTID'S STATEMENT OF INTENDED PROOF

67.     By way of summary, TRUSTID intends to prove the following at trial.

68.     TRUSTID intends to prove that Next Caller has directly infringed claims 32, 34-38, 48, and 50 of the '532 patent and claims 1, 3, 4, and 10 of the '985 patent by developing, testing, using, distributing, and selling VeriCall. Accordingly, Next Caller is liable for direct infringement, either literally or under the doctrine of equivalents, of these claims pursuant to 35 U.S.C. § 271(a).

69.     TRUSTID intends to prove that Next Caller is liable for indirect infringement by actively inducing infringement of claims 1, 3, 5, 14, 15, and 18 of the '913 patent; claims 32, 34-38, 48, and 50 of the '532 patent; and claims 1, 3, 4, and 10 of the '985 patent, pursuant to 35 U.S.C. § 271(b).

70.     TRUSTID intends to prove that Next Caller has sold and continues to sell, offer to sell, or import into the United States products and services knowing that they are especially made or adapted to operate in a way that infringes claims 1, 3, 5, 14, 15, and 18 of the '913 patent; claims 32, 34-38, 48, and 50 of the '532 patent; and claims 1, 3, 4, and 10 of the '985 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use. Accordingly, Next Caller is liable for indirect infringement by way of contributory infringement of the asserted claims of the Patents-in-Suit pursuant to 35 U.S.C. § 271(c).

71.     TRUSTID intends to prove that Next Caller's infringement of the Patents-in-Suit

14

was willful.

72.     TRUSTID intends to prove that damages should be awarded to TRUSTID due to Next Caller's infringement of the Patents-in-Suit; that as a result of Next Caller's infringement, TRUSTID is entitled to lost profits or, at a minimum, a reasonable royalty as set forth in the reports of TRUSTID's expert, Stephen A. Holzen; that TRUSTID should be awarded its costs and reasonable attorneys' fees under at least 35 U.S.C. § 285; and that TRUSTID is entitled to permanent injunctive relief enjoining Next Caller from further infringement of any of the Patents-in-Suit.

73.     TRUSTID intends to prove Next Caller's direct and indirect infringement of the asserted claims of the Patents-in-Suit through its expert witnesses, fact witnesses, admissions, declarations against interest, and evidence adduced at trial.

74.     TRUSTID intends to prove that Next Caller is liable for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and Next Caller's false advertising has harmed and will continue to harm TRUSTID.

75.     TRUSTID intends to prove that Next Caller is liable for false advertising and disparaging statements in violation of Delaware's Uniform Deceptive Trade Practices Act, and Next Caller's false advertising has harmed and will continue to harm TRUSTID.

76.     TRUSTID intends to prove that as a result of Next Caller's violations of the Lanham Act, 15 U.S.C. § 1125, and Delaware's Uniform Deceptive Trade Practices Act, TRUSTID has suffered direct and consequential damages and is entitled to recover compensatory damages, including costs and enhanced damages in an amount to be proven at trial.

77.     TRUSTID intends to prove that Next Caller intentionally engaged in false advertising, and that TRUSTID is entitled to punitive monetary damages as a result of Next

Caller's false advertising, through its expert witnesses[3], fact witnesses, admissions, declarations against interest, and evidence adduced at trial.

78.     TRUSTID intends to rebut Next Caller's allegations that there is clear and convincing evidence that any of the asserted claims of the Patents-in-Suit are anticipated by the prior art under 35 U.S.C. § 102, or obvious in light of prior art under 35 U.S.C. § 103.

79.     TRUSTID intends to rebut Next Caller's allegations that there is clear and convincing evidence that any of the asserted claims of the Patents-in-Suit are invalid or unenforceable under 35 U.S.C. § 112.

80.     TRUSTID intends to rebut Next Caller's allegations that there is clear and convincing evidence that the Patents-in-Suit fail to claim patentable subject matter under 35 U.S.C. § 101.

## VIII.     NEXT CALLER'S STATEMENT OF INTENDED PROOF

81.     Below is a brief statement of what Next Caller intends to prove as part of its defenses:

82.     Next Caller intends to rebut that it is liable for direct infringement of any asserted claim of the '985 Patent and the '532 Patent.

