# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TRUSTID, INC.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NEXT CALLER INC.,<br><br>　　　　Defendant. | Civil Action No. 18-172-MN |

## **PROPOSED PRELIMINARY JURY INSTRUCTIONS**

## TABLE OF CONTENTS

OVERVIEW OF THE CASE ................................................................................................ 2

DUTY OF THE JURY ....................................................................................................... 3

UNITED STATES PATENTS ........................................................................................... 4

EVIDENCE ....................................................................................................................... 7

DEPOSITION TESTIMONY ............................................................................................ 9

CREDIBILITY OF WITNESSES .................................................................................... 10

EXPERT TESTIMONY ................................................................................................... 11

BURDEN OF PROOF ..................................................................................................... 12

CONDUCT OF THE JURY ............................................................................................ 14

JUROR NOTEBOOKS .................................................................................................... 16

BENCH CONFERENCES ............................................................................................... 17

COURSE OF THE TRIAL .............................................................................................. 18

TRIAL SCHEDULE ........................................................................................................ 19

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear. Also, because this case involves patents, I will give you some preliminary instructions regarding patents as well. I will give you more detailed instructions on the law at the end of the trial.

**OVERVIEW OF THE CASE**

At this time, I will give you a brief overview of who the parties are and their positions in this case.

This is a civil case arising under the patent laws of the United States. The plaintiff is TRUSTID, Inc. For ease of reference, I will refer to plaintiff as "TRUSTID." The defendant is Next Caller Inc., which I will refer to as "Next Caller."

TRUSTID owns three patents that are at issue in this case: U.S. Patent Numbers 9,001,985; 8,238,532; and 9,871,913. I will refer to these patents as the '985, '532, and '913 patents, respectively. During trial, the parties will offer testimony and evidence to familiarize you with technology involved in the patents.

TRUSTID contends that Next Caller has infringed the '985, '532, and '913 patents. TRUSTID also contends that Next Caller falsely advertised its product. Next Caller contends it does not infringe TRUSTID's patents, that the patents are invalid, and that it has not engaged in false advertising.

**DUTY OF THE JURY**[1]

It will be your duty to find from the evidence as presented at the trial what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts as you find them to the law. I will instruct you on the law in more detail after all the evidence has been presented. You must follow the law and my instructions whether you agree with them or not.

In addition to instructing you about the law, I will also provide you with instructions as to what the claims of the patent mean.

It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

---

[1] *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 1:18-cv-462 (MN) (D.I. 134) at 1 (citing Third Circuit Model Civil Jury Instr. 1.1 (10/2017)); Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf.

## UNITED STATES PATENTS[2]

Since this case is about patents, which is an area unfamiliar to many people, let me take a moment to explain what patents are and how they are obtained.

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "[t]o promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." Patents are granted by the United States Patent and Trademark Office, which is sometimes referred to as the "Patent Office," "USPTO," or "PTO." There are two basic types of patents in the United States: utility patents and design patents. In general terms, a "utility patent" protects the way an article is used and works. It also protects a method or process of making or doing something. On the other hand, a "design patent" protects the way something looks. This case is about utility patents.

A valid U.S. patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent owner's rights is called infringement. The patent owner may enforce a patent against alleged infringers by filing a lawsuit in a federal court, such as this one.

A patent includes two basic parts, a written description—often referred to as the specification—and the patent claims. The written description may include drawings and a

---

[2] *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 1:18-cv-462 (MN), (D.I. 134) at 2–4 (D. Del. April 29, 2019) (citing N.D. Cal. Model Patent Jury Instrs. A.1–A.3); ABA Model Patent Jury Instructions at 6, *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/ABAModelPatentJuryInstructions.pdf.

background and summary of the invention, along with a detailed description of the invention. The specification ends with one or more numbered paragraphs. These are called the claims. The claims may be divided into a number of parts, referred to as "claim limitations." In the '532 patent, the claims begin at column 15, line 2 and continue to the end of the patent at column 18, line 35.

The process of obtaining a patent is called patent prosecution. To obtain a patent one must file an application with the Patent Office. The Patent Office is an agency of the federal government and employs trained examiners who review applications for patents. After the applicant files the application, a patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the Patent Office for what is referred to as "prior art." The examiner also will review materials submitted to the Patent Office by the applicant.

Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art. In general, however, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country. The patent examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art available to the Patent Office.

After the prior art search and examination of the application, the patent examiner informs the applicant in writing what the examiner found and whether the examiner has determined that any claim is patentable or allowed. Sometimes the examiner rejects the claims. The applicant can respond and sometimes changes the claims or submits new claims.

This process continues until the examiner is satisfied that the application and claims meet the requirements for a patent. This back and forth written communication between the examiner and applicant is called the "prosecution history" and these communications become public no later than the date the patent issues.

**EVILENCE[3]**

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence as exhibits. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you. Certain things are not evidence.  They include:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe testimony or exhibits being offered into evidence are not proper under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this occurs during the trial, I will try to clarify this for you at that time.

3.      Exhibits that are identified by a party but not offered or received into evidence are not evidence.

4.      Testimony and exhibits that I excluded or strike from the record or tell you to disregard are not evidence and must not be considered.

5.      Anything you see or hear outside the courtroom is not evidence and must be

---

[3] Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf; *AgroFresh Inc., v. Essentiv LLC*, No. 16-662-MN, D.I. 547, Prelim. Jury Instrs. (D. Del. Oct. 4, 2019).

disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

## DEPOSITION TESTIMONY[4]

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

---

[4] *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 1:18-cv-462 (MN), (D.I. 134) at 15 (D. Del. April 29, 2019).

