# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXT CALLER INC., <br><br> Defendant. | Civil Action No. 18-172-MN |

## PROPOSED VOIR DIRE

Good morning, ladies and gentlemen. My name is Maryellen Norieka and I am the Judge who will be presiding over the trial for which a jury is about to be selected—a case captioned *TRUSTID, Inc. v. Next Caller Inc.* This case is an action for patent infringement arising under the laws of the United States, false advertising and disparaging statements arising under the laws of Delaware, and false advertising arising under the Lanham Act.

For those of you selected to serve as jurors, I will give you more detailed instructions once you are sworn in as jurors and again at the conclusion of the trial. For now, I will simply tell you that this is a patent and false-advertising lawsuit involving call authentication technology. The Plaintiff is TRUSTID, Inc. TRUSTID is the owner of certain patents relating to call authentication technology that can be used to prove to the called party the caller's number to confirm the caller's identity. Plaintiff TRUSTID has

brought suit against Defendant Next Caller Inc. Next Caller offers something called VeriCall. TRUSTID believes that Next Caller's VeriCall infringes TRUSTID's patents and that Next Caller falsely advertised characteristics of VeriCall. Next Caller denies any false advertising, denies infringement, and also asserts that TRUSTID's patents are not valid. The jury in this case will be asked to decide whether the accused VeriCall infringes the patents owned by TRUSTID, whether the patents are valid, and whether Next Caller falsely advertised capabilities of its VeriCall. For those of you who end up being on the jury, I will give you more detailed instructions on the law later in the case.

The trial will begin today as soon as we select a jury and is expected to take 5 days, though it is possible that jury deliberations could extend your service beyond that. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. or 4:45 p.m. Our trial days will include a morning break of fifteen minutes, a lunch break of 45 minutes, and an afternoon break of fifteen minutes.

I am going to ask you a series of questions to help the Court and the attorneys in the jury selection process. Before I ask any questions, I am going to ask the Deputy Clerk to swear the jury panel to answer any questions truthfully. (To Deputy: Please swear the panel).

If any of you answer "yes" to any of the questions that I ask, please raise your hand, and when called upon, please stand, state your name and your juror number. When I have concluded asking all of the questions, I will move to my jury room, along with the attorneys and the court reporter. Then, for any of you who have answered "yes" to any of my questions, members of my staff will bring you individually to the jury room, so you

can speak to me and the attorneys about any "yes" answers you had. Now I will ask the questions.

1. Does the schedule that I have just mentioned present a special problem to any of you?

2. Have any of you heard or read anything about this case?

3. The lawyers and law firms are:

- Adam W. Poff
- Pilar G. Kraman
- Young Conaway Stargatt & Taylor, LLP
- Jonathan Tuminaro
- Michael D. Specht
- Daniel S. Block
- Byron L. Pickard
- Sterne, Kessler, Goldstein & Fox P.L.L.C.
- Kristen Healey Cramer
- Dana Kathryn Severance
- Nicholas T. Verna
- Womble Bond Dickinson (US) LLP
- Paul M. Schoenhard
- Nicole M. Jantzi
- Ian B. Brooks
- McDermott Will & Emery LLP

Do any of you or your immediate family members or close friends know any of the attorneys or law firms I have just named?

4. Have any of you or your immediate family members or close friends had any business dealings with or been employed by any of these attorneys or law firms?

5. Do you have any education, training, or experience with the law, legal system, or courts?

6. Do you have any education, training, or experience in electrical engineering, computer engineering, computer science, or telecommunications?

7. Have any of you been party to a lawsuit, either as a party or a witness?

8. Have you or any member of your immediate family, your close friends, or your employer ever been involved in a dispute about patents or false advertising?

9. Have any of you or your immediate family members or close friends ever been employed by TRUSTID or Next Caller?

10. Have any of you or your immediate family members or close friends ever owned stock in TRUSTID or Next Caller?

11. Have any of you or your immediate family members or close friends ever had a business relationship with TRUSTID or Next Caller?

12. Have any of you or your immediate family members or close friends ever had any experience, good or bad, with TRUSTID or Next Caller or their products and services that might keep you from being a fair and impartial juror in this case?

13. Do you have any opinions about TRUSTID or Next Caller or their products and services that might make it difficult for you to be a fair and impartial juror

in this case?

14. Have you ever seen TRUSTID or Next Caller products advertised on social media or in any online or print media?

15. The potential witnesses in this case are:

- James Bress
- Dr. Arthur Brody
- Austin Burgess
- Patrick Cox
- KJ Drap
- Samuel Espinosa
- Tanner Ezell
- Stephen Holzen
- Jeffrey Kirchick
- Patrick Legate
- Gianni Martire
- Gary Olsen
- Jordan Telman
- Matthew Williams
- Robert Young

Do you recognize any of the names of, or are you familiar with any of these potential witnesses?

16. Have you or any member of your immediate family or close friends ever

been employed by or had other contact with the United States Patent & Trademark Office?

17. Have you or any member of your immediate family or close friend ever applied for, or obtained, a United States patent or foreign patent?

18. Do you have any opinions about patents, patent rights, or the United States Patent & Trademark Office that might make it difficult for you to be a fair and impartial juror in this case?

19. Do you have a strong opinion, positive or negative, about lawsuits or the justice system in general?

20. In the event that a witness is presented via video instead of live in court, do you have any belief that you will be unable to assess such individual's credibility?

21. If you were selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

22. Have you ever served on a jury that deliberated to verdict or sat through a trial as an alternate juror?

23. If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

24. Is there anything, such as poor vision, difficulty hearing, or difficulty understanding spoken or written English that would make it difficult for you to serve on this jury?

25. This is the last question. Is there anything else, including something you

have remembered in connection with one of the earlier questions, that you think you would like to tell me in connection with your service as a juror in this case?