## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 18-172-MN |
| NEXT CALLER INC., | |
| Defendant. | |

## <u>PROPOSED VERDICT FORM</u>

## <u>INSTRUCTIONS</u>

In answering the following questions and filling out this Verdict Form, you are to follow all of the instructions I have given you in the Court's charge. Your answer to each question must be **unanimous**. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "The '985 patent" refers to U.S. Patent No. 9,001,985;

2. "The '532 patent" refers to U.S. Patent No. 8,238,532; and

3. "The '913 patent" refers to U.S. Patent No. 9,871,913.

These three patents are together sometimes referred to as "the patents-in-suit."

"TRUSTID" refers to Plaintiff TRUSTID, Inc. and "Next Caller" refers to Defendant Next Caller Inc.

## **INFRINGEMENT OF THE PATENTS-IN-SUIT** [DISPUTED]

**QUESTION NO. 1:** Did TRUSTID prove by a preponderance of the evidence that Next

Caller directly infringed any of the Asserted Claims of the patents-in-suit listed below?

|  | Yes<br>(for TRUSTID) | No<br>(for Next Caller) |
|---|---|---|
| **[TRUSTID's proposal:** | _____ | _____ |
| **Claim 1 of the '985 patent** | | |
| **Claim 3 of the '985 patent** | _____ | _____ |
| **Claim 4 of the '985 patent** | _____ | _____]¹ |
| **Claim 10 of the '985 patent** | _____ | _____ |
| **Claim 32 of the '532 patent** | _____ | _____ |
| **Claim 34 of the '532 patent** | _____ | _____ |
| **Claim 36 of the '532 patent** | _____ | _____ |
| **Claim 37 of the '532 patent** | _____ | _____ |
| **Claim 38 of the '532 patent** | _____ | _____ |
| **Claim 48 of the '532 patent** | _____ | _____ |
| **Claim 50 of the '532 patent** | _____ | _____ |

---

[1] TRUSTID proposes including claims 1, 3, and 4 of the '985 patent for reasons set forth in the briefing relating to Next Caller's MIL #1 on collateral estoppel.

**QUESTION NO. 2:** Did TRUSTID prove by a preponderance of the evidence that any specific customer of Next Caller directly infringed any of the Asserted Claims of the patents-in-suit listed below?

|  | Yes<br>(for TRUSTID) | No<br>(for Next Caller) |
|---|---|---|
| **[TRUSTID's proposal:** | _____ | _____ |
| **Claim 1 of the '985 patent** |  |  |
| **Claim 3 of the '985 patent** | _____ | _____ |
| **Claim 4 of the '985 patent** | _____ | _____]² |
| **Claim 10 of the '985 patent** | _____ | _____ |
| **Claim 32 of the '532 patent** | _____ | _____ |
| **Claim 34 of the '532 patent** | _____ | _____ |
| **Claim 36 of the '532 patent** | _____ | _____ |
| **Claim 37 of the '532 patent** | _____ | _____ |
| **Claim 38 of the '532 patent** | _____ | _____ |
| **Claim 48 of the '532 patent** | _____ | _____ |
| **Claim 50 of the '532 patent** | _____ | _____ |
| **Claim 1 of the '913 patent** | _____ | _____ |
| **Claim 3 of the '913 patent** | _____ | _____ |
| **Claim 5 of the '913 patent** | _____ | _____ |
| **Claim 14 of the '913 patent** | _____ | _____ |

---

² TRUSTID proposes including claims 1, 3, and 4 of the '985 patent for reasons set forth in the briefing relating to Next Caller's MIL #1 on collateral estoppel.

**Claim 15 of the '913 patent**  _____    _____

**Claim 18 of the '913 patent**  _____    _____

*If you answered "Yes" for any patent claim in Question No 2, you must answer Question Nos. 3-5. If you answered "No" to all portions of Question No. 2, skip this question and proceed to Question No. 6.*

**QUESTION NO. 3**: Which of Next Caller's customers do you find to be direct infringers of the Asserted Claims of the patents-in-suit?

     Answer: _____

**QUESTION NO. 4:** Did TRUSTID prove by a preponderance of the evidence that Next Caller induced infringement of any of the Asserted Claims of the patents-in-suit listed below?

|  | **Yes**<br>**(for TRUSTID)** | **No**<br>**(for Next Caller)** |
|---|---|---|
| **[TRUSTID's proposal:** | _____ | _____ |
| **Claim 1 of the '985 patent** | | |
| **Claim 3 of the '985 patent** | _____ | _____ |
| **Claim 4 of the '985 patent** | _____ | _____]³ |
| **Claim 10 of the '985 patent** | _____ | _____ |
| **Claim 32 of the '532 patent** | _____ | _____ |
| **Claim 34 of the '532 patent** | _____ | _____ |
| **Claim 36 of the '532 patent** | _____ | _____ |
| **Claim 37 of the '532 patent** | _____ | _____ |
| **Claim 38 of the '532 patent** | _____ | _____ |
| **Claim 48 of the '532 patent** | _____ | _____ |
| **Claim 50 of the '532 patent** | _____ | _____ |
| **Claim 1 of the '913 patent** | _____ | _____ |
| **Claim 3 of the '913 patent** | _____ | _____ |
| **Claim 5 of the '913 patent** | _____ | _____ |
| **Claim 14 of the '913 patent** | _____ | _____ |
| **Claim 15 of the '913 patent** | _____ | _____ |

