IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 18-172 (MN) |
| NEXT CALLER INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER AFTER PRETRIAL CONFERENCE**

AND NOW, this 29th day of June 2021, after a Pretrial Conference and upon consideration of the Proposed Pretrial Order (D.I. 233), Supplemental Motion *in Limine* (D.I. 262), and the discussion at the June 28, 2021 Pretrial Conference, IT IS HEREBY ORDERED that:

1. The Proposed Pretrial Order is ADOPTED as modified by any discussion at the Pretrial Conference.

2. A five-day jury trial will begin on July 12, 2021 at 9:30 a.m. with jury selection.[1] Subsequent trial days will begin at 9:00 a.m. Each side should be prepared to present its case until 4:30 p.m. each trial day, although the end of the trial day may, at the discretion of the Court, be earlier than 4:30 p.m.

3. The trial will be timed. Each side is allowed up to twelve (12) hours for its opening statement, its direct and cross-examination of witnesses, closing arguments and argument of evidentiary issues. Each side shall reserve one (1) hour of its twelve (12) hours for closing

---

[1] Plaintiff shall provide enough copies of the *voir dire* and a writing utensil for each member of the jury pool, which is estimated to be 40 people. Those must be delivered to the Clerk's office by 3:00 p.m. on July 8, 2021.

arguments. Time during the trial day that does not neatly fit into one of the stated categories will be attributed to one side or the other as the Court deems appropriate.

4. Issues that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m. or at the end of the day. Those issues – including objections to anticipated exhibits or demonstratives – must be brought to the attention of the Court's judicial administrator by 7:00 a.m. on the day on which the evidence objected to will be adduced. There will be thirty minutes to forty-five minutes for lunch and a fifteen-minute break in the morning and in the afternoon.

5. Each side may have no more than four (4) people in the courtroom at any given time, and only three (3) persons are permitted at counsel table per side at any given time. In its discretion, the Court may modify these limitations at any time or impose additional restrictions to ensure the safety of court personnel, the jury, and all persons attending trial.

6. Unless excused by the Court, all persons in the courtroom must wear a mask at all times and the mask must be worn properly (*i.e.*, covering the person's nose and mouth). Vaccinated counsel, however, may remove his or her mask when examining a witness or making an argument.

7. For the reasons stated at the Pretrial Conference, Plaintiff's Motion *in Limine* No. 1 (D.I. 233, Ex. 7P.1) is RESERVED,[2] Plaintiff's Motion *in Limine* No. 2 (D.I. 233, Ex. 7P.2) is DENIED without prejudice to renew should Mr. Ezell not be produced for a deposition,[3] Plaintiff's

---

[2] On or before July 2, 2021, Defendant shall inform the Court if it intends to rely on the Goldman prior art reference at issue in Plaintiff's Motion *in Limine* No. 1. (D.I. 233, Ex. 7P.1).

[3] On or before July 2, 2021, the parties shall provide an update to the Court regarding whether Mr. Ezell has been made available for deposition.

Motion *in Limine* No. 3 (D.I. 262) is DENIED,[4] Defendant's Motion *in Limine* No. 1 (D.I. 233, Ex. 7D.1) is RESERVED, Defendant's Motion *in Limine* No. 2 (D.I. 233, Ex. 7D.2) is GRANTED-IN-PART and DENIED-IN-PART, and Defendant's *Motion in Limine* No. 3 (D.I. 233, Ex. 7D.3) is GRANTED-IN-PART and DENIED-IN-PART.

8. The parties shall file a revised set of proposed voir dire questions, preliminary jury instructions, final jury instructions, and verdict sheet by July 2, 2021. Should the parties agree that no revisions are needed to the jury instructions or verdict sheet, they may inform the Court of that rather than resubmit the documents.

9. The parties shall each file a revised final exhibit list by July 2, 2021. Should either list contain recently-added exhibits that are objected to based on untimeliness (as discussed during the Pretrial Conference), the parties shall submit a list of those exhibits to the Court along with the date on which those documents were produced in discovery.

10. As explained at the Pretrial Conference, the parties may not provide witness binders or physical copies of documents (demonstratives, deposition transcripts, etc.) to the Court (but must do so for the witnesses). The parties shall provide electronic copies of ALL trial exhibits to the Courtroom Deputy by NOON on July 8, 2021. The trial exhibits must be labeled with JTX, DTX or PTX prefixes with exhibit numbers, and the trial exhibits must be organized in a single folder. Additionally, at the beginning of each trial day, the parties shall provide to the Courtroom Deputy electronic copies of witness folders containing the exhibits and demonstratives (if any) to

---

[4] The motion is denied based on Defendant's representation that it will not reference the decisions, orders, or outcomes from the Colorado Action or suggest to the jury that the facts or decisions from the Colorado Action support any findings here prior to raising the issue with the Court.

be used on direct examination and cross-examination of any witnesses expected to be called that day.

      11.     Any trial logistics should be coordinated through the Courtroom Deputy.

_____<br>
The Honorable Maryellen Noreika<br>
United States District Judge