IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRUSTID, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-172 (MN) |
| | ) | |
| NEXT CALLER INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NEXT CALLER'S MOTION TO COMPEL TRUSTID TO
RETURN NEXT CALLER'S SOURCE CODE AND FOR SANCTIONS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and D. Del. LR 1.3, Defendant Next Caller Inc. ("Next Caller") respectfully moves to compel Plaintiff TRUSTID, Inc. ("TRUSTID") to return and/or certify destruction of any copies of Next Caller's source code that it received in this action, and for sanctions. The basis for this motion is TRUSTID's numerous, recently disclosed violations of the Protective Order governing access to and use of Next Caller's source code. In addition to the return of its source code, Next Caller requests as appropriate sanctions: (1) that the Court preclude TRUSTID from using Next Caller's source code at trial; (2) that the Court order TRUSTID to pay Next Caller's attorneys' fees and costs incurred in bringing this motion; and (3) any other reasonable sanctions as determined by the Court appropriate to discourage future Protective Order violations.

It is unfortunate that Next Caller has to raise this issue at this stage of the case and impose on the Court's time and resources on the eve of trial. Next Caller believes, however, that this serious issue must be brought to the Court's attention and resolved quickly.

1

## PROCEDURAL BACKGROUND

On October 29, 2018, the parties submitted a Stipulated Protective Order (D.I. 46) to govern the disclosure of confidential information, including source code, in this matter. On October 31, 2018, Magistrate Judge Burke entered the Protective Order. The Stipulated Protective Order includes detailed provisions and protections for any production of source code in discovery. Among other things, the Protective Order limits the number of hard copies (to two) and prohibits making electronic copies. During discovery, at the request of TRUSTID and pursuant to the terms of the Protective Order, Next Caller made its source code available for review on a secure computer and provided counsel for TRUSTID with hard copies of specific, requested portions.

On June 28, 2021, just before the Pretrial Conference, TRUSTID's counsel approached counsel for Next Caller in the hallway to say there might be a need for TRUSTID to use Next Caller's source code at trial and that the parties should discuss how best to do that in light of the Protective Order. During the Pretrial Conference, in response to the Court's question about the need to seal the courtroom, Next Caller's counsel noted "I did hear for the first time this morning . . . that Plaintiffs may want to publish our source code. So I need to know more about that . . . if that's something they intend to do, that would raise an issue in terms of public access." (Tr. at 56:17-21). TRUSTID's counsel responded that "we may, we may need to display that [Next Caller's] source code depending on how things transpire." (*Id.* at 56:22-23). The next day, counsel for Next Caller sought clarification with respect to how TRUSTID planned to use Next Caller's source code at trial. (*See* June 29, 2021 E-mail from I. Brooks to J. Tuminaro, Exhibit 1.) Counsel for TRUSTID responded on Wednesday, June 30, 2021, stating: "we do not intend to use source code at trial." (*See* June 30, 2021 E-Mail from D. Block to I. Brooks, Exhibit 2.)

Then, on the afternoon of Friday, July 2, 2021, TRUSTID's counsel wrote to Next Caller's counsel to inform Next Caller that "senior members" of TRUSTID's legal team had learned about unauthorized electronic copies of Next Caller's source code created in July 2020. (July 2, 2021 Letter from J. Tuminaro to I. Brooks, Exhibit 3 ("[l]ast week, senior members of our trial team first learned than an electronic copy of these hard copies had been created.").) *Id.* Counsel for TRUSTID wrote that an electronic copy was originally created when it was scanned and emailed as a PDF file to a vendor to be stamped as a trial exhibit. *Id.* Another electronic copy was subsequently saved to a network folder at TRUSTID's counsel's firm where it remained for nearly a year before it was copied again and sent electronically to a different vendor in anticipation of the currently scheduled trial. *Id.* At the time of disclosure, neither vendor had signed Exhibit A of the Protective Order. TRUSTID's counsel has represented that both have since signed. *Id.* Each of these actions was in violation of Paragraph 6.3 of the Protective Order.

