IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTID, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXT CALLER INC., <br><br> Defendant. | C.A. No. 18-172 (MN) |

**TRUSTID'S OPPOSITION TO NEXT CALLER'S MOTION TO COMPEL**

Although a Rule 37 award of sanctions in the form of attorneys' fees is reserved for instances where a party has acted in "bad faith, vexatiously, wantonly or for oppressive reasons"—none of which are presented here—TRUSTID has already offered to pay Next Caller's reasonable attorneys' fees and costs incurred relating to this issue in recognition of the seriousness of its Protective Order breach and the burden that this incident likely imposes on the Court and on Next Caller's trial preparation. TRUSTID, however, opposes Next Caller's two other requested forms of relief, namely that (1) TRUSTID return or destroy all copies of source-code printouts, and (2) entry of order precluding use of the source code at trial.

**I.    STATEMENTS FACTS**

With a single exception, Next Caller's motion states the facts material to its motion, most of which are accurately captured in the correspondence appended to that motion.[1]  TRUSTID

---

[1] One point warrants clarification. Next Caller states "[o]f course, other members of the legal team were aware of the violations much earlier." Mot. at 8, n. 1. This statement is not accurate. Although some members of the TRUSTID legal team knew the details how Next Caller's source code was handled, those individuals did not appreciate that that any act or omission had violated

therefore omits a counter-statement of facts, except to point out that the source code in question was not divulged to any TRUSTID employee or any individual in a position to use Next Caller source code for competitive business purposes.

## II.     ARGUMENT

TRUSTID does not dispute that the Protective Order in this case has been violated, nor does it dispute that the imposition of an appropriate sanction is warranted on the facts here. But the sanctions that Next Caller seeks are not supported by the law and are not proportional to the Protective Order violations that occurred here.

First, the remedy of an order barring use of the source code at trial is not supported by the law. Next Caller does not cite a single case where evidence was excluded from use at trial as a sanction for a protective-order violation. *See Apple Inc. v. Samsung Elecs. Co., Ltd.* CV 11-1846 LHK, D.I. 2483 at 2 (N.D. Cal. Oct. 2, 2013) (court's order did not speak to sanctions); *MobileMedia Ideas LLC v. Apple Inc.*, C.A. No. 10-258- SLR/MPT, 2012 WL 5379056 (D. Del. Oct. 31, 2012), *R&R adopted by* 2013 WL 5314709 (D. Del. Sept. 16, 2013) (party did not request the court to preclude use of the source code); *St. Clair Intellectual Prop. Consultants v. Motorola Mobility LLC*, 292 F.R.D. 162, 167 (D. Del. 2013) (issue not related to protective order violation); and *Static Media LLC v. Leader Accessories LLC*, 18-cv-330-wmc, D.I. 77, at 2-3 (W.D. Wis. Jun. 17, 2021) (court only awarded monetary damages for one violation and costs). Likewise, TRUSTID's own research has not uncovered a case imposing a sanction excluding evidence at trial. Indeed, orders excluding evidence from trial are considered "extreme." *See*

---

the Protective Order. No member of Sterne Kessler's legal team appreciated that fact until June 22, 2021.

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) ("[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.").

Second, an order excluding use of the source code would not be proportional to the Protective Violations here. The violations here are not the product of bad-faith conduct nor has the handling of Next Caller's source code resulted in its disclosure to anyone within TRUSTID or to any person who could put that source code to competitive use. In short, beyond the burden imposed on Next Caller's attorneys, there is no prejudice to Next Caller. And an award of reasonable attorneys' fees and costs would best address and be most proportional to the violations at issue. Relatedly, prohibiting TRUSTID's use of the source code at trial would be a severe sanction that would deprive TRUSTID the ability to put on its infringement case in the most effective way possible.

Third, while a sanction requiring return or destruction of source code, would be a lesser one than an order prohibiting its use at trial, it would still be inappropriate. Given that an order excluding the use of the source code at trial is not warranted, it follows that disallowing TRUSTID to use the source code *in preparing* for trial would also be overly severe. Simply put, if TRUSTID could not use the source code to prepare its trial witness (if the code were returned or destroyed), that effect again would be to deprive or hamper TRUSTID's ability to most effectively put on its infringement case.

Lastly, excluding the use of the source code under the *Pennypack* factors is not proper. This is not an instance of a failure to disclose of the sort addressed in that case. The source code has been on the exhibit list from more than a year in this case, and remains so as of the submission of this opposition. The June 30, 2021 email does not change that fact, as it made that

TRUSTID statement of intent not to use was a not a firm commitment. (*See. e.g.* D.I. 283 at Ex. 2, "impossible…to anticipate whether we would need to use it based on, for example, the cross-examination of [TRUSTID's expert]."). And, even if *Pennypack* were applicable, the fact here do not support the "extreme" remedy of excluding critical evidence.

### III. CONCLUSION

TRUSTID respectfully requests the Court deny Next Caller's motion to compel as to the sanctions of (1) excluding the use of source code at trial, and (2) requiring TRUSTID to return or destroy all copies of the source code. Given TRUSTID's agreement to pay Next Caller's reasonable attorneys' fees incurred in connection with this motion, the Court should treat that portion of the motion as moot, subject to refiling if the parties cannot agree as to the amount of a "reasonable" fee.

Dated: July 9, 2021

| | |
|---|---|
| *Of Counsel:* | Respectfully submitted, |
| Jonathan Tuminaro | /s/ *Adam W. Poff* |
| Michael D. Specht | Adam W. Poff (No. 3990) |
| Byron L. Pickard | Pilar G. Kraman (No. 5199) |
| Richard M. Bemben | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Daniel S. Block | Rodney Square |
| Lauren A. Watt | 1000 North King Street |
| Matthew M. Zuziak | Wilmington, DE 19801 |
| Steven Pappas | (302) 571-6600 |
| STERNE, KESSLER, GOLDSTEIN & FOX, PLLC | apoff@ycst.com |
| 1100 New York Avenue, NW | pkraman@ycst.com |
| Washington, DC 20005 | |
| (202) 371-2600 | *Attorneys for Plaintiff TRUSTID, Inc.* |
| jtuminar@sternekessler.com | |
| mspecht@sternekessler.com | |
| bpickard@sternekessler.com | |
| rbemben@sternekessler.com | |
| dblock@sternekessler.com | |
| lwatt@sternekessler.com | |
| mzuziak@sternekessler.com | |
| spappas@sternekessler.com | |

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on July 9, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on July 9, 2001, I caused the foregoing document to be served by e-mail upon the following counsel:

Jack B. Blumenfeld
Megan E. Dellinger
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
mdellinger@mnat.com

Ian B. Brooks
MCDERMOTT WILL& EMERY LLP
500 North Capitol Streeet NW
Washington DC 20001
(202) 756-8000
ibrooks@mwe.com

Sarah Chapin Columbia
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4074
scolumbia@mwe.com

Jiaxiao Zhang
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92612-2565
(949) 851-0633
jiazhang@mwe.com

*Attorneys for Next Caller Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801

Dated: July 9, 2021

(302) 571-6600
apoff@ycst.com

*Attorneys for TRUSTID, Inc.*

23028924.1

2