IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRUSTID, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-172 (MN) |
| | ) | |
| NEXT CALLER INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1 | INTRODUCTION AND ROLE OF THE JURY | 1 |
| 2. | OVERVIEW OF THE CASE | 2 |
| 3. | UNITED STATES PATENTS | 3 |
| 4. | EVIDENCE | 4 |
| 5. | CREDIBILITY OF WITNESSES | 6 |
| 6. | EXPERT TESTIMONY | 7 |
| 7. | DEPOSITION TESTIMONY | 8 |
| 8. | BURDEN OF PROOF | 9 |
| 9. | CONDUCT OF THE JURY | 11 |
| 10. | JUROR NOTEBOOKS AND NOTETAKING | 13 |
| 11. | CONFERENCES | 15 |
| 12. | COURSE OF THE TRIAL | 16 |
| 13. | TRIAL SCHEDULE | 17 |

## 1     INTRODUCTION AND ROLE OF THE JURY

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.  These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear.  Also, because this case involves patents, I will give you some preliminary instructions regarding patents.  I will give you more detailed instructions on the law at the end of the trial.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.  You and only you will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.  You must follow that law whether you agree with it or not.  It is important that you perform your duties fairly.  Do not let any bias, sympathy, or prejudice influence your decision in any way.  Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## 2.   <u>OVERVIEW OF THE CASE</u>

As you heard during the voir dire, the plaintiff in this case is TRUSTID, Inc, which I will refer to as "TRUSTID."  The defendant is Next Caller Inc., which I will refer to as "Next Caller."

TRUSTID owns three patents that are at issue in this case: U.S. Patent Numbers 9,001,985; 8,238,532; and 9,871,913.  I will refer to these patents as the '985, '532, and '913 patents, respectively.  During trial, the parties will offer testimony and evidence to familiarize you with technology involved in the patents.

TRUSTID contends that Next Caller has infringed the '985, '532, and '913 patents. TRUSTID also contends that Next Caller falsely advertised its product.  Next Caller contends it does not infringe TRUSTID's patents, that the patents are invalid, and that it has not engaged in false advertising.

**3.**     <u>**UNITED STATES PATENTS**</u>

As I just mentioned, this case is about patents, which is an area unfamiliar to many people. To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center.  The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

4.      **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence as exhibits.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.  They include:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe testimony or exhibits being offered into evidence are not proper under the Rules of Evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, you should ignore the question or document in question.  If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence.  If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this occurs during the trial, I will try to clarify this for you at that time.

3.      Exhibits that are identified by a party but not offered or received into evidence are not evidence.

4.      Testimony and exhibits that I excluded or strike from the record or tell you to disregard are not evidence and must not be considered.

5.      Anything you see or hear outside the courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist.  For example, the fact

that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, when I woke up there was a foot of snow on the ground").  Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that is presented to you.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

5.     <u>**CREDIBILITY OF WITNESSES**</u>

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.  This instruction applies to the testimony of all witnesses, including expert witnesses.  I will give you some additional guidelines for determining the credibility of witnesses at the end of the case.

6.     **<u>EXPERT TESTIMONY</u>**

       Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

7.    **<u>DEPOSITION TESTIMONY</u>**

You may hear witnesses testify through deposition testimony.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition may also be recorded on videotape.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

8.    **<u>BURDEN OF PROOF</u>**

In any legal action, facts must be proven by the required weight of the evidence, known as the burden of proof.  In this civil case, two burdens of proof are used.  The first is called proof by a preponderance of the evidence.  The second is called proof by clear and convincing evidence.

TRUSTID contends that Next Caller has infringed TRUSTID's patents and that Next Caller falsely advertised its product. TRUSTID has the burden of proving patent infringement and false advertising by what is called the preponderance of the evidence.  That means TRUSTID has to produce evidence which, when considered in the light of all the facts, leads you to believe that what TRUSTID claims is more likely true than not.  To put it differently, if you were to put the evidence in support of TRUSTID's claims and the evidence weighing against TRUSTID's claims on opposite sides of a scale, the evidence supporting TRUSTID's claims would have to make the scales tip in TRUSTID's favor in each instance.  If TRUSTID fails to meet this burden, your verdict must be for Next Caller.

Next Caller contends that the claims of the patents are invalid.  On this issue, Next Caller has the burden of proof.  Next Caller has the burden of proving the patents are not valid by clear and convincing evidence.  Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is, thus, a higher burden than proof by a preponderance of the evidence.  If Next Caller fails to meet this burden on invalidity, your verdict must be for TRUSTID.

I will discuss with you later in more detail the specific elements that TRUSTID must prove with respect to alleged infringement and false advertising, as well as what Next Caller must prove regarding alleged invalidity of the patents.

You may have heard the term "proof beyond a reasonable doubt." That requirement applies only to criminal cases and does not apply to a civil case. You should therefore put it out of your mind and you should not use this standard when considering whether the parties have met their respective burdens of proof on the various issues.

9.    **CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them.  If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence.  By that I mean, if there is a newspaper or internet article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own.  Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet.  Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones and other smartphones, iPads and other tablets, the internet, and other forms of technology.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, on Twitter, through any blog or website,

through any internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, do not reach any conclusion as to the claims until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

10.   **JUROR NOTEBOOKS AND NOTETAKING**

You have each been provided you with a notebook that contains the following:

- Copies of the three Patents-in-Suit;

- A glossary of terms agreed upon by the parties;

- The Court's claim constructions; and

- A notepad for notes.

These materials have been jointly submitted by the parties.  Please refer to these materials to assist you during the trial.

If you wish, you may take notes in your juror notebooks.  If you do take notes, leave them in the jury room when you leave at night.  Remember that these notebooks are for your own personal use – they are not to be given or read to anyone else.  No one will read your notes but you.  Your notes will be destroyed after the trial is over.  A word of caution is in order.  There is generally a tendency to attach undue importance to matters which one has written down.  Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  Therefore, you should pay close attention to the testimony as it is given.  I do not suggest that you look to your note taking as a substitute for that written

transcript.  Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

11.    **<u>CONFERENCES</u>**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a conference – that may mean that I excuse you or that some of the lawyers and I go back into my Chambers for a few minutes so that we can talk.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If you would like to stand or stretch or walk around the jury box while we are conferring, you should feel free to do so.

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

12.    **<u>COURSE OF THE TRIAL</u>**

The trial will begin shortly.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument.  It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.  After the opening statements, TRUSTID will present its witnesses, and Next Caller may cross-examine them.  Then Next Caller will present its witnesses, and TRUSTID may cross-examine them.  After that, I will give you instructions on the law and the attorneys will make their closing arguments to summarize and interpret the evidence for you.  You will then retire to deliberate on your verdict.

13.     **<u>TRIAL SCHEDULE</u>**

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to five business days to try, between now and Friday, July 16, 2021.

The trial will normally begin each day at 9:00 A.M, will go until around 12:30 P.M., when there will be about a forty-five-minute break for lunch before continuing until 4:30 or 4:45 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule.  It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

As I have mentioned, this is a timed trial.  That means that I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to assure you that the case is expected to be completed by Friday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.