83.     Next Caller intends to rebut that it is liable for indirect infringement of any asserted claim of the '985 Patent, '532 Patent, and '913 Patent.

84.     Next Caller intends to prove that TRUSTID is not entitled to any damages for direct or indirect infringement of any asserted claim of the '985 Patent, '532 Patent, and '913 Patent.

---

[3] Next Caller understands that TRUSTID's experts have not provided any opinions on TRUSTID's entitlement to damages for false advertising or the amount of such damages. Accordingly, Next Caller objects to any attempt by TRUSTID to adduce testimony from any TRUSTID expert on these issues as beyond the scope of the expert reports.

85.     Specifically, Next Caller intends to rebut that it has directly infringed claims 1, 3, 4 or 10 of the '985 Patent, either under a theory of literal infringement or under the doctrine of equivalents.  Next Caller further intends to rebut that it has induced infringement of claims 1, 3, 4, or 10 of the '985 Patent.  Next Caller further intends to rebut that it is liable for contributory infringement of claims 1, 3, 4, or 10 of the '985 Patent.  And more specifically, Next Caller intends to rebut that the VeriCall service and each customer implementation of the VeriCall service directly or indirectly infringes claims 1, 3, 4, or 10 of the '985 Patent.

86.     Next Caller also intends to prove that claims 1, 3, 4, or 10 of the '985 Patent are invalid.  Specifically, Next Caller intends to prove that claims 1, 3, 4, or 10 of the '985 Patent are invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter.[4]  Next Caller further intends to prove that claims 1, 3, 4, and 10 of the '985 Patent are invalid under 35 U.S.C. § 102 as anticipated.  Next Caller further intends to prove that claims 1, 3, 4, and 10 of the '985 Patent are invalid under 35 U.S.C. § 103 as obvious.

87.     Next Caller also intends to rebut that it has directly infringed claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent, either under a theory of literal infringement or under the doctrine of equivalents.  Next Caller further intends to rebut that it has induced infringement of claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent.  Next Caller further intends to rebut that it is liable for contributory infringement of claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent.  And more specifically, Next Caller intends to rebut that the VeriCall service and each customer implementation of the VeriCall service directly or indirectly infringes claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent.

---

[4] In TRUSTID's view, Next Caller's expert, Arthur Brody, has not provided any opinions on this issue. Accordingly, TRUSTID objects to any attempt by Next Caller to adduce testimony from Dr. Brody on this issue as beyond the scope of his expert report.

88.     Next Caller also intends to prove that claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent are invalid.  Specifically, Next Caller intends to prove that claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent are invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter.[5]  Next Caller further intends to prove that claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent are invalid under 35 U.S.C. § 102 as anticipated.  Next Caller further intends to prove that claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent are invalid under 35 U.S.C. § 103 as obvious.  Next Caller further intends to prove that claim 48 of the '532 Patent is invalid under 35 U.S.C. § 112 as indefinite.[6]

89.     Next Caller also intends to rebut that it has induced infringement of claims 1, 3, 5, 14, 15, or 18 of the '913 Patent.  Next Caller further intends to rebut that it is liable for contributory infringement of claims 1, 3, 5, 14, 15, or 18 of the '913 Patent.  And more specifically, Next Caller intends to rebut that each customer implementation of the VeriCall service indirectly infringes claims 1, 3, 5, 14, 15, or 18 of the '913 Patent.

90.     Next Caller also intends to prove that claims 1, 3, 5, 14, 15, or 18 of the '913 Patent are invalid.  Specifically, Next Caller intends to prove that claims 1, 3, 5, 14, 15, or 18 of the '913 Patent are invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter.[7]  Next Caller further intends to prove that claims 1, 3, 5, 14, 15, or 18 of the '913 Patent are invalid under 35

---

[5] In TRUSTID's view, Next Caller's expert, Arthur Brody, has not provided any opinions on this issue. Accordingly, TRUSTID objects to any attempt by Next Caller to adduce testimony from Dr. Brody on this issue as beyond the scope of his expert report.