## CREDIBILITY OF WITNESSES[5]

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses. I will give you some additional guidelines for determining the credibility of witnesses at the end of the case.

---

[5] Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf

## EXPERT TESTIMONY[6]

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness. Both sides in this case will have employed experts.

---

[6] *Greatbatch Ltd. v. AVX Corp.*, No. 13-cv-723-LPS, D.I. 1227, Prelim. Jury Instrs. (D. Del. Jan. 14, 2019).

[DISPUTED] **<u>BURDEN OF PROOF</u>**[7]

 This is a civil case. In any legal action, facts must be proven by the required weight of the evidence, known as the burden of proof. In this civil case, two burdens of proof are used. The first is called proof by a preponderance of the evidence. The second is called proof by clear and convincing evidence.

 TRUSTID contends that Next Caller has infringed TRUSTID's patents and that Next Caller falsely advertised its product. TRUSTID has the burden of proving patent infringement and false advertising by what is called the preponderance of the evidence. That means TRUSTID has to produce evidence which, when considered in the light of all the facts, leads you to believe that what TRUSTID claims is more likely true than not. To put it differently, if you were to put the evidence in support of TRUSTID's claims and the evidence weighing against TRUSTID's claims on opposite sides of a scale, the evidence supporting TRUSTID's claims would have to make the scales tip in TRUSTID's favor in each instance. If TRUSTID fails to meet this burden, your verdict must be for Next Caller.

 Next Caller contends that the claims of the patents are invalid. On this issue, Next Caller has the burden of proof. Next Caller has the burden of proving the patents are not valid by clear and convincing evidence. Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. [**TRUSTID's proposal:** Thus, this is a heavier burden than a preponderance of the evidence.] If Next Caller fails to meet this burden on invalidity, your verdict must be for TRUSTID.

 I will discuss with you later in more detail the specific elements that TRUSTID must

---

[7] Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf; *AgroFresh Inc., v. Essentiv LLC*, No. 16-662-MN, D.I. 547, Prelim. Jury Instrs. (D. Del. Oct. 4, 2019).

prove with respect to alleged infringement and false advertising, as well as what Next Caller must prove regarding alleged invalidity of the patents.

You may have heard the term "proof beyond a reasonable doubt." That requirement applies only to criminal cases and does not apply to a civil case. You should therefore put it out of your mind and you should not use this standard when considering whether the parties have met their respective burdens of proof on the various issues.

## CONDUCT OF THE JURY[8]

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones and other smartphones, iPads and other tablets, the internet, and other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your

---

[8] Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf; *AgroFresh Inc., v. Essentiv LLC*, No. 16-662-MN, D.I. 547, Prelim. Jury Instrs. (D. Del. Oct. 4, 2019).

family and friends. You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes in the juror notebooks provided to you. If you do take notes, leave them in the jury room when you leave at night. Remember that these notebooks are for your own personal use—they are not to be given or read to anyone else. A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

## JUROR NOTEBOOKS[9]

As I mentioned, to assist in your deliberations, I have provided you with a notebook that contains the following:

- Copies of the three Patents-in-Suit;

- A glossary of terms agreed upon by the parties;

- The Court's claim constructions; and

- A notepad for notes.

These materials have been jointly submitted by the parties. Please refer to these materials to assist you during the trial.

---

[9] *Greatbatch Ltd. v. AVX Corp.*, No. 13-cv-723-LPS, D.I. 1227, Prelim. Jury Instrs. (D. Del. Jan. 14, 2019).

## BENCH CONFERENCES[10]

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are conferring at the bench, you should feel free to do so.

I may not always grant an attorney's request for a bench conference. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

---

[10] *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 1:18-cv-462 (MN), (D.I. 134) at 10 (D. Del. April 29, 2019).

## COURSE OF THE TRIAL[11]

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(1) These preliminary instructions to you;

(2) Opening statements, which are not evidence, but are intended to explain to you what each side intends to prove and are offered to help you follow the evidence;

(3) The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(4) The closing arguments of the attorneys, which again are not evidence, but will be offered to help you make your determination;

(5) My final instructions on the law to you; and, finally,

(6) Your deliberations, where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

---

[11] Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf

**TRIAL SCHEDULE**[12]

Although I outlined the trial schedule during voir dire, I will repeat it now. I plan to keep this schedule during the course of this trial.

This case is expected to take 5 days to try. We normally begin the day promptly at 9:00 a.m., so I need you here around 8:45 a.m. We will be done by 4:30 p.m. or 4:45 p.m. each day – except when you are deliberating, when you may stay later, should you all decide to do so. We will have two 15-minute breaks—one in the morning and one in the afternoon. There will also be a lunch break around 12:30 p.m. each day of approximately 45 minutes and we will provide lunch to you each day.

If you need a break at any other time—perhaps because you need the bathroom, or perhaps because you are getting drowsy—please raise your hand or do something similar to get my attention or the attention of my staff and we will do our best to accommodate your request for a break as soon as possible.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break, and by not requiring any unnecessary breaks.

Finally, please keep in mind that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with presentation of this case by Friday, December 18. Of course, again, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

---

[12] Model Preliminary Jury Instructions (D. Del.), *available at* https://www.ded.uscourts.gov/sites/ded/files/chambers/Prelim_Jury_Instructions.pdf