---

³ TRUSTID proposes including claims 1, 3, and 4 of the '985 patent for reasons set forth in the briefing relating to Next Caller's MIL #1 on collateral estoppel.

**Claim 18 of the '913 patent**            _____                        _____

**QUESTION NO. 5:** Did TRUSTID prove by a preponderance of the evidence that Next Caller contributed to the infringement of any of the Asserted Claims of the patents-in-suit listed below?

|  | Yes<br>(for TRUSTID) | No<br>(for Next Caller) |
|---|:---:|:---:|
| **[TRUSTID's proposal:** | _____ | _____ |
| **Claim 1 of the '985 patent** | | |
| **Claim 3 of the '985 patent** | _____ | _____ |
| **Claim 4 of the '985 patent** | _____ | _____ ]⁴ |
| **Claim 10 of the '985 patent** | _____ | _____ |
| **Claim 32 of the '532 patent** | _____ | _____ |
| **Claim 34 of the '532 patent** | _____ | _____ |
| **Claim 36 of the '532 patent** | _____ | _____ |
| **Claim 37 of the '532 patent** | _____ | _____ |
| **Claim 38 of the '532 patent** | _____ | _____ |
| **Claim 48 of the '532 patent** | _____ | _____ |
| **Claim 50 of the '532 patent** | _____ | _____ |
| **Claim 1 of the '913 patent** | _____ | _____ |
| **Claim 3 of the '913 patent** | _____ | _____ |
| **Claim 5 of the '913 patent** | _____ | _____ |
| **Claim 14 of the '913 patent** | _____ | _____ |

---

[4] TRUSTID proposes including claims 1, 3, and 4 of the '985 patent for reasons set forth in the briefing relating to Next Caller's MIL #1 on collateral estoppel.

**Claim 15 of the '913 patent**      _____          _____

**Claim 18 of the '913 patent**      _____          _____

## **WILLFUL INFRINGEMENT** [DISPUTED]

*If you answered "Yes" for any patent claim in Question Nos. 1, 4, or 5, you must answer Question No. 6 for that patent. If you answered "No" to all portions of Question Nos. 1, 4, and 5, skip this question and proceed to Question No. 7.*

**QUESTION NO. 6:** Did TRUSTID prove by a preponderance of the evidence that Next Caller's infringement of the patents-in-suit listed below was willful?

|  | **Yes**<br>**(for TRUSTID)** | **No**<br>**(for Next Caller)** |
|---|---|---|
| **The '985 patent** | _____ | _____ |
| **The '532 patent** | _____ | _____ |
| **The '913 patent** | _____ | _____ |

**[Next Caller's proposal:** If yes, from _____[DATE] to _____ [DATE].**]**

## <u>INVALIDITY OF THE PATENTS-IN-SUIT</u> [DISPUTED]

**QUESTION NO. 7:** Did Next Caller prove by clear and convincing evidence that any of the claims of the patents-in-suit are invalid based on the prior art you were instructed to consider?

| | No<br>(for TRUSTID) | Yes<br>(for Next Caller) |
|---|---|---|
| **[Next Caller's proposal:** | _____ | _____ |
| **Claim 1 of the '985 patent** | | |
| **Claim 3 of the '985 patent** | _____ | _____ |
| **Claim 4 of the '985 patent][5]** | _____ | _____ |
| **[Next Caller's proposal:** | _____ | _____ |
| **Claim 10 of the '985 patent][6]** | | |
| **Claim 32 of the '532 patent** | _____ | _____ |
| **Claim 34 of the '532 patent** | _____ | _____ |
| **Claim 36 of the '532 patent** | _____ | _____ |
| **Claim 37 of the '532 patent** | _____ | _____ |
| **Claim 38 of the '532 patent** | _____ | _____ |

---

[5] To the extent that TRUSTID is permitted to submit to the jury infringement with respect to claims 1, 3, and 4 of the '985 Patent, Next Caller should be able to present its invalidity defense for the reasons set forth in the briefing to Next Caller's MIL #1 and TRUSTID's MIL #1.

[6] TRUSTID believes that Next Caller is estopped from raising any prior-art invalidity challenge with respect to the '985 patent for the reasons set forth in the briefing relating to TRUSTID's MIL #1 on estoppel under 35 U.S.C. § 315(e).