Next Caller quickly responded to the unauthorized copying, transmission, and disclosure, expressing concern about TRUSTID's timing in disclosing the violations and attempts to downplay their significance. (*See* July 6, 2021 Letter from I. Brooks to J. Tuminaro, Exhibit 4.) Next Caller also requested clarification with respect to the timing and scope of the unauthorized copying and disclosure. And Next Caller demanded return of its source code.

Counsel for TRUSTID responded on Wednesday, July 7, 2021, providing additional details regarding the unauthorized disclosures. (*See* July 7, 2021 Letter from J. Tuminaro to I. Brooks, Exhibit 5.) Counsel for TRUSTID disclosed that: (1) senior members of the legal team were first made aware of the unauthorized electronic versions and disclosures on June 22, 2021, (2) they sought confirmation internally that all local electronic copies had been destroyed, and (3) they had received fully executed copies of Exhibit A to the Protective Order from the vendors on June 24,

2021 (Exhibit 6) and June 30, 2021 (Exhibit 7). He also provided a log "based on contemporaneous records" (Exhibit 8). Finally, TRUSTID said it would not and could not return Next Caller's source code, in part because it reversed course and stated that it does in fact intend to use Next Caller's source code at trial. (Exhibit 5 at 2.)

## ARGUMENT

### I. TRUSTID SHOULD BE COMPELLED TO RETURN ALL COPIES OF NEXT CALLER'S SOURCE CODE.

The importance of protecting unauthorized access to source code cannot be understated. *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016) ("[I]t is well recognized . . . that source code requires additional protections to prevent improper disclosure because it is often a company's most sensitive and most valuable property."). Often held as a trade secret, source code is highly protected due to the potential competitive harm that could occur if it were made publicly available. *Via Vadis Controlling GmbH v. Skype, Inc.*, C.A. No. 12-193-RGA, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) ("Source codes are the most sensitive and confidential property of Respondents."); *Raytheon Co. v. Cray, Inc.*, No. 2:16-MC-0898 DAK, 2017 WL 398362, at *2 (D. Utah Jan. 30, 2017) (describing source code as "a company's crown jewel, the shining star in the constellation of . . . intellectual property rights") (citation omitted), *aff'd*, No. 2:16-MC-898-DAK, 2017 WL 823558 (D. Utah Mar. 2, 2017).

Protection of source code is particularly critical where, as here, the parties are head-to-head competitors. The parties negotiated the Protective Order specifically to include provisions intended to reduce the risk of competitive harm associated with disclosing source code during the litigation.

Counsel for TRUSTID violated the protective order by making electronic copies of the source code, transmitting the source code electronically, disclosing the source code to vendors who

4

were not authorized to view it, failing to maintain a log of all copies, and failing to immediately notify Next Caller of the unauthorized disclosure. Such violations show that counsel for TRUSTID fails to recognize the value and importance of Next Caller's source code and they should not be permitted to keep copies and further increase the risk of competitive harm. Thus, Next Caller requests that the Court enter an order compelling counsel for TRUSTID to return all hard copies of Next Caller's source code and/or certify that they have destroyed all hard copies of the source code.

> The terms and conditions of the Protective Order relevant to this dispute include:
>
> > (f) **Access to Source Code Material shall be limited to Outside Counsel and up to two (2) Experts of the Receiving Party** (i.e., not existing employees, principals, managers, members, inventors of the patent in suit, or affiliates of a Party or of an affiliate of a Party) retained for the purpose of this Action and approved to access such HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to the requirements in Paragraph 6.4 below. A Receiving Party may only to the extent necessary, include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, or other Court document ("Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

Protective Order, ¶ 6.3(f) (emphasis added);

> > (h) **No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party**, except for limited portions of the Source Code Material necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Should printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

Protective Order, ¶ 6.3(h) (emphasis added);

> > (k) **The Receiving Party shall maintain a log of all copies of the Source Code Material**. The log shall include the names of the recipients of all paper copies and locations where the paper copies

> are stored. The Receiving Party shall provide a copy of this log to the Producing Party within five (5) business days of a Producing Party's request for a copy of the log, such request to include a reasonable basis for production (e.g., good cause). **Other than as provided herein, no other copies (i.e., paper copies, electronic copies, handwritten copies, etc.) of Source Code Material shall be made without prior written consent of the Producing Party**, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

Protective Order, ¶ 6.3(k) (emphasis added);

> A Producing Party's Source Code Material (including to the extent included in a Source Code Document) may only be transported by the Receiving Party at the direction of a person authorized to have access under this Order to another person so authorized, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. **Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet**. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 6.3(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer. The Source Code Material may not be reviewed in public, including on airplanes, trains or other public transportation that would create a risk of unauthorized viewing of the material.