[6] In TRUSTID's view, Next Caller's expert, Arthur Brody, has not provided any opinions on this issue. Accordingly, TRUSTID objects to any attempt by Next Caller to adduce testimony from Dr. Brody on this issue as beyond the scope of his expert report.

[7] In TRUSTID's view, Next Caller's expert, Arthur Brody, has not provided any opinions on this issue. Accordingly, TRUSTID objects to any attempt by Next Caller to adduce testimony from Dr. Brody on this issue as beyond the scope of his expert report.

U.S.C. § 102 as anticipated.  Next Caller further intends to prove that claims 1, 3, 5, 14, 15, or 18 of the '913 Patent are invalid under 35 U.S.C. § 103 as obvious.

91.     Next Caller intends to prove that TRUSTID is not entitled to any monetary damages for Next Caller's alleged infringement of the '985 Patent under a theory of literal infringement, infringement under the doctrine of equivalents, induced infringement, or contributory infringement.  Next Caller further intends to prove that its alleged infringement of the '985 Patent was not willful and TRUSTID is not entitled to any enhanced damages of any degree under 35 U.S.C. § 284.

92.     Next Caller also intends to prove that TRUSTID is not entitled to any monetary damages for Next Caller's alleged infringement of the '532 Patent under a theory of literal infringement, infringement under the doctrine of equivalents, induced infringement, or contributory infringement.  Next Caller further intends to prove that its alleged infringement of the '532 Patent was not willful and TRUSTID is not entitled to any enhanced damages of any degree under 35 U.S.C. § 284.

93.     Next Caller also intends to prove that TRUSTID is not entitled to any monetary damages for Next Caller's alleged infringement of the '913 Patent under a theory induced infringement or contributory infringement.  Next Caller further intends to prove that its alleged infringement of the '913 Patent was not willful and TRUSTID is not entitled to any enhanced damages of any degree under 35 U.S.C. § 284.

94.     Next Caller intends to rebut that TRUSTID is entitled to lost profits for Next Caller's alleged patent infringement.  If TRUSTID is determined to be entitled to lost profits, Next Caller intends to prove the proper amount of lost profits owed to TRUSTID.  If Next Caller is found liable for patent infringement, Next Caller intends to prove the appropriate amount of

damages in the form of a reasonable royalty.

95.    Next Caller also intends to rebut that this is an exceptional case and TRUSTID is entitled to an award of attorney's fees under 35 U.S.C. § 285.

96.    Next Caller also intends to rebut that TRUSTID is entitled to damages for acts of alleged infringement for any asserted claim of the '985 Patent, '532 Patent, and '913 Patent that are not presented at trial or up to the judgment.  Next Caller further intends to rebut that TRUSTID is entitled to prejudgment interest and costs.

97.    Next Caller also intends to rebut that TRUSTID is entitled to permanent injunctive relief enjoining Next Caller from performing any acts that infringe any asserted claim of the '985 Patent, '532 Patent, and '913 Patent.   More specifically, Next Caller intends to rebut that TRUSTID is entitled to permanent injunctive relief enjoining Next Caller from performing any acts that infringe claims 1, 3, 4, or 10 of the '985 Patent.  Next Caller further intends to rebut that TRUSTID is entitled to permanent injunctive relief enjoining Next Caller from performing any acts that infringe claims 32, 34, 35, 36, 37, 38, 48, or 50 of the '532 Patent.  And Next Caller further intends to rebut that TRUSTID is entitled to permanent injunctive relief enjoining Next Caller from performing any acts that infringe claims 1, 3, 5, 14, 15, and 18 of the '913 Patent.

98.    Next Caller also intends to rebut that it has made any false statements in violation of 15 U.S.C. § 1125(a).

99.    More specifically, Next Caller intends to rebut that its statement that its caller-authentication system has the capability to "increase 10% IVR Containment Rate" violates 15 U.S.C. § 1125(a).   Next Caller further intends to rebut that its statement that its caller-authentication system has the capability to "increase 10% IVR Containment Rate" is literally false. Next Caller further intends to rebut that even if its statement that its caller-authentication system

has the capability to "increase 10% IVR Containment Rate" is literally false, TRUSTID has suffered any actual harm and there is likelihood for TRUSTID to suffer any harm.