**Claim 48 of the '532 patent**             _____              _____

**Claim 50 of the '532 patent**             _____              _____

**Claim 1 of the '913 patent**              _____              _____

**Claim 3 of the '913 patent**              _____              _____

**Claim 5 of the '913 patent**              _____              _____

**Claim 14 of the '913 patent**             _____              _____

**Claim 15 of the '913 patent**             _____              _____

**Claim 18 of the '913 patent**             _____              _____

**QUESTION NO. 8:** Did Next Caller prove by clear and convincing evidence that, from the perspective of a person of ordinary skill in the art, the Asserted Claims of the '985 patent involve activities that were well-understood, routine, and conventional as of May 19, 2009?

|  | **No**<br>**(for TRUSTID)** | **Yes**<br>**(for Next Caller)** |
|---|---|---|
| **The '985 patent** | _____ | _____ |

**QUESTION NO. 9:** Did Next Caller prove by clear and convincing evidence that, from the perspective of a person of ordinary skill in the art, the Asserted Claims of the '532 patent involve activities that were well-understood, routine, and conventional as of May 19, 2009?

|  | **No**<br>**(for TRUSTID)** | **Yes**<br>**(for Next Caller)** |
|---|---|---|
| **The '532 patent** | _____ | _____ |

**QUESTION NO. 10:** Did Next Caller prove by clear and convincing evidence that, from the perspective of a person of ordinary skill in the art, the Asserted Claims of the '913 patent involve activities that were well-understood, routine, and conventional as of January 20, 2012?

|  | **No**<br>**(for TRUSTID)** | **Yes**<br>**(for Next Caller)** |
|---|---|---|
| **The '913 patent** | _____ | _____ |

13

## **FALSE ADVERTISING**

**QUESTION NO. 11:** Did TRUSTID prove by a preponderance of the evidence that Next Caller is liable for false advertising?

<table>
<tr><td align="center"><b>Yes</b><br><b>(for TRUSTID)</b></td><td align="center"><b>No</b><br><b>(for Next Caller)</b></td></tr>
<tr><td align="center">_____</td><td align="center">_____</td></tr>
</table>

*If you answered "Yes" to Question No. 11, you must answer Question No. 12. If you answered "No" to Question No. 11, skip Question No. 12 and proceed to Question No. 13.*

**QUESTION NO. 12:** Did TRUSTID prove by a preponderance of the evidence that Next Caller intentionally engaged in false advertising?

<table>
<tr><td align="center"><b>Yes</b><br><b>(for TRUSTID)</b></td><td align="center"><b>No</b><br><b>(for Next Caller)</b></td></tr>
<tr><td align="center">_____</td><td align="center">_____</td></tr>
</table>

**COMPENSATORY DAMAGES FOR PATENT INFRINGEMENT** [DISPUTED]

*If you answered "Yes" to any portion of Question Nos. 1, 4, or 5 (infringement), you must answer Question Nos. 13 and 14. If you answered "No" to all portions of Question Nos. 1–3, skip this question and proceed to Question No. 15.*

**QUESTION NO. 13:** If you determine that TRUSTID is entitled to recover lost profits, what amount, if any, is TRUSTID entitled to in the amount of lost profits attributable to the sale of Next Caller's infringing services?

Answer: $ _____

**QUESTION NO. 14:** If you determine that TRUSTID is not entitled to recover lost profits, what amount, if any, if paid now, would fairly and reasonably compensate TRUSTID as a reasonable royalty for any infringement you have found?

Answer: $ _____**[Next Caller's proposal:**, which compensates TRUSTID for infringement through _____ [DATE].**]**

15

## <u>COMPENSATORY DAMAGES FOR FALSE ADVERTISING</u>

*If you answered "Yes" to Question No. 11 (false advertising liability), you must answer Question No. 15. If you answered "No" to Question No. 11, skip this question and proceed to Question No. 16.*

**QUESTION NO. 15:** What amount, if any, is TRUSTID entitled to as damages attributable to Next Caller's false advertising?

Answer: $ _____

## PUNITIVE DAMAGES

*If you answered "Yes" to Question No. 12, finding that Next Caller intentionally engaged in false advertising* <u>and</u> *violated state false advertising law, you must answer Question No. 16. If you answered "No" to Question No. 12, skip this question.*

**QUESTION NO. 16**: What amount of punitive damages, if any, do you award TRUSTID for Next Caller's false advertising?

Answer: $ _____

17

## **CONCLUSION**

You have reached the end of the verdict form.  Review the completed form to ensure that it accurately reflects your **unanimous** determinations.  All jurors should then sign and date the verdict form in the space below and notify the Court Security Officer that you have reached a verdict.  The Foreperson should place the completed verdict form in the envelope provided to you and retain possession of it until the jury returns to the courtroom.

Dated: _____

_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

18