Protective Order, ¶ 6.3(m) (emphasis added). TRUSTID's counsel violated each of these provisions.

In addition, TRUSTID'S counsel did not comply with the "immediate" notification provision of Paragraph 11, instead waiting ten days – until after the Pretrial Conference – to notify Next Caller of the violations. Paragraph 11 provides:

> If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party **must immediately: (a) notify the Designating Party, in writing, of the unauthorized disclosure(s)**; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom

6

> unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

Protective Order, ¶ 11.1 (emphasis added).

Pursuant to Paragraph 6.3(h), there was a violation of the Protective Order on or around July 6, 2020, when counsel for TRUSTID created an electronic copy of the source code while preparing exhibits for the previously scheduled trial. (Exhibit 5 at 1). TRUSTID did not seek authorization from Next Caller to create this electronic copy. Instead, TRUSTID simply states that those working on the exhibits did not "remember[] the pertinent term in the Protective Order distinguishing this exhibit and scanned the available printed copy in order to compile a complete set of trial exhibits." *Id.* There is no dispute that counsel for TRUSTID violated the Protective Order by creating the unauthorized electronic copy.

Counsel for TRUSTID then provided an electronic copy by email to a vendor involved in stamping the exhibits for trial in July 2020, thus violating Paragraph 6.3(m)'s prohibition on electronic transfer and Paragraph 6.3(f)'s limitation of disclosure to outside counsel and two Experts of the Receiving Party. Counsel for TRUSTID again does not dispute that this occurred, instead seeking to pass it off because, nearly a year later, the vendor signed Exhibit A to the Order. Counsel for TRUSTID again violated these same provisions in June 2021 when it provided an electronic copy of the source code to a different vendor. (Exhibit 5 at 1.) Counsel for TRUSTID also failed to maintain a log of all copies of the source code required by Paragraph 6.3(k), noting that it only prepared the log "[i]n response to your request" and "based on contemporaneous records." (Exhibit 5 at 2.)

Finally, TRUSTID failed to immediately notify Next Caller of the unauthorized disclosure of the source code as required by the Protective Order. Paragraph 11 Protective Order, ¶ 11.1.

7

TRUSTID waited ten days after its "senior members" discovered the unauthorized disclosure on June 22, 2021 to notify Next Caller.[1] (Exhibit 3, Exhibit 5 at 1.)  During that time, TRUSTID's counsel represents that they investigated, used their best efforts to locate and retrieve all copies of the source code, and received executed versions of Exhibit A to the Protective Order from the vendors (Exhibits 6-7, executed June 24, 2021 and June 30, 2021 respectively). What they did not do was to notify Next Caller of the violations. Contrary to the plain language of the Protective Order, they waited until after completing these other requirements before finally notifying Next Caller on July 2, 2021.

More remarkably, TRUSTID's counsel waited until after the June 28 Pretrial Conference to advise Next Caller's counsel of the violations, even though they were fully aware of them when counsel discussed the use of Next Caller's source code in the hall before the conference and again at the conference. Had counsel for TRUSTID provided the immediate notice required, Next Caller could have raised this issue at the Pretrial Conference.

Taken together, TRUSTID's repeated and severe violations of the Protective Order demonstrate that they should not be permitted to maintain copies of Next Caller's source code. Next Caller respectfully requests that the Court enter an order directing TRUSTID's counsel and experts to immediately return all copies of the source code or certify that all copies have been destroyed.[2]

---

[1]  Of course, other members of the legal team were aware of the violations much earlier.

[2]  Next Caller has advised TRUSTID's counsel that Next Caller will maintain the copies in Wilmington and make them available in the event that the Court permits their use at trial.