100.    Next Caller also intends to rebut that its statements that its caller-authentication system has the capability to perform its analysis "pre-answer" violates 15 U.S.C. § 1125(a).  Next Caller further intends to rebut that statements that its caller-authentication system has the capability to perform its analysis "pre- answer" are literally false.  Next Caller further intends to rebut that even if its statements that its caller-authentication system has the capability to perform its analysis "pre- answer" are literally false, TRUSTID has suffered any actual harm and there is likelihood for TRUSTID to suffer any harm.

101.    Next Caller also intends to rebut that TRUSTID is entitled to any damages for Next Caller's alleged violation of 15 U.S.C. § 1125(a).

102.    More specifically, Next Caller intends to rebut that TRUSTID is entitled to any monetary damages for Next Caller's alleged violations of 15 U.S.C. § 1125(a).  Next Caller also intends to rebut that its alleged violation of 15 U.S.C. § 1125(a) was willful and TRUSTID is entitled to any degree of enhanced damages.  Next Caller further intends to rebut that TRUSTID is entitled to any putative and enhanced damages.  Next Caller further intends to rebut that TRUSTID is entitled to any prejudgment and post-judgment interest.

103.    Next Caller also intends to rebut that TRUSTID is entitled to a declaration of permanent injunctive relief enjoining Next Caller from making any advertising statements for Next Caller's alleged violation of 15 U.S.C. § 1125(a).  More specifically, Next Caller intends to rebut that TRUSTID is entitled to a declaration of permanent injunctive relief enjoining Next Caller from making the statement that its caller-authentication system has the capability to "increase 10% IVR Containment Rate" for Next Caller's alleged violation of 15 U.S.C. § 1125(a).  Next Caller

21

further intends to rebut that TRUSTID is entitled to a declaration of permanent injunctive relief enjoining Next Caller from making the statements that its caller-authentication system has the capability to perform its analysis "pre- answer" for Next Caller's alleged violation of 15 U.S.C. § 1125(a).

104.    Next Caller also intends to rebut that it has made any statements in violation of Delaware's Uniform Deceptive Trade Practices Act.  More specifically, Next Caller intends to rebut that its statement that its caller-authentication system has the capability to "increase 10% IVR Containment Rate" violates any section of Delaware's Uniform Deceptive Trade Practices Act.  Next Caller also intends to rebut that its statements that its caller-authentication system has the capability to perform its analysis "pre-answer" violates any section of Delaware's Uniform Deceptive Trade Practices Act.

105.    Next Caller also intends to rebut that TRUSTID is entitled to any damages for its alleged violation of Delaware's Uniform Deceptive Trade Practices Act.  More specifically, Next Caller intends to rebut that this is an exceptional case and TRUSTID is entitled to any attorneys' fees.

106.    Next Caller also intends to rebut that TRUSTID is entitled to a declaration of permanent injunctive relief enjoining Next Caller from making any advertising statements for Next Caller's alleged violation of Delaware's Uniform Deceptive Trade Practices Act.  More specifically, Next Caller intends to rebut that TRUSTID is entitled to a declaration of permanent injunctive relief enjoining Next Caller from making the statement that its caller-authentication system has the capability to "increase 10% IVR Containment Rate" for Next Caller's alleged violation of Delaware's Uniform Deceptive Trade Practices Act.  Next Caller further intends to rebut that TRUSTID is entitled to a declaration of permanent injunctive relief enjoining Next

22

Caller from making the statements that its caller-authentication system has the capability to perform its analysis "pre-answer" for Next Caller's alleged violation of Delaware's Uniform Deceptive Trade Practices Act.

## IX.   AMENDMENTS OF THE PLEADINGS

107.   Neither party intends to request an amendment to its pleadings at the present time.

## X.   CERTIFICATION OF GOOD-FAITH SETTLEMENT EFFORTS

108.   The parties hereby certify that they have engaged in a good-faith effort to explore resolution of the controversy by settlement. Counsel for the parties most recently conferred in December 2019 regarding the prospects for settlement. Moreover, with the assistance of Magistrate Judge Burke, the parties exchanged settlement proposals in February 2020.  Settlement is unlikely. As of the filing date of this Order, the parties still intend to proceed to trial.