## II.     THE COURT SHOULD AWARD SANCTIONS.

As Judge Grewal observed in the *Apple v Samsung* cases, protective orders only work (and parties who are competitors can only have confidence in them) if "confidential information remains confidential because counsel and clients alike follow court orders. If parties breach this basic rule, the court's assurances become meaningless." *Apple Inc. v. Samsung Elecs. Co., Ltd.* CV 11-1846 LHK, D.I. 2483 at 2 (N.D. Cal. Oct. 2, 2013) (Exhibit 9).

If that tenet is breached, sanctions are appropriate.  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court may issue sanctions for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also* D. Del. LR 1.3(a) ("Sanctions may be imposed, at the discretion of the Court for violations of the Rules, as well as for violations of the Fed. R. Civ. P. and any order of the Court."); *MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-258-SLR/MPT, 2012 WL 5379056 (D. Del. Oct. 31, 2012), *R&R adopted by* 2013 WL 5314709 (D. Del. Sept. 16, 2013) (Granting attorney's fees and costs following the defendant's violation of protective order); *see also St. Clair Intellectual Prop. Consultants v. Motorola Mobility LLC*, 292 F.R.D. 162, 167 (D. Del. 2013) (granting motion for sanctions, including attorney's fees and costs, for failure to comply with a scheduling order). Other courts have also imposed monetary sanctions for protective order violations as a deterrent to others. *See, e.g.*, *Static Media LLC v. Leader Accessories LLC*, 18-cv-330-wmc, D.I. 77, at 2-3 (W.D. Wis. Jun. 17, 2021) (Exhibit 10).

As set forth above, TRUSTID's repeated violations of the Protective Order, including making unauthorized electronic copies of the source code, unauthorized electronic transmission of the source code, disclosing the source code to unauthorized parties in excess of the agreed upon limit, failing to maintain a source code log, and failing to immediately notify Next Caller of the unauthorized disclosures demonstrate a disregard for the Court's Order and warrant sanctions.

Next Caller seeks two forms of sanction. First, TRUSTID should not be permitted to use Next Caller's source code at trial. Second, TRUSTID should be required to pay at least Next Caller's attorneys' fees and costs incurred in preparing and filing this motion.[3] This sanction will not remedy the violation, but should act as a deterrent to others and help reaffirm the seriousness with which parties must treat highly confidential materials of other parties in litigation.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Sarah Chapin Columbia<br>MCDERMOTT WILL & EMERY LLP<br>200 Clarendon Street, Floor 58<br>Boston, MA  02116<br>(617) 535-4074<br><br>Ian B. Brooks<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street NW<br>Washington, DC  20001<br>(202) 756-8000<br><br>Jiaxiao Zhang<br>MCDERMOTT WILL & EMERY LLP<br>18565 Jamboree Road, Suite 250<br>Irvine, CA  92612-2565<br>(949) 851-0633 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br><br>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Defendant* |

July 9, 2021

---

[3] During a meet and confer call held July 8, 2021, TRUSTID's counsel stated that TRUSTID might be amenable to paying Next Caller's fees if they are reasonable. Next Caller's fees in connection with TRUSTID's Protective Order violations are ongoing, including the preparation of this motion. Should the Court award reasonable fees, Next Caller would try to work with TRUSTID to resolve the amount of the fees.

## RULE 7.1.1. STATEMENT

Undersigned counsel for Defendant Next Caller Inc. states that Next Caller has made reasonable efforts to reach agreement with Plaintiff TRUSTID, Inc. on the matters set forth in the motion to compel return of Next Caller's source code and for sanctions. Such efforts included a meet and confer by phone on July 8, 2021, involving lead and Delaware counsel for both parties.

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 9, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Adam W. Poff, Esquire<br>Pilar G. Kraman, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff TRUSTID, Inc.* | *VIA ELECTRONIC MAIL* |
| Byron L. Pickard, Esquire<br>Jonathan Tuminaro, Esquire<br>Michael D. Specht, Esquire<br>Richard Bemben, Esquire<br>Daniel S. Block, Esquire<br>Lauren Watt, Esquire<br>Tyler J. Dutton, Esquire<br>Deirdre M. Wells, Esquire<br>Robert Stout, Esquire<br>Paige Cloud, Esquire<br>STERNE, KESSLER, GOLDSTEIN & FOX, PLLC<br>1100 New York Avenue, NW<br>Washington, DC  20005<br>*Attorneys for Plaintiff TRUSTID, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)