## XI.   MOTIONS IN LIMINE

109.   TRUSTID's contested motions *in limine*, Next Caller's oppositions, and TRUSTID's replies are attached as **Exhibit 7P.1 to 7P.2**.

110.   Next Caller's contested motions *in limine*, TRUSTID's oppositions, and Next Caller's replies are attached as **Exhibit 7D.1 to 7D.3**.

## XII.   OTHER MATTERS

### A.   Length of trial

111.   The trial will be timed. Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, closing argument, its argument on any motions for judgment as a matter of law, and all sides' argument on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

23

112.     This case is currently scheduled for a five-day trial beginning at 9:30 a.m. on July 13, 2020, with subsequent trial days beginning at 9:00 a.m. and the jury excused each day at 4:30 p.m.

113.     The parties request 12 hours per side for opening statements, witness examinations, and arguments on evidence and motions.  The parties further request 1 hour per side for closing arguments.

114.     The Courtroom Deputy will keep a running total of trial time used by counsel.

**B.     Motions for Judgment as a Matter of Law**

115.     The parties propose that motions for judgment as a matter of law be orally made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed.  The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

**C.     Jurors and Jury Procedures**

116.     There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers and there addressing any challenges for cause, and concluding back in the courtroom with peremptory strikes.

117.     On the first day of trial, each member of the jury will be provided a binder (prepared by TRUSTID) containing the Patents-in-Suit, a glossary of terms agreed upon by the parties, the Court's claim constructions, and a notepad for notes.

118.     The parties agree that the jurors shall be permitted to write notes by hand on their notepads during the trial, and that jurors be permitted to bring their provided binders and notepads

into the deliberation room. The parties further propose that the jurors' binders remain in the courtroom during breaks in each trial day, be collected by the clerk each evening after daily recess, and collected and destroyed without review after the jury's discharge.

### D. Set-up of Electronic Equipment

119.    The parties request that the Court grant them access to the Courtroom on Friday, July 10, 2020, the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial.

### E. Other Stipulations

120.    The parties agree that neither party will disparage the United States Patent Office.

121.    The parties agree that that they will not offer evidence or arguments related to theories, claims, patents, or defenses that are no longer in the case.

122.    The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be sealed. If a party makes such a request, subject to the Court's approval and for good cause shown, the courtroom shall be cleared of those individuals not qualified to hear such confidential information under the Protective Order entered in this case.

123.    The parties agree that the term "ancillary to" means "coupled as an adjunct to." Although the parties submitted this agreed construction in their Joint Claim Construction Chart (D.I. 79-1 at 7-10), it appears to have been inadvertently omitted from Chief Judge Stark's Order on claim construction (D.I. 138).  The parties' jointly request that the Court amend the Order to include the agreed construction of the term "ancillary to."

Dated: June 11, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/  Pilar G. Kraman
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Of Counsel:*
Michael D. Specht
Byron L. Pickard
Jonathan Tuminaro
Daniel S. Block
Lauren A. Watt
Matthew M. Zuziak
Steven Pappas
STERNE, KESSLER, GOLDSTEIN, & FOX, P.L.L.C.
1100 New York Avenue, NW Suite 600
Washington, DC 20005
(202) 371-2600

*Attorneys for Plaintiff TRUSTID, Inc.*

WOMBLE BOND DICKINSON (US) LLP

/s/  Kristen Healey Cramer
Kristen Healey Cramer (No. 4512)
Dana Kathryn Severance (No. 4869)
Nicholas Verna (No. 6082)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
(302) 252-4320
kristen.cramer@wbd-us.com
dana.severance@wbd-us.com
nick.verna@wbd-us.com

*Of Counsel:*
Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 758-8000

*Attorneys for Defendant Next Caller Inc.*

**IT IS HEREBY ORDERED**, this ___ day of ___, 2020**,** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

_____
Honorable Maryellen Noreika
U.S. District Court Judge

26